UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DENNIS HUNT,**

8:07CV 1168-T30 T(-W)

Plaintiff,

v                                          Case No.: _____

**HILLSBOROUGH COUNTY,**
a Political Subdivision
of the State of Florida,

07 JUL -3 PM 3:21    FILED

**THE CITY OF TAMPA,**
a State of Florida municipal corporation,

**JAMES J. LUMSFORD LAW LIBRARY,**
the County Law Library,
of Hillsborough County, Florida,

**STEPHEN HOGUE,**
as Police Chief,
Tampa Police Department,
in his official and Individual Capacities,

Hunt v. Hillsborough County et al                    Doc. 1

**BENNIE HOLDER,**
as past Police Chief,
Tampa Police Department,
in his Official and Individual Capacities,

**CHARLES A. HATHCOX,**
as Police Officer with the Badge No. 985,
Tampa Police Department,
in his Official and Individual Capacities,

**NORMA J. WISE,**
as Library Director,
James J. Lunsford Law Library,
in her Official and Individual Capacities,

**BILL C. SPRADLIN,**
as Paralegal and as an Acting Director,
is his Official and Individual Capacities,

1

**DAVID L. PILVER,**
as Library Assistant,
James J. Lunsford Law Library
in his Official and Individual Capacities.

**SANDRA KELLAHER,**
past Member and Chairperson,
Law Library Board of Directors,
James J. Lunsford Law Library,
in her Official and Individual Capacities,

**SCOTT DUNLAP,**
as Director,
Security Services Operations,
in his Official and Individual Capacities,

               Defendants.

_____/

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES, ATTORNEY'S FEES, AND A DEMAND FOR JURY TRIAL

The Plaintiff DENNIS HUNT, an individual and resident of Hillsborough County, Florida, respectfully brings this cause of action against the above named Defendants, and for his complaint, would state as follows:

## I. PRELIMINARY STATEMENT

1.    This is an action under the laws and Constitution of the United States. Generally stated, this cause of action involves the Defendants past and ongoing violations of the

constitutionally protected rights of the Plaintiff DENNIS HUNT.
By and through the Defendants past and ongoing violations of the
constitutionally protected rights of the Plaintiff, the
Plaintiff suffers from past and ongoing injuries. The Plaintiff
seeks redress and damages under 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

2.    This Complaint seeks damages, and declaratory and
injunctive relief to prevent violations of Plaintiffs' rights,
privileges and immunities under the Constitution of the United
States and Florida, and Title 42 U.S.C. §§ 1983, 1985, and 1988,
specifically seeking redress for the deprivation under color of
state statute, ordinance, regulation, custom, practice, or
policy, the usage of rights, privileges and immunities secured
by the Constitution and laws of the United States. The rights
sought to be protected in this cause of action arise and are
secured under the First, Fourth, Fifth and Fourteenth Amendments
to the United States Constitution and the parallel counterparts
of the Florida Constitution. This court has "Federal Question"
jurisdiction pursuant to 28 U.S.C. § 1331 and 1367. This court
additionally has jurisdiction under 28 U.S.C. § 1343(a)(4),
granting the district court jurisdiction to award damages,

3

equitable and other relief under any act of Congress and providing for the protection of civil rights, and further has jurisdiction to issue declaratory relief where, as here, it otherwise has jurisdiction over a case or controversy, as well as the power to issue injunctions pursuant to Rule 65 of the Federal Rules of Civil Procedure.

3. A component part of the declaratory and injunctive relief sought herein is additionally based upon independent state constitutional guarantees contained in the free speech clause, the due process clause, the equal protection clause and the right to privacy embodied in Article I, Sections 2, 4, 5, 9, 10, 12, 21, 23, and 24 and Article X, Section 6 of the Constitution of the State of Florida. To the extent this case involves such claims, this Court is entitled to exercise its supplemental jurisdiction over such state claims pursuant to the provisions of 28 U.S.C. §1367(a) because all such claims are inextricably related to the federal claims within this Court's original jurisdiction and derive from a common nucleus of operative facts in that they form an integral part of the same case or controversy as contemplated by Article III of the United States Constitution.

4.    Venue is proper is the Middle District of Florida, since the conduct complained of herein occurred within, and all parties are located within the Middle District of Florida.

5,    This action seeks a judicial determination of issues, rights and liabilities embodied in an actual, past and present controversy between the parties involving the conspiratorial acts of government actors who have worked in concert, in an effort to maliciously and intensely deprive the Plaintiff of protected Constitutional Rights. Plaintiff asserts that the actions of the Defendants, violate the rights of the Plaintiff named herein, under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 2, 4, 5, 9, 10, 12, 21, 23, and 24 and Article X, Section 6 of the Florida Constitution.

6.    Under this Court's jurisdiction, Plaintiff seeks to obtain preliminary and permanent injunctions enjoining Defendants from depriving Plaintiff of the constitutional rights described herein. Plaintiff further seeks a declaratory judgment specifically finding the governmental and government actors' conspiratorial actions to be unconstitutional because they deny Plaintiff of due process and equal protection of the laws, and unduly deny the Plaintiff right to receive information and ideas, access the courts, (self-education, to stimulate the

mind, gain enjoyment in life…) through actions which are arbitrary, capricious, unreasonable, and fails to materially advance any legitimate state interest. Plaintiff further seeks relief based on the denial of equal protection, selective enforcement, privacy, and access to courts and further declare that the actions of Defendants are subject to 42 U.S.C. §1983, et seq.

## III. THE PARTIES

7. Plaintiff, **DENNIS HUNT**, (hereinafter "Plaintiff" and or "Dennis Hunt" and or "Hunt") is an individual and born citizen of the United States. At all times material hereto, the Plaintiff Dennis Hunt was and is a resident of Hillsborough County, State of Florida. Additionally, at all times material hereto, the Plaintiff Dennis Hunt was and is a qualified individual with disabilities, as defined by the United States Social Security Act and Administration. Pursuant to the Laws of Florida and Florida Statue, the Plaintiff Dennis Hunt, at all times material hereto, was and is a handicapped person. The Plaintiff suffers from depression, anxiety, fatigue, memory, sleep and breathing disorders. The Plaintiff Dennis Hunt, at all times material hereto, was and is a member of a suspect and

6

protected class, for discrimination and court scrutiny. The
Plaintiff Dennis Hunt, at all times material hereto, was and is
a qualified individual under the Americans with Disabilities
Act.

8.   Defendant,   **HILLSBOROUGH   COUNTY**,   (hereinafter
"Hillsborough County") as a Political Subdivision of the State
of Florida, at all times material hereto. By naming HILLSBOROUGH
COUNTY, this Complaint contemplates and incorporates the
activities of all past and present Officials, Departments,
Divisions, Offices, Officers and employees of Hillsborough
County, acting under the authority of same, including, but not
limited to the following:

   a. HILLSBOROUGH COUNTY BOARD OF COUNTY COMMISSIONERS

   b. HILLSBOROUGH COUNTY ATTORNEY

   c. JAMES J. LUNSFORD LAW LIBRARY

   d. HILLSBOROUGH COUNTY PUBLIC SAFETY DEPARTMENT

   e. HILLSBOROUGH COUNTY SECURITY SERVICES OPPERATIONS

   f. HILLSBOROUGH COUNTY PERSONNEL DEPARTMENT

9.   Defendant, **CITY   OF   TAMPA**, (hereinafter "City   of
Tampa") as a State of Florida municipal corporation, at all
times material hereto. By naming CITY OF TAMPA, this Complaint
contemplates and incorporates the activities of all past and
present Officials, Departments, Divisions, Offices, Officers and

employees of the CITY OF TAMPA, acting under the authority of
same, including, but not limited to:

a. TAMPA POLICE DEPARTMENT;

b. STEPHEN HOGUE, as Police Chief of the Tampa Police
Department;

c. BENNIE HOLDER, as past Police Chief of the Tampa Police
Department;

d. CHARLES A. HATHCOX, as a Police Officer for the Tampa
Police Department

e. UNKNOWN SUPERVISOR and or SERGEANT of Tampa Police Officer
CHARLES A. HATHCOX.

10. Defendant, **STEPHEN HOGUE,** (hereinafter "Stephen
Hogue", and or "Chief Hogue", and or "Hogue") as Police Chief of
the Tampa Police Department was at times material hereto, and is
now, the duly appointed Chief of Police for the City of Tampa,
Florida, and is being sued in his Official and Individual
Capacities. By naming STEPHEN HOGUE in his official capacity,
this Complaint contemplates and incorporates the activities of
all Officers and employees of the Tampa Police Department,
acting under the authority of same.

11. Defendant, **BENNIE HOLDER,** (hereinafter "Holder" and or
"Chief Holder" and or "Bennie Holder") as past Police Chief of
the Tampa Police Department was at times material hereto, the

8

duly appointed Chief of Police for the City of Tampa, Florida, and is being sued in his Official and Individual capacities. By naming HOLDER in his official capacity, this Complaint contemplates and incorporates the activities of all Officers and employees of the Tampa Police Department, acting under the authority of same.

12. Defendant, **CHARLES A. HATHCOX,** (hereinafter "Hathcox" and or "Officer Hathcox" and or "Charles A. Hathcox" and or "Charles Hathcox") as a Police Officer with the Badge No. 985, and of the Tampa Police Department of the City of Tampa, at all times relevant to this Complaint. CHARLES A. HATHCOX is named in his Official and Individual Capacities.

13. Defendant, **NORMA J. WISE,** (hereinafter "Wise" and or "Norma J. Wise") as the appointed Library Director of the James J. Lunsford Law Library (Hillsborough County Law Library), of Hillsborough County, Florida, at all times relevant to this Complaint. Ms. Wise is named in her Official and Individual Capacities. By naming NORMA J. WISE in her official capacity, this Complaint contemplates and incorporates the activities of all employees of the James J. Lunsford Law Library, acting under the authority of same, including, but not limited to the following:

a. **DONNA BARNES,** (hereinafter "Barnes" and or "Donna Barnes"), employed as a Librarian, at the James J. Lunsford Law Library, Hillsborough County, Florida.

b. **BILL C. SPRADLIN, II,** (hereinafter "Spradlin" and or "Bill C. Spradlin" and or "Bill Charles Spradlin") employed as a Paralegal, at the James J. Lunsford Law Library, Hillsborough County, Florida.

c. **DAVID L. PILVER,** (hereinafter "Pilver" and or "David L. Pilver") employed as a Library Assistant, at the James J. Lunsford Law Library, Hillsborough County, Florida.

14. Defendant, **BILL C. SPRADLIN,** (hereinafter "Spradlin" and or "Bill C. Spradlin" and or "Bill Charles Spradlin") as employed as a Paralegal at all times relevant to this Complaint, and as an Acting Director at some times relevant to this Complaint, at the James J. Lunsford Law Library, Hillsborough County, Florida. BILL C. SPRADLIN is named in his Official and Individual Capacities. By naming SPRADLIN in his official capacity, this Complaint contemplates and incorporates the activities of all employees of the James J. Lunsford Law Library, acting under the authority of same, including, but not limited to the following:

a.   **DONNA BARNES,** (hereinafter "Barnes" and or "Donna Barnes"), employed as a Librarian, at the James J. Lunsford Law Library, Hillsborough County, Florida.

b. **DAVID L. PILVER,** (hereinafter "Pilver" and or "David L. Pilver") employed as a Library Assistant, at the James J. Lunsford Law Library, Hillsborough County, Florida.

15.   Defendant, **DAVID L. PILVER,** (hereinafter "Pilver" and or "David L. Pilver") as employed as a Library Assistant, at all times relevant to this Complaint, at the James J. Lunsford Law Library, Hillsborough County, Florida. David L. Pilver is named in his Official and Individual Capacities.

16.   Defendant, **SANDRA KELLAHER,** (hereinafter "Kellaher" and or "Sandra Kellaher") as a past Member and Chairperson of the Law Library Board of Directors of the James J. Lunsford Law Library, of Hillsborough County, Florida, at times relevant to this Complaint. SANDRA KELLAHER is named in her Official and Individual Capacities. By naming Ms. Kellaher in her official capacity, this Complaint contemplates and incorporates the activities of all other members of the Law Library Board of Directors of the James J. Lunsford Law Library of Hillsborough County, in addition to all employees of the James J. Lunsford Law Library, acting under the authority of same, including, but not limited to the following:

a. **MICHAEL GINSBERG,** (hereinafter "Ginsberg" and or "Michael Ginsberg"), as a Member of the Law Library Board of Directors, of the James J. Lunsford Law Library, of Hillsborough County.

b. **THOMAS PARNELL,** (hereinafter "Parnell" and or Thomas Parnell), as a Member of the Law Library Board of Directors, of the James J. Lunsford Law Library, of Hillsborough County.

c. **THEODORE TAYLOR,** (hereinafter "Taylor" and or "Theodore Taylor"), as a Member of the Law Library Board of Directors, of the James J. Lunsford Law Library, of Hillsborough County.

d. **JAMES LYNCH,** (hereinafter "Lynch" and or "James Lynch"), as a Member and the County Attorney's Representative, of the Law Library Board of Directors, of the James J. Lunsford Law Library, of Hillsborough County.

e. **NORMA J. WISE,** (hereinafter "Wise" and or "Norma J. Wise"), employed as the Library Director, at the James J. Lunsford Law Library, of Hillsborough County.

f. **DONNA BARNES,** (hereinafter "Barnes" and or "Donna Barnes"), employed as a Librarian, at the James J. Lunsford Law Library, of Hillsborough County.

g. **BILL C. SPRADLIN, II,** (hereinafter "Spradlin" and or "Bill C. Spradlin" and or "Bill Charles Spradlin") employed

as a Paralegal, at  the James J. Lunsford Law Library, of Hillsborough County.

h. **DAVID L. PILVER,** (hereinafter "Pilver" and or "David L. Pilver") employed as a Library Assistant, at the James J. Lunsford Law Library, of Hillsborough County.

17.  Defendant, **SCOTT DUNLAP,** (hereinafter "Dunlap" and or "Scott Dunlap") as Director of Security Services Operations, a Division of the (past) Public Safety Department, of Hillsborough County, Florida, at all times relevant to this Complaint. SCOT DUNLAP is named in his Official and Individual Capacities. By naming DUNLAP in his official capacity, this Complaint contemplates and incorporates the activities of all employees of Security Services Operations, acting under the authority of same, including, but not limited to the following:

a.  HOWARD  HAWKINS  #60,  Security  Officer  for Hillsborough  County  Security  Services  Operations, Public Safety Department.

b. Brian LeBue #38, Security Officer for Hillsborough County Security Services Operations, Public Safety Department.

c.  Amando  Arroyo  #77,  Security  Officer  for Hillsborough  County  Security  Services  Operations, Public Safety Department.

d.   Sergeant   Tom   White   #24,   Security   Officer   for Hillsborough   County   Security   Services   Operations, Public Safety Department.

e.  Sergeant  Patti  Conover  #23,  Security  Officer  for Hillsborough   County   Security   Services   Operations, Public Safety Department.

f. Guy M. Robin #54, Security Officer for Hillsborough County  Security  Services  Operations,  Public  Safety Department.

g. Philip Bunch #70, Security Officer for Hillsborough County  Security  Services  Operations,  Public  Safety Department.

h. Rohit Setia #50, Security Officer for Hillsborough County  Security  Services  Operations,  Public  Safety Department.

18.   Notice of Claims pursuant F.S. §768.28(6)(a) was made.

19.   Reserved.

## IV.  GENERAL ALLEGATIONS

20.  Plaintiff's  claims  arise  from  the  arresting  of  the Plaintiff for Trespass at the James J. Lunsford Law Library, and

the Banning of the Plaintiff from the James J. Lunsford Law Library, on the 5th of July 2003.

21. Prior to the 5th of July 2003, the Plaintiff had been patronizing the James J. Lunsford Law Library for nearly a year, and often in the evenings and on weekends.

22. Prior to the 5th of July 2003, the Plaintiff had last patronized the Law Library on Thursday, July 3, 2003, during the evening hours and until closing time. Donna Barnes, the Librarian of the James J. Lunsford Law Library attended the library on that evening, as she regularly worked Thursday evenings.

23. The James J. Lunsford Law Library (hereinafter "James J. Lunsford Law Library" and or "Hillsborough County Law Library" and or "Law Library" and or "Library" ) previously known as and called the "Hillsborough County Law Library", is located at One Mack Center, 501 E. Kennedy Blvd., Suite 100, Tampa, FL 33602.

24. On Saturday the 5th day of July 2003, the Plaintiff entered the James J. Lunsford Law Library in the middle of the afternoon at 3:00 P.M. The regular open public hours on that day were from 10:00 A.M to 5:00 P.M. The Plaintiff minded his own business, and made use of the library in a manner in which the library is dedicated. The claimant caused no disturbances,

15

threatened no one, and did not violate any valid library rule, regulation or policy. The claimant was simply doing his legal research and making copies of materials relevant to a civil case the claimant had filed in Hillsborough County Court, and of which the court had scheduled for a trial. The claimant was preparing himself to go to trial.

25.   Forty-five minutes after the claimant entered the law library on July 5, 2003, Tampa Police Officer Charles A. Hathcox, badge no. 985 arrested the Plaintiff for a violation of F.S. § 810.08 and took the Plaintiff into custody.

26.   The arrest was made with malice and with a total disrespect and disregard for the constitutional rights, privileges and protections of the Plaintiff. The arrest was initiated and executed under a guise of the Plaintiff in some illusory way threatening library assistant David L. Pilver, and or refusing to leave the library after closing time, 4-days earlier. The guise was a contrived pretext to deny the claimant access to the law library.

27.   Under "color of state law", the Defendants, have for 4 years denied the Plaintiff of his United States and Florida constitutional rights, privileges and protections.

28.   Hillsborough County Officials and employees, and the City of Tampa Police Department, acted in collusion to

16

discriminatorily deny the Plaintiff of his constitutional rights, privileges and protections.

29.   The Plaintiff is a disabled person pursuant the United States Social Security Act and is a handicapped person pursuant the Laws of Florida and Florida Statue. The Plaintiff is a member of a suspect and protected class, in regards to discrimination.

30.   The arrest of the Plaintiff for trespass, and unconditional and unconstitutional ejection and banning of the Plaintiff, from the James J. Lunsford Law Library on July 5, 2003, was instigated and carried-out in a conspiracy of government officials and employees, with malice and under color-of-state-law.

31.   The July 5, 3003 arrest of the Plaintiff for trespass, was unconstitutional and made without probable cause. The unconditional ejection and ban of the Plaintiff, from the James J. Lunsford Law Library on July 5, 2003, violated the constitutional rights of the Plaintiff.

32.   The Plaintiff sustained physical injuries by and through the excessive force, negligence and indifference of Tampa Police Officer Charles A. Hathcox, badge no. 985.

17

33.   The Plaintiff was illegally and negligently seized, handcuffed, detained and taken into custody, by City of Tampa Police Officer Charles A. Hathcox.

34.   Physical injures sustained by the Plaintiff, during the period of arrest, handcuffing, detention and custody of the Plaintiff, were to the Plaintiff's back and shoulder areas, left shoulder socket, upper arms, neck, and spine.

35.   Plaintiff has suffered long and extended severe emotional distress, physical pain, depression, worry, embarrassment, humiliation, and fear of re-injury. The Plaintiff has suffered both physical and emotional injuries, in addition to loss of finances, ability to do work or physical activities, and loss of enjoyment in life.

36.   The Plaintiff claims against all of the named Defendants, the violations and denials of Plaintiff's constitutional rights, privileges and protections, and the denial of equal protections of the laws, and other torts, specific and general negligence, as described herein.

37.   Plaintiff alleges all COUNTS against each of the Defendants, as they all were either directly or indirectly participants, and therewith caused Plaintiff's injuries.

38.  All Defendants acted in concert, as a matter of policy, custom and or practice, either directly or indirectly to, and therewith caused Plaintiff's injuries.

39.  Defendants' Sandra Kellaher, Norma J. Wise, Bill C. Spradlin and David L. Pilver conspired together and acted together, either directly or indirectly to violate the Plaintiff's constitutional rights, privileges and protections.

40.  Reserved.

## V.  CLAIMS FOR RELIEF

### COUNT I
### RIGHT TO RECEIVE INFORMATION
### FIRST AMENDMENT VIOLATION

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

41.  In Hillsborough County Court, in case # _____ _____, Plaintiff was put through two criminal trials, over a 3-year period of time, for the July 5, 2003 arrest of the Plaintiff for trespass at the James J. Lunsford Law Library, by TPD Officer Charles A. Hathcox. The Plaintiff was twice convicted and sentenced. The first time through a Bench Trial, and the second time through a Jury Trial, after the granting of a new trial.

42. It is well established that the United States Constitution protects the right to receive information and ideas. *Kreimer v. Morristown,* 958 F.2d 1242. See also in support: *Martin v. City of Struthers,* 319 U.S.141, 63 S.Ct. 862, 87 L.Ed. 1313 (1943); *Lamont v. Postmaster General*, 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed.2d 398 (1965); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

43. The arrest, conviction and sentencing of the Defendant for a violation of Florida Trespass Statue § 810.08, as applied to the Plaintiff and under the circumstances in this case, is unconstitutional, and therewith illegal, violating clearly established First Amendment Jurisprudence and Law. See *Kreimer*, 958 F.2d; Brinkmeyer v Freeport, 1993 LEXIS 9255 (N.D. Ill. July 2, 1993);

44. The sentencing of the Plaintiff in this case was in error, as Hillsborough County trial and sentencing Judge Thomas P. Barber misunderstood how clearly established First Amendment Jurisprudence and Law applies in this case.

45. Hillsborough County Court Judge Thomas P. Barber's lack in understanding the law to apply in this case, prejudiced the Defendant, misinformed the Jury as to the applicable Law, and resulted in an unfair trial, and an illegal conviction and sentencing of the Plaintiff.

46.  In Judge Thomas P. Barber's "ORDER GRANTING IN PART, AND DENYING IN PART, STATE'S MOTION IN LIMINE", Judge Barber states part of the law correctly, but then draws an incorrect conclusion and misapplication of the law, under the circumstances in this case. See Exhibit (A).

47.  Following is the correctly stated case law within Judge Barber's order: "The *Kreimer* court concluded that the public library is a limited public forum for which Constitutional protection is afforded only to expressive activity of a type similar to that which government has admitted to the limited forum. *Kreimer*, 958 F.2d at 1261. The library is thus obligated only to permit the public to exercise rights that are consistent with the nature of the library and the government's intent in designating it as a public forum. *Kreimer*, 958 F.2d at 1262." See Judge  Barber's Order, dated June 7, 2005, pp. 4-5. Exhibit (A).

48.  Following is Judge Barber's incorrectly drawn conclusion, and a misapplication of the preceding case law to the present case, as stated in Judge Barber's order:

"In such situation, the library's actions 'need only' be reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view.' *Kreimer*, 958 F.2d at 1262. For the State to

prove that the trespass order was 'lawful' in this case, it must prove that the library's actions were reasonable and not an effort to suppress Mr. Hunt's expression merely because library officials oppose Mr. Hunt's views." See Judge Thomas P. Barber's, Order, dated June 7, 2005, p. 5. Exhibit: (___).

49.   The *Kreimer* Court drew the preceding conclusion and application of the law, under the specific circumstances of the *Kreimer* case. In the *Kreimer* case, the circumstances were that Kreimer, being solely a homeless person, is not a member of a suspect or protected class. Kreimer's expulsions from the public library were only for the day of the expulsion, and for a violation of written library rules. Alternative means of communication were at hand in the *Kreimer* case. Kreimer could simply abide by the library rules, and then continue use of the library, either later the same day, or on any other day. Furthermore, in the *Kreimer* case, Kreimer's use of the library was infringing on other patron use of the library, and their First Amendment right to receive information. Kreimer, 958 F. 2d at 1282.

50.   In the present case, the Plaintiff did not violate any valid written or non-written library rule or policy. The Plaintiff entered the law library during open public hours and

22

was using the library in a manner in which the library is dedicated. The Plaintiff minded his own business, did not threaten anyone, and made no disturbance. The Plaintiff did not interfere with any other patron's use of the library, or any library employee. The Plaintiff had made numerous past written and voiced complaints of the ill behaviors, attitudes and actions of library assistant David L. Pilver, and directed towards the Plaintiff. The Plaintiff twice forewarned library officers in written complaints, that library assistant David L. Pilver may cause injury to the Plaintiff, and asked only that Mr. Pilver's ill and potentially injurious behavior towards the Plaintiff stop. See Exhibits: (____) and (____).

51.   In the present case, the Plaintiff is a disabled and handicapped person, therefore indigent and discriminated against, and a member of a suspect and protected class. The Defendant is an undesirable patron, one of those Section 8 people that library assistant David L. Pilver despises, and prides of himself, that those Section 8 people don't even work, or pay any rent, or anything else, and are not even allowed in the apartment building that he lives in.

52.   As the aforesaid were the circumstances in this case, the Plaintiff is arrested, and severe physical, psychological, and financial injuries inflicted upon him, and he is permanently

23

banned from the James J. Lunsford Law Library, where library assistant David L. Pilver works.

53. Hillsborough County Judge Thomas P. Barber simply applied the standard of law, as it was ultimately applied under the specific circumstances of the *Kreimer* case, to the Plaintiff's case. The *Kreimer* Court clearly spelled out how the law is applicable under differing circumstances, but Judge Barber apparently skipped over, or ignored those different circumstances and applications. See *Kreimer v. Morristown,* 958 F.2d 1242.

54. No alternative means of communication for receipt of the written words, knowledge and ideas held in the voluminous legal collections of the 13th Judicial Circuit, Court Fee Funded, Hillsborough County (Public) Law Library, were made available to the Plaintiff in this case. There was nothing for the Plaintiff to do, or not do, for him to be able to access and use the law library in the County where he resides, and where library assistant David L. Pilver works.

55. In this case, the Plaintiff was permanently banned from the Hillsborough County (Public) Law Library, and with no library procedure for the Plaintiff to appeal or contest the ban. See Exhibits: (____), (____), (____).

56. The Plaintiff was discriminatorily trespassed and banned as an undesirable patron, and in retaliation for his exercising of his United States First Amendment rights, and like Florida constitutional rights. The Plaintiff was trespassed and banned in retaliation for his making of complaints and petitioning library officials for a redress of his grievances. See Letter Exhibits: (____), (____), (____), (____).

57. The Plaintiff's complaints and petitioning for redress are protected by First Amendment of the United States Constitution, and by Article I Sec. 4 and Article I Sec. 5 of the Florida Constitution.

58. In the present case, the Plaintiff was utilizing the library in a manner for which the library is dedicated. Additionally, the Plaintiff was exercising his right of access to the courts, protected by Article I Section 21 of the Florida Constitution, and protected also by United States Supreme Court Law. The Plaintiff was using the James J. Lunsford Law Library, a Court Fee funded County Law Library, on July 5, 2003 in preparation for the trial of a civil case that the Plaintiff had before the Court, and of which the Court scheduled for trial. The Plaintiff entered the library during open public hours, made no disturbance, threatened no one, did not violate any valid library rule or regulation, and did not interfere with any other

patron's use, or any library employee use of the library. The Plaintiff had not approached, looked at, or spoken to library assistant David L. Pilver. The Plaintiff was simply going about his legitimate business, and bothered no one. See Exhibits: (_____), (_____), (_____), (_____)

59. On July 5, 2003, while the Plaintiff went about his business at the law library, and bothered no one, the Plaintiff was not let alone to his business. The Plaintiff was being intimidated and threatened for three-quarters of an hour, and then was arrested and permanently banned from the law library. During the arrest and subsequent custody of the Plaintiff, Tampa Police Officer Charles A. Hathcox, badge no. 985, inflicted severe physical and psychological injuries upon the Plaintiff.

60. A disturbance alleged, and alleged as occurring on a prior date, 4-days prior to July 5, 2003, on July 1, 2003, and alleged by library assistant David L. Pilver, is a feigning of a disturbance and threat on the part of the Plaintiff, and used as a pretext to discriminate against the Plaintiff, to cloak the Plaintiff's exercising of constitutional rights and protections, and have the Plaintiff arrested and banned from the James J. Lunsford Law Library, in retaliation for his complaints of library assistant David L. Pilver, and his petitioning for redress of grievances.

61. The arrest, ban, trial and sentencing of the Plaintiff, under the circumstances in this case, and under the incorrect conclusion and misapplication of the law, as applied by Hillsborough County Judge Thomas P. Barber, is illegal, denying the Defendant of a Fair Trial, and is a violation and denial of the Plaintiff's United States and Florida Constitutional rights and protections. U.S.C.A. Const. Amend. 1; U.S.C.A. Const. Amend. 14; U.S.C.A. Const. Amend. 4; U.S.C.A. Const. Amend. 5; U.S.C.A. Const. Amend. 8; Fla. Const. Art. I Sec. 2; Fla. Const. Art. I Sec. 4; Fla. Const. Art. I Sec. 5; Fla. Const. Art. I Sec. 9; Fla. Const. Art. I Sec. 16; Fla. Const. Art. I Sec. 21; Fla. Const. Art. I Sec. 23; Fla. Const. Art. I Sec. 24.

62. Under the circumstances in this case, the arrest, ban, trial and sentencing of the Plaintiff, a member of a suspect and protected class, and under the incorrect conclusion and the misapplication of the law, as misunderstood and incorrectly applied by Judge Barber, is unconstitutional and therewith illegal, denying the Plaintiff of his constitutional right to the equal protection of the laws, a right protected by the Fourth Amendment to the United States Constitution, and Article I Section 2 of the Florida Constitution.

63. The circumstances in the present case, in accordance with established "First Amendment" and "Equal Protection" Jurisprudence and Law, dictates the legal axioms that do apply, that do not apply, and that should have been applied in this case.

64. It is well established that the Constitution protects the right to receive information and ideas. *Kreimer v. Morristown,* 958 F.2d 1242. See also in support: *Martin v. City of Struthers*, 319 U.S.141, 63 S.Ct. 862, 87 L.Ed. 1313 (1943); *Lamont v. Postmaster General*, 381 U.S. 301, 85 S.Ct. 1493, 14 L.Ed.2d 398 (1965); *Griswold v. Connecticut*, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965).

65. The Plaintiff is a person with disabilities, a disabled person pursuant United States Social Security Administration and Act, and a handicapped person pursuant Florida Statue and Law.

66. The Plaintiff is a member of a suspect and protected class, in regards to discrimination, unfair and or unequal treatment, and denial of constitutional rights and protections.

67. The James J. Lunsford Law Library is a "public" law library, opened to serve the courts, judges, lawyers and the public. The law library does not retain unfettered discretion governing admission. As well as being open to members of the

28

bench and bar of Hillsborough County, the library is no less open and dedicated for public use, as the public too funds the law library. The James J. Lunsford Law Library is funded through court fees charged within the 13th Judicial Circuit, in and for Hillsborough County, Florida. See H.C.C. Art. III, Div. 1, Sec. 19-34; H.C.C. Art. III, Div. 2, Sec. 19-40, Sec. 19-41, Sec. 19-42, and Sec. 19-43. See Lib. Rules Exhibit: (____).

68.   Pursuant to Laws of Fla. Ch. 75-400, Sec 6, and Hillsborough County Code Sec. 19-45, the maintenance of the James J. Lunsford (Hillsborough County) Law Library in Hillsborough County is declared to be a county purpose.

69.   The Defendant caused no disturbance on July 5, 2003. Furthermore, the Defendant did not threaten or interfere with any other patron or library employee in the use of the library on July 5, 2003. The transcribed testimony of the Plaintiff, at the trial in Hillsborough County Court on June 8, 2006, is clear in this respect, as is the transcribed testimony of Tampa Police Officer Charles A. Hathcox, and library assistant David L. Pilver, at the trial in Hillsborough County Court, on June 8, 2006. Furthermore, in the transcribed arguments of Assistant State Attorney Dustin DeBose, before Hillsborough County Court Judge Thomas Barber on June 6, 2006, Attorney DeBose conceded

that the Plaintiff caused no disturbance, threat or interference on July 5, 2003.

70.   The trial testimony of library assistant David L. Pilver, regarding the Defendant causing a disturbance, and or making some physical threat, and or refusing to leave the library after closing time on July 1, 2003, is unsupported, and fully contradicted by the Defendant, and therewith has to be deemed unreliable.

71.   The Defendant's use of the law library on July 5, 2003 was a protected First Amendment activity and right. The Defendant had entered and was utilizing the law library on July 5, 2003, during regularly open public hours, and in a manner for which the library is dedicated.

72.   The Defendant had a civil lawsuit filed in the County Court of the 13th Judicial Circuit, in and for Hillsborough County, Florida. The Defendant's use of the law library on July 5, 2003, consisted of legal research and the making of copies of researched law and Florida Practice and Court Procedures, that Defendant needed to proceed in his Civil Case, and continue in his access to the Courts. The Defendant was preparing his civil case, and himself, to go to trial. The Defendant's civil case had been scheduled by the Court for trial. See case number 2003-

SC-014728, filed in the County Court of the 13th Judicial Circuit, in and for Hillsborough County, State of Florida.

73. The Hillsborough County Law Library, in regards to First Amendment Forum Analysis, is a public forum, and more specifically a designated, and or limited public forum.

74. The reasonable standard, as Hillsborough County Judge Thomas P. Barber misunderstood and incorrectly applied, and ill advised the Jury to follow, is not the correct standard of scrutiny or law to apply in this case.

75. The Reasonable Standard, as misunderstood and incorrectly applied by Hillsborough County Judge Thomas P. Barber in this case, is the lowest standard of constitutional scrutiny, and is applicable to a non-public forum. Property not considered a traditional or limited public forum, is a non-public forum. See Krishna v. Lee, 505 U.S. 672 (1992).

76. In addition to the Reasonable Standard being the incorrect standard of law, Hillsborough County Judge Thomas P. Barber did not even define the term "Reasonable", or the "Reasonable Standard" to the Jury. Merely using the word "reasonable" in and as a jury instruction, without giving any legal definition or likeness of what reasonable is, or is not, is insufficient and void for vagueness, misinforming the Jury as

31

to the law, and therewith denying the Plaintiff of his right to a fair trial.

77. The conviction and sentencing of the Plaintiff in this case, is unconstitutional and therewith illegal, and does not even pass the constitutional muster of the incorrectly applied "Reasonable Standard" of Hillsborough County Judge Thomas P. Barber. The evidence is insufficient to support the conviction.

78. The minimal First Amendment forum analysis standard to apply in this case is "Narrowly Tailored with Leave Open Alternative Channels of Communication."

79. The clearly established and correct First Amendment public forum analysis standard, or constitutional muster, or court scrutiny to apply in this case is "Strict Scrutiny".

80. The arrest and banning of the Plaintiff in this case is clearly in violation of the Plaintiff's right to receive information, a right protected by the First Amendment of the United State Constitution, and additionally by Article I Section 4 of the Florida Constitution.

81. The State may reserve a forum for its "intended purposes" as long as the regulation is reasonable, and not an effort to suppress expression merely because public officials oppose the speaker's view. Perry 460 U.S. at 46. This is the law that may apply in a limited or designated public forum, but it

is for the reserving of the forum for its intended purposes. In the present case, the Plaintiff was using the law library in a manner for which the forum is dedicated. The Plaintiff was preparing himself and his Hillsborough County Court civil case no. 2003-SC-014728, to go to trial. The Plaintiff bothered no one, and caused no disturbance. The Plaintiff was arrested and banned from the forum, and for its "intended purposes". The arrest and ban of the Plaintiff for Trespassing in this case, is unconstitutional, a complete and total deprivation of the Plaintiff's U.S.C.A. First Amendment right to receive information.

WHEREFORE, Plaintiff requests this Honorable Court to declare the aforesaid acts, practices, policies and customs of the Defendants, to violate the aforementioned constitutional rights of the Plaintiff, to enjoin any further constitutional violation through the conduct of the Defendants, to award Plaintiff actual, compensatory, consequential, special and punitive damages in an amount to be determined by this Court, plus an award of the costs of this action, attorney's fees for services provided in this action, and such other supplemental relief as the Court deems just and equitable.

## COUNT II
### VAGUENESS DOCTRINE
### UNBRIDLED DISCRETION AND
### PROCEDURES THAT ARE UNCONSTITUTIONALLY VAGUE

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

82. The lack of any rules accords the library staff with excessive discretion to determine who may use the library. It is no surprise, given the unfettered discretion bestowed on library assistant David L. Pilver, that David L. Pilver would exercise an absolute power and dominion over who may use the law library, especially against the Plaintiff. Library assistant David L. Pilver, in collusion with Paralegal Bill C. Spradlin, and Library Director Norma J. Wise, sought and purportedly obtained the excessive discretion and dominion over who may use the law library, through Sandra M. Kellaher, and exercised that excessive discretion and dominion, discriminatorily against the Plaintiff, trespassing, arresting and permanently banning the Plaintiff from the Law Library.

83. The Plaintiff had petitioned the law library for a redress of his grievances, primarily through written letters faxed to law library director Norma J. Wise, and with copy to the Law Library Board of Directors. All of the Plaintiff's complaints, involved in one-way or another, the acts and or

34

behaviors of library assistant David L. Pilver, towards the Plaintiff.

84. Library Director Norma J. Wise closed her eyes and ears to the Plaintiff complaints and grievances, and staunchly defended her unwritten policy of no self-copying devices allowed. The Plaintiff, after patiently waiting for nearly 2 months, received a formal approval from the Law Library Board of Directors, to be able to make copies with his own personal copy device.

85. The Vagueness Doctrine in First Amendment setting seeks to insure fair and nondiscriminatory application of the laws and finds repulsive laws that endow officials with undue discretion to determine whether a given activity contravenes the law's mandates. Allowing library officials, in their own discretion, to ban individuals in the absence of specific guidelines and standards, makes the policy defective for its vagueness. U.S.C.A. Const. Amend. 1.

86. Using his own unbridled discretion, library assistant David L. Pilver acted to have the Plaintiff trespassed, arrested, and permanently banned from the Law Library, on July 5, 2003.

WHEREFORE, Plaintiff requests this Honorable Court to declare the aforesaid acts, practices, policies and customs of

the Defendants, to violate the aforementioned constitutional rights of the Plaintiff, to enjoin any further constitutional violation through the conduct of the Defendants, to award Plaintiff actual, compensatory, consequential, special and punitive damages in an amount to be determined by this Court, plus an award of the costs of this action, attorney's fees for services provided in this action, and such other supplemental relief as the Court deems just and equitable.

## COUNT III
### PRIOR RESTRAINT IN A PUBLIC FORUM
### FIRST AMENDMENT VIOLATION

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

87. Under a system with no rules, and completely lacking in any constitutionally required minimal procedural safeguards, as in this case, the trespassing, banning, and arresting of the Plaintiff for Trespassing on July 5, 2003, at the Court Fee Funded (13th Judicial Circuit) Hillsborough County (Public) Law Library, was a Prior Restraint of the Plaintiff's constitutional rights under the First Amendment of the United States Constitution, and Article 1 Section 4 of the Florida Constitution.

88.   The lack of any rules accords the library staff with excessive discretion to determine who may use the library. It is no surprise, given such an unfettered discretion, that library assistant David L. Pilver would exercise a dominion over who may use the law library, especially against the Plaintiff, a person with disabilities, handicapped and one of those Section 8 people that library assistant David L. Pilver despises, and prides of himself, that: "those Section 8 people don't even work, or pay any rent, or anything else, and are not even allowed in the apartment building where he lives." (Quoting the words of library assistant David L. Pilver, spoken loudly and clearly in the law library, and in response to an acquaintance's mentioning of Section 8.) Section 8 herein is referring to the U.S. Department of Housing and Urban Development, Section 8 Housing Assistance Program.

89.   By hand, the Plaintiff submitted to library assistant David L. Pilver, a two-page hand-written letter on April 30, 2003. The letter was addressed to Law Library Director Norma J. Wise, requesting copy of the Law Library Policies, and made complaint of library assistant David L. Pilver instructing the Defendant that he could not make photocopies with his own personal copy device. See Ltr. Exhibit: (___).

37

90.   The Plaintiff, later in time, received copy of the
written rules and policies of the Hillsborough County (James J.
Lunsford) Law Library. See Rules Exhibit (___).

91.   The Plaintiff faxed a letter on May 5, 2003 to Library
Director Norma J. Wise and Sandra M. Kellaher, Chairperson of
the Law Library Board of Directors. Letter was in response to a
May 1st reply of Norma J. Wise, to Defendant's April 30th letter.
Defendant requested information concerning the accounting of
cash coins collected from the law library copiers. Defendant
also inquired about the television and TV programs that library
assistant David L. Pilver watched during his evening work hours
at the law library. See 05/05/03 Ltr. Exhibit (___).

92.   The Plaintiff faxed another letter on and dated
_____ 2003 to Law Library Director Norma J. Wise, and
Law Library Board chairperson Sandra M. Kellaher. Letter was
notice and complaint of library assistant David L. Pilver
handing books in an aggressive, irregular, and potentially
injurious manner, high up in the air, and towards the
Plaintiff's forehead. Plaintiff expressed his worry of being
injured by library assistant David L. Pilver. See Ltr. Books
Exhibit (___).

93.   Ultimately, David L. Pilver succeeded in physically
injuring the Plaintiff, by instigating the Plaintiff's arrest

for Trespassing on July 5, 2003, and the acts of Tampa Police Officer Charles A. Hathcox. It took a full year for the continuous daily pain and discomfort, from the aforesaid physical injury to subside, but the injury has not entirely subsided, and is continuously susceptible to re-injury and ongoing pain.

94. Library Director Norma J. Wise, refers to the Plaintiff as a situation threatening copier revenues. Ms. Wise opposed Plaintiff using his own copy device, and sought support of her policy of no self-copying devices allowed, in violation of F.S. § 119.08. See the Internet posting by Library Director Norma J. Wise, dated May 19, 2003 and posted to U.C. Davis Law Library Internet Message and Discussion Board, at: http://lawlibrary.ucdavis.edu/LAWLIB/May03/0265.html or see Exhibit (____).

95. In Minutes of the James J. Lunsford Law Library Board Meeting for June 16, 2003, note that funding of the Law Library through Court Fees is mentioned, and "Rudy Haidermota from the County Attorney advised the Board & Mr. Hunt that pursuant to § 119.08 Florida Statues, patrons are allowed to bring in their own duplication devices." See Exhibit (____).

96. After the June 16, 2003 meeting of the James J. Lunsford Law Library Board of Directors, Bill C. Spradlin made

an apology to the Plaintiff, an apology for the other employees of the Law Library, saying that: "They are afraid of losing their jobs because of the funding issue possibly closing down the Library." Spradlin also expressed that he was not so concerned himself, as he worked for Civil Service, and that they have to provide him with another job. The Library Director, Norma J. Wise could simply be terminated, as in her position, there is no guarantee of continued employment.

97.  Plaintiff's letter dated and faxed on July 3, 2003 to Law Library Director Norma J. Wise and Law Library B.O.D. Chairperson Sandra M. Kellaher, made complaint of the confrontational and aggressive behavior of library assistant David L. Pilver, directed towards the Plaintiff on Tuesday July 1, 2003. See July 1st Ltr. Exhibit: (___).

98.  Examine the Tampa Police Department Written Trespass Warning, evidencing the banning of the Defendant from the Hillsborough County (James J. Lunsford) Law Library. The written trespass warning does not expire, and has no procedure to appeal.  TPD Officer Charles A. Hathcox filed this written Trespass Warning into the Tampa Police Evidence Department, and had provided a copy to library assistant David L. Pilver on July 5, 2003. Officer Hathcox gave Pilver the instructions to show the written Trespass Warning to the Police, should the Plaintiff

return to the library, therewith enabling further arrest of the Plaintiff for Trespassing. See Exhibit (____).

99.   The Tampa Police Department had no agreement with the James J. Lunsford Law Library, authorizing the Tampa Police to trespass anyone from the Law Library.

100. Examine the written account of July 5, 2003, written by library assistant David L. Pilver and emailed on July 7, 2003 to Bill Charles Spradlin of the James J. Lunsford Law Library. By Pilver's own account of July 5, 2003, the Plaintiff did not cause any disturbance or threaten anyone. Although the Plaintiff minded his own business, bother no one, caused no disturbance, and was using the library in a manner for which the forum is dedicated, the Plaintiff was not let alone. The Plaintiff was being harassed and intimidated, and then was arrested for Trespassing and Permanently Banned from the Hillsborough County (James J. Lunsford) Law Library. See Pilver email Exhibit: (____).

101. On July 5, 2003, the Defendant had entered and was using the Hillsborough County Law Library during open public hours, and in a manner for which the library is dedicated. Hillsborough County Law Library officials and employees, under a system lacking in constitutionally required minimal procedural

safeguards, denied the Defendant access and use of the Law
Library, without any just reason for the denial.

102. Defendants acts against the Plaintiff on July 5, 2003,
the arresting the Plaintiff for Trespassing, and Banning the
Plaintiff from the Law Library, constituted a Prior Restraint in
a Public Forum, of the Plaintiff's constitutional rights,
without any procedural safeguards, or alternative means of
communication, denying the Plaintiff of his constitutional right
to receive information, a right protected by the First Amendment
of the United States Constitution, and Article I Section 4 of
the Florida Constitution.

103. Defendants' acts, as described herein, were in callous
disregard for the Constitutional rights of the Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court to
declare the aforesaid acts, practices, policies and customs of
the Defendants, to violate the aforementioned constitutional
rights of the Plaintiff, to enjoin any further constitutional
violation through the conduct of the Defendants, to award
Plaintiff actual, compensatory, consequential, special and
punitive damages in an amount to be determined by this Court,
plus an award of the costs of this action, attorney's fees for
services provided in this action, and such other supplemental
relief as the Court deems just and equitable.

## COUNT IV
### DUE PROCESS OF LAW
### FOURTEENTH AMENDMENT VIOLATION

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

104. Plaintiff has a clear legal right to access and receive the information contained in the extensive legal collections of the (Hillsborough County) James J. Lunsford (Public) Law Library, and without interference by the Defendants, their agents, servants or employees.

105. Plaintiff has been denied due process of law by the unconstitutional application of the customs, policies and practices of Defendants, at issue herein largely on a First Amendment protected right, the "right to receive information".

106. Any interference with Plaintiff's liberty interest, may only take place after Plaintiff has been afforded due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 9, of the Constitution of the State of Florida.

107. In this case, the Plaintiff is totally and permanently denied of his constitutional "right to receive information",

43

information held in the extensive legal collections of the Hillsborough County (Public) Law Library.

108. In this case, the Plaintiff was not afforded due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I Section 9 of the Florida Constitution.

109. In this case, the Plaintiff is permanently denied of his liberty interest to access and receive information contained within the James J. Lunsford Law Library, a designated and or limited public forum.

110. In this case, the policy, customs and procedures of the Defendants are to not afford the Plaintiff any procedural or substantive due process of law, either prior to, or post to, denying the Plaintiff of his liberty and constitutional rights and protections.

111. In this case, the Plaintiff was stripped of his liberty, and permanently banned from the law library, without any hearing or procedure to appeal.

112. The Vagueness Doctrine in a First Amendment setting is applicable to a challenge to a public library's rules. Allowing library officials, in their own discretion, to ban individuals in the absence of specific guidelines and standards, makes the policy defective for its vagueness. The policy is vague, and

therefore a violation of the Due Process clause of the Fourteenth Amendment, as well as a violation of Article I Section 9 of the Florida Constitution.

113. There are genuine issues of fact as to whether the arresting officer had probable cause to arrest the Defendant. The Defendant was making use of the law library in a manner for which the library is dedicated. The Defendant was minding his own business, exercising his right of access to the Courts, did not make any disturbances, and did not bothered or threaten anyone. The Defendant had lawful justification to remain in the law library on July 5, 2003, as he did not violate any valid library rule or policy, and was exercising his constitutional right to receive information, the information to enable his continuing access to the Courts.

114. The lack of specific guidelines and procedures, makes the policy vague and over-broad, and violates Due Process. The lack of specific guidelines and procedures, and a vague and over-broad policy, fails to provide fair notice to the Defendant, and fails to meet constitutional standards prohibiting arbitrary enforcement of government regulations. Armstrong v District of Columbia Public Library, 154 F. Supp. 2d 67 (2001).

115. The Defendant was Trespassed and Permanently Banned from the 13ᵗʰ Judicial Circuit, Court Fee Funded, Hillsborough County (Public) Law Library. The law library has no policy or procedure to contest or appeal a trespass warning or ban, and therewith violates the Defendant's right to Procedural Due Process of Law.

WHEREFORE, Plaintiff requests this Honorable Court to declare the aforesaid acts, practices, policies and customs of the Defendants, to violate the aforementioned constitutional rights of the Plaintiff, to enjoin any further constitutional violation through the conduct of the Defendants, to award Plaintiff actual, compensatory, consequential, special and punitive damages in an amount to be determined by this Court, plus an award of the costs of this action, attorney's fees for services provided in this action, and such other supplemental relief as the Court deems just and equitable.

## COUNT V
### INTERFERENCE WITH ACCESS TO THE COURTS
### ARTICLE I SECTION 9 VIOLATION
### UNITED STATES CONSTITUTION AND CASE LAW VIOLATION

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

116. The Plaintiff, a qualified individual with disabilities and handicapped, therefore indigent and discriminated against, is an undesirable law library patron, and one of those Section 8 people, that Library Assistant David L. Pilver despises, and prides of himself, that those Section 8 people don't even work, or pay any rent, or anything else, and they are not even allow in the apartment building that he lives in.

117. The Plaintiff, as a person with disabilities and handicapped, therefore indigent and discriminated against, an undesirable law library patron, and one of those Section 8 people that library assistant David L. Pilver despises, is not even allowed in the (Hillsborough County) James J. Lunsford Law Library, where David L. Pilver works. See Trespass Warning, Exhibit: (____).

118. The arresting of the Plaintiff for trespassing, and the banning of the Plaintiff from the James J. Lunsford Law Library, on July 5, 2003, was in effect, library assistant David L. Pilver exercising an unfettered discretion and control over the Plaintiff's access to the Law Library, and therewith individual discretion and control over and interference with Plaintiff's access to the Courts.

119. On July 5, 2003, during open public hours, the Plaintiff entered and was using the James J. Lunsford Law Library, in a manner for which the library is dedicated. The Plaintiff was doing legal research and copying materials relevant to preparing himself and his civil case, to go to trial. The Plaintiff caused no disturbance, did not threaten anyone, and did not interfere with any other patron's use of the library.

120. Allowing library assistant David L. Pilver, in his own discretion to ban the Plaintiff, or anyone else from the (Hillsborough County) James J. Lunsford (Public) Law Library, in the absence of specific guidelines and standards, makes the policy defective for its vagueness.

121. A policy of library assistant David L. Pilver having an unfettered control over who may utilize the Hillsborough County Law Library, and the lack of specific guidelines and procedures to appeal a trespass warning or patron ban, on its face and as applied in this case, is not only vague but over-broad, violating the Plaintiff's right of Access to the Courts, protected by case law of the United States Supreme Court and Article I Section 21 of the Florida Constitution, and violating the Plaintiff's rights under the First Amendment of the United States Constitution and Article I Section 4 of the Florida

Constitution, and Plaintiff's right to Due Process of Law, guaranteed by the Fourteenth Amendment of the United States Constitution and Article I Section 9 of the Florida Constitution.

124. The Vagueness Doctrine, within a First Amendment setting, seeks to insure fair and nondiscriminatory application of the laws, and finds repulsive laws that endow officials with undue discretion to determine whether a given activity contravenes the law's mandates. U.S.C.A. Const. Amend. 1.

125. Just days prior to July 5, 2003, the Plaintiff had filed a Statement of Claims, and had the associated Process Served on July 2, 2003, for his Civil Case No. 2003-SC-014728, in the County Court of the 13th Judicial Circuit, in and for Hillsborough County, State of Florida. On July 5, 2003, the Plaintiff was using the Hillsborough County Law Library to prepare his Civil Case and himself, to access the Courts and to go to trial. See Exhibits: (____), (____), (____), (____).

126. The maintenance of the Law Library in Hillsborough County is declared to be a county purpose. Ch. 75-400, § 6, Laws of Fla.; H.C.C. § 19-45.

127. The legal collections, and practice and procedure manuals, available at the Hillsborough County Law Library, are

49

not generally available elsewhere to the public in Hillsborough County. See Exhibit: (____).

128. The Plaintiff, a disabled and handicapped person, indigent and discriminated against, is denied access and use of the legal collections and practice manuals, maintained and provided in the Hillsborough County Law Library, the information and tools required for access to the Courts, even required by Judges and Attorneys, who are well schooled and trained in law. Ch. 75-400, § 5, Laws of Fla.;, H.C.C. §19-44.

129. The Plaintiff had never caused any disturbances, and had never interfered with the rights of other patrons or library personnel. Assistant State Attorney Dustin DuBose's assertion and argument on June 6, 2005, that the State contends, that the Plaintiff's writings in complaint of David L. Pilver to his boss, is a threat in and of itself, sufficient to justify the issuing of a Trespass Warning, Arrest for Trespass, and Banning of the Defendant from the James J. Lunsford Law Library, is just ridiculous. See Transcript of June 6, 2005.

130. Library Director Norma J. Wise closed her eyes and ears to the Plaintiff, as she staunchly defended her unwritten policy of no self-copying devices allowed. See Exhibits: (____), (____), (____).

131. A Hillsborough County Attorney and the B.O.D. County Attorney representative, advised the Law Library Board of Directors to allow the Plaintiff use of his own self-copying device. See Exhibit: (____).

132. The Plaintiff is a born citizen of the United States, and a resident of the State of Florida. The Plaintiff lives in Hillsborough County and within the 13th Judicial Circuit. As a resident of the State of Florida, Plaintiff's access to the Courts is protected by Article 1 Section 21 of the Florida Constitution, and as a citizen of the United States, Plaintiff's access to the Courts is protected by the United States Constitution inclusive, and U.S. Supreme Court Law.

133. All Plaintiff Court related matters, whether they be Business, Educational, Civil, Misdemeanor, Appellate, Housing, Traffic or Probate matters, are so crippled by this case, the Plaintiff has and will continue to forever loose opportunities to address or further Business, Educational, Civil, Misdemeanor, Appellate, Housing, Traffic and Probate matters in the Courts.

134. Plaintiff's Business, Educational, Civil, Misdemeanor, Appellate, Housing, Traffic and Probate matters are so crippled by this case, the Plaintiff is not able to protect and defend himself, family or property, or conduct or perform Court appointed Fiduciary responsibilities.

WHEREFORE, Plaintiff requests this Honorable Court to declare the aforesaid acts, practices, policies and customs of the Defendants, to violate the aforementioned constitutional rights of the Plaintiff, to enjoin any further constitutional violation through the conduct of the Defendants, to award Plaintiff actual, compensatory, consequential, special and punitive damages in an amount to be determined by this Court, plus an award of the costs of this action, attorney's fees for services provided in this action, and such other supplemental relief as the Court deems just and equitable.

## COUNT VI
## EXCESSIVE FORCE
## FOURTH AMENDMENT VIOLATION

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

135. Tampa Police Officer Hathcox used excessive force in his arrest, handcuffing, escort, detainment and custody of the Plaintiff, on Saturday July 4, 2003, in violation of the Fourth Amendment to the Constitution of the United States.

136. After Officer Hathcox demanded the Plaintiff to leave the Library, and threatened the Plaintiff with placing the Plaintiff under arrest, the Plaintiff told Officer Hathcox that

the Plaintiff had a lot of legal files and other belongings at a cubicle workstation by the copiers, and that he needed to gather his belongings. The Plaintiff was followed by Officer Hathcox and HC Security Officers back to the cubicle workstation to gather the Plaintiff's belongings.

137. While gathering and bundling his belongings, the Plaintiff mentally struggled with his constitutional rights being violated, his need to remain, to prepare himself and the court case the Plaintiff had pending before the Hillsborough County Court and scheduled for trial.

138. The Plaintiff mentally struggled with pains of discrimination. The Plaintiff, a person with disabilities, handicapped and one of those Section 8 people that library assistant David L. Pilver despises, and prides of himself, that: "Those Section 8 people don't even work, or pay any rent, or anything else, and are not even allowed in the apartment building where he lives." (Quoting Pilver's past expressions of Section 8 people) Section 8 herein is referring to the U.S. Department of Housing and Urban Development, Section 8 Housing Assistance Program.

139. The Defendant cannot spontaneously change his status as an undesirable patron, a disabled and handicapped person, and one of those Section 8 people, into some other acceptable patron

status, the status of someone who equal protection of the laws would be extended to.

140. In the course of his aforesaid mental struggles, the Plaintiff made the decision to continue his exercise of his constitutional rights, privileges and protections, specifically but not limited to, his U.S.C.A. First Amendment right to receive information, and his common law and Florida constitutional right of access to the courts.

141. Plaintiff's resistance to the demands of Officer Hathcox, had been only passive resistance. Plaintiff had earlier advised Officer Hathcox that he was at the library, working on a court case he had before the court, and that he has a First Amendment constitutional right to be there. Plaintiff had also explained to Officer Hathcox, that he had filed several letters in complaint of library assistant Pilver, to Wise, Director of the Law Library, and to the Library Board of Directors.

142. The Plaintiff, after gathering and bundling all of his belongings to his portable luggage cart, the Plaintiff explained to Officer Hathcox what property constituted the belongings of the Plaintiff and what property constituted the belongings of the Library.

143. The Plaintiff then advised Officer Hathcox that he was now going to sit down in the chair before him, and stay there

until 5:00 P.M., the closing time for the Library. Officer Hathcox then immediately stepped forward, abruptly placed the Plaintiff under arrest and handcuffed the Plaintiff's hands behind his back.

144. Hathcox grabbed the Plaintiff by his arms, forcibly pushing them upward behind his back, and then placed handcuffs tightly on his wrists.

145. Officer Hathcox used one hand to pull upward on the Plaintiff's handcuffed hands, and the other hand to push forward on the Plaintiff's upper arms and shoulder area, while escorting of the Plaintiff out of the Library.

146. The Plaintiff, fearful of any resistance on his part, fully cooperated with the demands of Hathcox's arresting of the Plaintiff, and therewith was at the mercy of the excessive forces applied by Hathcox.

147. After a search of the Plaintiff, Hathcox placed the Plaintiff in the back seat of his patrol car. There was little legroom in the back seat, and the seating was not supportive of the weight of Plaintiff's body. The seating was high and supportive towards the front edge, and then slanted towards the rear, and provided no support of body weight. It was like sitting in a big hole in a lounge chair, with knees bent and leaning backwards.

148. Inside the patrol car, the Plaintiff was immediately alerted to the discomfort of his positioning while his hands were tightly handcuffed behind his back. Plaintiff tried to position himself so not to have his arms bearing his body weight.

149. Over the next hour and some minutes, Plaintiff complained three times of his discomfort from the tight handcuffs behind his back, asking if they could be removed. Hathcox rejected the pleadings of the Plaintiff with a loudly pronounced "NO!" After the third such complaint of the Plaintiff, Officer Hathcox became angry with the Plaintiff, and expressed a deliberate indifference and malice towards the Plaintiff. Hathcox said: "Well maybe next time you will listen to what I tell you to do, and do what I tell you to do!" and "Your lucky I don't take and put you in the Hillsborough County Jail!"

150. In the care and custody of TPD Officer Charles A. Hathcox, it was Street Justice! The Plaintiff was punished with an intentional infliction of physical injuries, through the excessive force and deliberate indifference, as expressed with malice, by TPD Officer Charles A. Hathcox, on scene and on July 5, 2003.

151. After Plaintiff's release from the custody of Officer Hathcox, and due to the excessive force and deliberate indifference of Officer Hathcox, the Plaintiff required Emergency Medical Attention and Services, and thereafter, ongoing medical care, treatments and medicines.

152. Physical injures sustained by the Plaintiff, during the period of arrest, handcuffing and detention of the Plaintiff, by Officer Hathcox, were to the Plaintiff's back and shoulder areas, left shoulder socket, upper arms, neck, and lower spine.

153. The Plaintiff claims suffering of long, extended and ongoing emotional distress, physical pain, depression, anxiety and worry, embarrassment, humiliation and fear of further injuries. The Plaintiff has suffered both physical and emotional injuries, in addition to loss of ability to do any work or physical activity, and loss of enjoyment in life.

154. The wrongful acts of excessive force, intentional infliction of physical injuries, expressed malice and deliberate indifference of Officer Hathcox, were performed under color of state law, and therefore constitute state action within the meaning of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

155. The wrongful acts of excessive force, intentional infliction of physical injuries, expressed malice and deliberate indifference of Officer Hathcox, were the direct and proximate causes of the Plaintiff's aforesaid physical and emotional injuries, and the violation of Plaintiff's U.S.C.A. Fourth Amendment rights, and are subject to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests this Honorable Court to declare the aforesaid acts, practices, policies and customs of the Defendants, to violate the aforementioned constitutional rights of the Plaintiff, to enjoin any further constitutional violation through the conduct of the Defendants, to award Plaintiff actual, compensatory, consequential, special and punitive damages in an amount to be determined by this Court, plus an award of the costs of this action, attorney's fees for services provided in this action, and such other supplemental relief as the Court deems just and equitable.

### COUNT VII
### EQUAL PROTECTION OF THE LAWS
### FOURTEENTH AMENDMENT VIOLATION

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

156. The Plaintiff is a born citizen of the United States. The Plaintiff, at all times relevant to this complaint, resided in Hillsborough County, State of Florida.

157. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. U.S.C.A. Const. Amend. 14.

158. The Defendant had a clear constitution right to be in the law library on July 5, 2003. The Defendant was conducting his legitimate court related business at the law library on July 5, 2003. The facts in the Hillsborough County Court Record, simply do not support the idea that the Plaintiff's behavior rose to any level of criminal conduct, or to any kind of threat to public safety.

159. The Florida Trespass Statue §810.08, is unconstitutionally vague, and is over-broad as applied to the Plaintiff on July 5, 2003, in the public forum of the Hillsborough County Law Library, and while the Plaintiff was

exercising constitutionally protected rights, within that public forum.

160. The Florida Trespass Statue §810.08, as applied to the Plaintiff on July 5, 2003, and under the circumstances of this case, infringes and denies the Plaintiff of his "right to receive information," a right protected by the First Amendment of the United States Constitution, and Article I Section 4 of the Florida Constitution.

161. The Florida Trespass Statue §810.08, as applied to the Plaintiff on July 5, 2003, and under the circumstances of this case, infringes and denies the Plaintiff of his "right of access to the courts," a right protected by the United States Supreme Court and Constitution, and Article I Section 21 of the Florida Constitution.

162. The Florida Trespass Statue §810.08, as applied to the Plaintiff on July 5, 2003, and under the circumstances of this case, infringes and denies the Plaintiff of his "right to inform the government of his grievances and petition for redress," a right protected by the First Amendment of the United States Constitution, and Article I Section 5 of the Florida Constitution.

163. The Florida Trespass Statue §810.08, as applied to the Plaintiff on July 5, 2003, and under the circumstances of this

case, is unconstitutionally vague, and is over-broad, therewith providing a means for library assistant David L. Pilver to discriminatorily rid his workplace of the Plaintiff, a person with disabilities and handicapped, and a person who had made written complaints of the ill behaviors of David L. Pilver, towards him, and one of those Section 8 people who David L. Pilver despises, and prides of himself, that those Section 8 people don't even work, or pay any rent, or anything else, and are not even allowed in the apartment building where he lives.

164. The Florida Trespass Statue §810.08, as applied to the Plaintiff on July 5, 2003, and under the circumstances of this case, precludes significant and substantial constitutional rights of the Plaintiff.

165. The Plaintiff was trespassed, arrested, and permanently banned from the law library on July 5, 2003, and without any hearing, policy or procedure to contest the trespass warning, or the permanent banning of the Plaintiff from the law library.

166. The excessive discretion, and the absence of specific guidelines and standards, an effectual policy of no rules, is unconstitutionally vague and over-broad, both on it's face and as applied to the Plaintiff, by the Defendants on July 5, 2003, in violation of the Plaintiff's rights under the U.S. 1st

Amendment, Plaintiff's right to access the courts, and
Plaintiff's right to due process of law, guaranteed by the 14th
Amendment to the United States Constitution and Article I
Section 9 of the Florida Constitution.

167. Because of the subjective and vague guideline Law
Library Board Chairperson Sandra M. Kellaher bestowed upon
library assistant David L. Pilver, to trespass and permanently
ban the Plaintiff from the law library, there was nothing the
Defendant could have done, or could have not done, to prevent
library assistant David L. Pilver form exercising an unfettered
and absolute dominion over who may use the law library, and
discriminatorily Trespassing, having arrested, and Permanently
Banning the Plaintiff from the Hillsborough County Law Library,
on July 5, 2003.

168. The Plaintiff cannot spontaneously change his status
as an undesirable patron, as a person with disabilities and
handicapped, and one of those Section 8 people, into some other
acceptable patron status, like someone who the Defendants would
feel the need to extend an equal protection of the laws to, like
an attorney patron.

169. Certainly, the subjective and vague guideline was not
applied equally to the Plaintiff, as it would be applied to for

example, professionally employed patrons, patrons unlike those undesirable and despised Section 8 people.

170. Read the Court Transcripts and Testimony of the Plaintiff, in both the first criminal trial of this case, on September 15, 2003, and the second criminal trial of this case, on June 8, 2005. On July 1, 2003 and two minutes before 8 P.M., library assistant David L. Pilver walks to the back area of the library, where the Plaintiff and an attorney patron were located, and kindly asks the attorney patron if he could assist the patron in the completion of his business at the library. After assisting the attorney patron, completing his business at the library, and the attorney patron having exited the library, library assistant David L. Pilver then storms the Plaintiff, making accusations of the Plaintiff, being insistent on argument, blocking the Plaintiff's egress, and accusing the Plaintiff of Trespassing. Mr. Pilver did not offer to assist the Plaintiff in the completion of his business at the law library, on July 1, 2003, like he offered and provided to the attorney patron.

171. The Plaintiff is denied equal protection of the laws. The subjective and vague guideline that Law Library Board Chairperson Sandra M. Kellaher bestowed upon library assistant David L. Pilver, was formulated and targeted to discriminatorily

trespass and permanently ban the Plaintiff from the law library. The subjective and vague guideline, developed specifically for the Plaintiff, was a means for the Law Library Board Chairperson Sandra M. Kellaher, Library Assistant David L. Pilver, Paralegal Bill C. Spradlin, and Library Director Norma J. Wise, to rid the Law Library of the Plaintiff, a handicapped person, and one of those undesirable Section 8 people.

172. The trespassing, arresting, and banning of the Plaintiff in this case, and all of the constitutional violations hereinbefore and hereinafter enumerated, are denying of the Plaintiff's constitutional right to the equal protection of the laws, a right protected by the Fourteenth Amendment to the United States Constitution, and Article I Section II of the Florida Constitution.

WHEREFORE, Plaintiff requests this Honorable Court to declare the aforesaid acts, practices, policies and customs of the Defendants, to violate the aforementioned constitutional rights of the Plaintiff, to enjoin any further constitutional violation through the conduct of the Defendants, to award Plaintiff actual, compensatory, consequential, special and punitive damages in an amount to be determined by this Court, plus an award of the costs of this action, attorney's fees for

services provided in this action, and such other supplemental relief as the Court deems just and equitable.

## COUNT VII
## FAILURE TO TRAIN

Plaintiff re-alleges and incorporates paragraphs 1 through 192, supra, as if fully set out herein.

173. Defendant City of Tampa, by and through the actions of the Tampa Police Department, as a matter of policy, custom, and or practice, has with deliberate indifference failed to adequately discipline, train, or otherwise direct police officers concerning the constitutional rights of citizens of the United States and State of Florida.

174. Defendant Hillsborough County, by and through the actions of Hillsborough County Officers, Department and Division Directors, employees and agents, as a matter of policy, custom, and or practice, has with deliberate indifference failed to adequately discipline, train, or otherwise direct appointed and employed personnel, concerning the constitutional rights of citizens of the United States and State of Florida.

175. Defendant Norma J. Wise, Director of the James J. Lunsford, by and through the actions of herself and other employees of the library, as a matter of policy, custom, and or

65

practice, has with deliberate indifference failed to adequately discipline, train, or otherwise direct appointed and employed personnel, concerning the constitutional rights of citizens of the United States and State of Florida.

176. Defendant Scott Dunlap, Director of Security Services Operations, a Division of Hillsborough County Public Safety Department, by and through the actions of himself and other employees of Security Services Operations, as a matter of policy, custom, and or practice, has with deliberate indifference failed to adequately discipline, train, or otherwise direct appointed and employed personnel, concerning the constitutional rights of citizens of the United States and State of Florida.

177. Defendant Stephen Hogue, as Chief of Police, by and through the actions of the Tampa Police Department, as a matter of policy, custom, and or practice, has with deliberate indifference failed to adequately discipline, train, or otherwise direct police officers concerning the constitutional rights of citizens of the United States and State of Florida.

178. Defendant Bennie Holder, as past Chief of Police for the Tampa Police Department, by and through the actions of the Tampa Police Department, as a matter of policy, custom, and or practice, has with deliberate indifference failed to adequately

discipline, train, or otherwise direct police officers concerning the constitutional rights of citizens of the United States and State of Florida.

179. Defendant Sandra Kellaher, member and chairperson of the Board of Directors of the James J. Lunsford Law Library, by and through the actions of herself and other members of the Board of Directors of the library, as a matter of policy, custom, and or practice, has with deliberate indifference failed to adequately discipline, train, hire, fire or otherwise direct Library employees, concerning the constitutional rights of citizens of the United States and State of Florida.

180. As a result of the herein described conduct of Defendants, and the unlawful and malicious arrest of Plaintiff, Plaintiff was denied his liberty without due process of law in violation of the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

181. As a direct and proximate cause of the acts of Defendants, as set forth in the paragraphs above, Plaintiff suffered physical injury, pain, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the First, Fourth and Fourteenth Amendments of the

Constitution of the United States and subject to 42 U.S.C. §
1983.

WHEREFORE, Plaintiff requests this Honorable Court to
declare the acts, practices, and customs of the Defendants to
violate the aforementioned constitutional rights of the
Plaintiff, to enjoin any further constitutional violations
through the conduct of the Defendants, to award Plaintiff
compensatory, consequential, and special damages in an amount to
be determined by this Court, plus an award of the costs of this
action, attorney's fees for services provided in this action,
and such other relief as the Court deems just and equitable.

### COUNT VIII
### UNLAWFUL ARREST
### AMENDMENT VIOLATION

Plaintiff re-alleges and incorporates paragraphs 1 through
192, supra, as if fully set out herein.

182. The arrest of Plaintiff for Trespass on July 5, 2003,
by Defendants, was without probable cause, or any reasonable
grounds for Defendants to believe the Plaintiff had committed
any crime.

183. Defendants were fully knowledgeable and aware that their conduct in effecting said arrest was without any basis in fact, and was therefore made without a proper warrant.

184. The arrest was effected as an example of the customs, practices, and policies of the Defendants, and was further effected with callous disregard of Plaintiff's constitutional rights.

185. The Plaintiff presented no threat to public safety, on July 5, 2003, and at the James J. Lunsford Law Library.

186. Acting under color of law and pursuant to official policy or custom, Police Chief Stephen Hogue and Police Chief Bennie Holder failed to instruct, supervise, control and discipline on a continuing basis, the police officers in their duties to refrain from:

    (a) unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    (b) unlawfully and maliciously arresting, and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges and immunities;

(c) unlawfully and maliciously using unreasonable and excessive force during, and after the making of an arrest, whether the arrest was lawful or unlawful;

(d) conspiring to violate the rights, privileges and immunities guaranteed to the Plaintiff by the Constitution and laws of the United States and the laws of the State of Florida and;

(e) otherwise depriving the Plaintiff of their constitutional and statutory rights, privileges, and immunities.

187. Defendants, both directly and indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Tampa Police Officer Hathcox heretofore described.

188. As a direct and proximate cause of the acts of Defendants, as set forth in the paragraphs above, Plaintiff suffered physical injury, pain, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the First, Fourth and Fourteenth Amendments of the Constitution of the United States and subject to 42 U.S.C. § 1983.

189. As a result of the herein described conduct of Defendants, and the unlawful and malicious arrest of Plaintiff, Plaintiff was denied his liberty without due process of law in violation of the Fourth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff requests this Honorable Court to declare the acts, practices, and customs of the Defendants to violate the aforementioned constitutional rights of the Plaintiff, to enjoin any further constitutional violations through the conduct of the Defendants, to award Plaintiff compensatory, consequential, and special damages in an amount to be determined by this Court, plus an award of the costs of this action, attorney's fees for services provided in this action, and such other relief as the Court deems just and equitable.

## DEMAND FOR ATTORNEY'S FEES

Plaintiff re-alleges and incorporates paragraphs 1 through 189, supra, as if fully set out herein.

190. The Conduct of the Defendants, as described herein, has and continues to deprived the Plaintiff of his

aforementioned    constitutional    rights,    protections    and privileges.

191. In the legitimate desire to pursue the rights and privileges guaranteed by the Constitution and Laws of the United States, as well as the Constitution and Laws of the State of Florida, the Plaintiff may require the services of an attorney to prosecute this action, for which a reasonable fee would be expected.

192. Accordingly, Plaintiff is entitled to an award of attorney's fees as provided for by 42 U.S.C. § 1988.

### DEMAND FOR JURY TRIAL

The Plaintiff herein would demand a jury trial on all issues so triable.

Respectfully submitted,

Dennis Hunt. Pro Se
2009 E 26'" Ave Unit 7
Tampa, FL 33605-1276
Tel: (813) 436-9915

July 3, 2007
Date

72

## AFFIDAVIT OF VERIFICATION

1.   My legal name is Dennis Hunt, I am the Plaintiff, and I have direct personal knowledge of the facts stated herein and would be competent to testify to same at trial.

2.   I have read the foregoing Verified Complaint for Declaratory and Injunctive Relief, Damages, and Demand for Jury Trial, and under the penalties of perjury, I swear the facts stated therein are true and correct.

_____
Dennis Hunt
2009 E 26th Ave Unit D
Tampa, FL 33605-1276
Tel: (813) 436-9915

July 3, 2007
_____
Date

73