FROM: DENNIS HUNT
14111 MOSSY GLEN LANE, #203
TAMPA, FL 33613
TELE: (813) 975-0050

TO: NORMA WISE, DIRECTOR
JAMES J. LUNSFORD LAW LIBRARY
501 E. KENNEDY BLVD., SUITE 100
TAMPA, FL 33602
TELE: (813) 272-5818

DATE: APRIL 30, 2003

RE: LIBRARY POLICIES MANUAL AND POLICY
ON COPY OF MATERIALS.

DEAR MS. WISE:

This is a public information request to view and/or obtain the policies of the library. This is to include public use of the library and copping of library materials for RESEARCH and litigation preparation. I had been advised by the desk clerk that I cannot copy library materials with a fax copy machine of my own. If these is such a prohibitive policy I would like to know Reason(s) for this.

EXHIBIT ( A ) Page 1 of 2

Page 2 of 2

I continuously find missing pages and sometimes entire chapters of material from loose leaf binder materials. With a prohibitive policy of copying and in-house copy machines costed for profit generation, I can easily understand why materials are simply taken from the library.

Although I do not think indigency equates to thieft of materials, there are those of the public who may not have the wealth of attorneys and law firms.

I understand attorneys and law firms being of wealth have special privileges not available to the general public and most certainly not available to the indigent, to borrow material and take them out free of cost!

Sincerely

Dennis Hunt

Dennis Hunt

EXHIBIT ( A ) Page 2 of 2

## JAMES J. LUNSFORD LAW LIBRARY
### Hillsborough County
501 E. KENNEDY BOULEVARD - SUITE 100
TAMPA, FLORIDA 33602

NORMA J. WISE, Director

(813) 272-5818
FAX (813) 272-5226

May 1, 2003

Mr. Dennis Hunt
14111 Mossy Glen Lane, #203
Tampa, FL 33613

Re:    Library Policies

Dear Mr. Hunt:

Thank you for your letter of April 30, 2003, as requested attached is a copy of the Law Library Rules.

Although not specifically addressed in the Law Library Rules, I would like to try to clarify for you why we do not allow anyone to bring in their own copy machines and/or other devices (e.g. scanners). The Law Library is an Agency under Hillsborough County and, as such, is not in the business of making a profit. We receive revenues from court filing fees, attorneys occupational licenses, County General Fund and self-generated revenues. All money received for services provided goes back into the operation of the Library. The money received from the copiers, together with the other revenue is put back into the purchase of books and other associated operating costs thus reducing the amount of money needed from the County's General Fund. We believe the cost per copy ($.20) is a fair price and has not been increased since 1988.

All policies apply to every patron of the Law Library. Attorneys and Judges get the same privileges that any patron of the Library gets. Attorneys are required by The Florida Bar to keep current on legal topics, and we keep a small number of audio tape courses available for them provided by The Florida Bar. They may check these tapes out for overnight use if they have an office in Hillsborough County. If a non-attorney or an attorney from another county wants to listen to the tapes, they may if they listen to them in the library.

I would like to reiterate that the policies of the Library apply to all patrons. If we were to make an exception for you, or any person, that would have to apply to all patrons. In that case our copy revenue could be reduced, and we would have to apply more book/subscription cutbacks. This is something we have struggled with for years and have felt it to be appropriate under the circumstances.

I have spoken with Sandra Kellaher, Chair of the Law Library Board, and at her suggestion this matter will be put on the agenda for the next Board meeting. I will inform you of the date and time of that meeting as soon as it is set.

Please let me know if I can be of any further service to you.

Sincerely,

Norma J. Wise

Norma J. Wise,
Director

Attachments

CC: Sandra M. Kellaher, Esq.

EXHIBIT ( B )

# JAMES J. LUNSFORD LAW LIBRARY
## Hillsborough County
### 501 E. KENNEDY BOULEVARD - SUITE 100
### TAMPA, FLORIDA 33602

NORMA J. WISE, Director

(813) 272-5818
FAX (813) 272-5226

1.  The Library is available for use by the public.

2.  Accounts maintained by the library for individuals or firms must be kept as a positive balance due to the fact that the library cannot extend credit (Fla. Const. Art. VII S 10). If an account goes into the negative, services provided by the library will be suspended until such time as the account is replenished. Accounts in the negative on the 1st day of each month will be sent a statement outlining the current charges. Payment of this negative balance is due on receipt of statement. A separate charge of $3.00 will be made for the preparation of each statement detailing these charges.

3.  No book shall be removed from the Library

4.  CLE tapes are available for check out by members of the Florida Bar in good standing, with their principal offices in Hillsborough County, or by a person acting on behalf of the member.

5.  A late charge of $1.00 (ONE DOLLAR) per day per tape will be assessed against the holder of record of any overdue tape. The Law Library Director may at any time request in writing the return of any tape. If it is not returned within one week from the date of such notification, the holder of record of such tape will be charged for the replacement cost of such tape plus a service charge of $10.00 (TEN DOLLARS). All late and service charges are to be paid promptly.

6.  It is the responsibility of the attorney borrowing a tape to see that he/she is properly credited when it is returned. Loss of any tape charged to an attorney will result in such attorney being billed for the replacement cost, plus $10.00 (TEN DOLLARS) service charge.

7.  If any tape becomes damaged while checked out, the cost of repair shall be determined by the Law Librarian and shall be paid by the attorney for which it was removed from the Library. If the Law Librarian determines that the tape cannot be repaired, then the replacement cost of the tape, plus $10.00 service charge, shall be assessed against the attorney for whom it was removed.

8.  Failure to comply with these rules will result in the suspension of library privileges of the offending attorney's firm. In addition, any attorney who ignores written correspondence from the Law Library Director and who fails to return tapes will be referred to The Florida Bar for appropriate disciplinary action.

9.  Library hours are as follows:

    | Monday through Thursday: | 8:00am | - | 8:00pm |
    |---|---|---|---|
    | Friday: | 8:00am | - | 5:00pm |
    | Saturday: | 12:00noon | - | 5:00pm |
    | Sunday | 12:00noon | - | 5:00pm |
    | All holidays: | Closed | | |

MASTERS\RULES.LIB ~ 3/02

EXHIBIT ( C )

Dennis Hunt
14111 Mossy Glen Lane, #203
Tampa, FL 33613

Tele: (813) 975-0050

May 5, 2003

Norma J. Wise, Director
James J. Lunsford Law Library
501 E. Kennedy Boulevard – Suite 100
Tampa, FL 33602

Re: Your letter of May 1, 2003

Dear Ms. Wise:

Your letter of May 1, 2003 has clarified to me that there is no specific policy which forbids any patron of the library from bringing in a personal copy device to make copies. Your speaking with Sandra Kellaher, and at her suggestion this matter being put on the agenda for the next Board meeting, further clarifies to me that there is no specific policy which forbids any patron of the library from bringing in a personal copy device to make copies.

As I had told you on the telephone, I am not looking for an individual exception. I resent your having implied such of me. Your argumentative attitude over the telephone causes me to question your motives. Your blanket "can do no wrong" attitude of your desk clerk causes a raising of my eyelids! Your conclusions about reduced revenue and book/subscription cutbacks are unsubstantiated, and just made up by you!

I have questions of the coin deposits made by library patrons into the copy machines. You have alerted me to have concern about accounting for the deposits of this cash. Do you or your desk clerks collect the cash from the copy machines? I ask this because you have impressed on me that the cash generated by the copy machines is immense. With such a lucrative flow of cash monies, substantial amounts of theft could go undetected and even unsuspected. What policies or procedures prevent this theft. How would the Library Board know if cash is being pocketed from the copy machines?

Please provide me with answers to my questions in a written letter. I have a genuine concern about how public funds are being utilized and wasted at the law library. Is that pay for cable television that your desk clerk watches while working the desk?

Sincerely,

Dennis Hunt

Dennis Hunt

Cc: Sandra M. Kellaher

EXHIBIT ( D )

Dennis Hunt
14111 Mossy Glen Lane, #203
Tampa, FL 33613

Tele: (813) 975-0050

May 19, 2003

Norma J. Wise, Director                    Fax:  (813) 272-5226
James J. Lunsford Law Library              Tele.  (813) 272-5818
501 E. Kennedy Boulevard – Suite 100
Tampa, FL 33602

Re: Your Evening Desk Clerk David Pilver

Dear Ms. Wise:

    This letter is to notify you of a condition, likely to be injurious to myself, which your desk clerk David Pilver had begun on Wednesday May 14, 2003. I have worry of being injured by this condition. My written notice to you here, is an attempt to cause a ceasing of this condition.

    David Pilver has begun to hand to me the books I request to view from behind the front desk, in a manner which could likely be injurious to myself. These books are thick in pages, have metal binders, and are heavy in weight. David Pilver stretches one arm out, with the book in one hand, at a level of height of my forehead or above.

    I had requested 4, maybe 5 books at different times on the evening of May 14th. All of these books were handed to me by David Pilver, in the same injurious manner. I will not allow myself to be placed in this injurious condition on future visits. I will be vocal about this condition if it persists. I will continue to use the library, and I will request any book I wish to view from behind the front desk.

    If David Pilver does not want to be disturbed while watching his television programs, he should sit inside your office with the television, and close the door.

Sincerely,

Dennis Hunt

Dennis Hunt

cc: Sandra M Kellaher
684-1911        Care of: Michial Ginsburg
                Fax: 884-0911

EXHIBIT ( E )

----Original Message----
From: Norma Wise [mailto:WiseN@hillsboroughcounty.org]
Sent: Monday, May 19, 2003 11:43 AM
To: law-lib@ucdavis.edu
Subject: Public Access Libraries - Copiers


We have a situation where a patron wants to bring in his own copier/scanner, instead of using our coin operated machines. Revenue from our copiers is a significant part of our budget, and we've had an unwritten policy to not allow this.

I was wondering if any other public access libraries have a policy on this (written or otherwise). If so, I would appreciate you sending it to me off list. Also, please let me know if copy revenue played a part in the decision to allow or not allow it.

Thanks in advance for your input.

Norma J. Wise, Director
James J. Lunsford Law Library
Hillsborough County
501 E. Kennedy Blvd - Suite 100
Tampa, FL 33602
email: wisen@hillsboroughcounty.org
phone: (813) 272-5818
fax: (813) 272-5226


http://lawlibrary.ucdavis.edu/LAWLIB/May03/0265.html

EXHIBIT ( F )

## JAMES J. LUNSFORD LAW LIBRARY
### Hillsborough County

501 E. KENNEDY BOULEVARD -
Suite 100
TAMPA, FLORIDA 33602

NORMA J. WISE, Director
813-272-5818
FAX (813) 272-5226

June 3, 2003

TO:  Members of the Law Library Board

SUBJECT: NOTICE of Board Meeting

Notice is hereby given that the Board of Directors of the James J. Lunsford
(Hillsborough County) Law Library Board will meet on Monday, June 16, 2003, at 5:00
pm at the Law Library (501 E. Kennedy Blvd, Suite 100). The following matters are on
the agenda for the meeting.

1. Update of legislation concerning the funding of the Law Library.

2. Discuss patron concerns regarding the use of personal copiers/scanners.

3. Consideration of such other matters as may come before the meeting.

Bill C. Spradlin
Acting Ex Officio Secretary
to the Law Library Board

C: Law Library Bulletin Board
   Tampa Tribune
   St. Petersburg Times
   Mr. Michael Foerster, Director, Citizens Assistance & Information (for public distrib.)
   Mr. Dennis Hunt

**EXHIBIT ( G )**

# JAMES J. LUNSFORD LAW LIBRARY
**Hillsborough County**
501 E. KENNEDY BOULEVARD - SUITE 100
TAMPA, FLORIDA 33602

NORMA J. WISE, Director

(813) 272-5818
FAX (813) 272-5226

Minutes of the James J. Lunsford (Hillsborough County)
Law Library Board Meeting

Pursuant to notice duly given, The James J. Lunsford (Hillsborough County) Law Library Board
("Board") met on Monday, June 16, 2003, at 5:00 pm at the Law Library. Members present were
Sandra Kellaher, Theodore Taylor, Carlos Pazos, and Thomas Parnell. Michael Ginsberg was unable
to attend. Bill Spradlin, acting Director, acted as the Secretary of the meeting. Also present were Jim Lynch &
Rudy Haidermota from the County Attorney's office and Mr. Dennis Hunt, a patron concerned about being
allowed to bring in his own scanning device.

The Board was advised that not only did our pending legislation die in committee, but that the amendment to
Article V passed in a special session (S.B. 113A) which takes away all funding that the Library received from
ourt filing fees. Options as far as our funding are being researched, but at this time we are not sure where we
stand. There will be a budget workshop July 17, at which time we should know if the County will to continue to
fund the Library.

Rudy Haidermota from the County Attorney advised the Board & Mr. Hunt that pursuant to section 119.08
Florida Statutes, patrons are allowed to bring in their own duplicating devices. The same section allows for a
charge to be levied, but at this time the Board has decided not to pursue this.

There being no further business to come before the meeting, the same was, upon motion duly made,
seconded and passed adjourned at 6:00 pm.

_Bill C. Spradlin_
Bill C. Spradlin

Acting Ex Officio Secretary to the Board

EXHIBIT ( H )

Dennis Hunt
14111 Mossy Glen Lane, #203
Tampa, FL 33613

Tele: (813) 975-0050

July 3, 2003

Norma J. Wise, Director                          Fax:   (813) 272-5226
James J. Lunsford Law Library                    Tele:  (813) 272-5818
501 E. Kennedy Boulevard – Suite 100
Tampa, Fl. 33602

Re: Your Evening Desk Clerk David Pilver

Dear Ms. Wise,

This letter is to advise you of the confrontational behavior of your desk clerk David Pilver on Tuesday July 1, 2003. Mr. Pilver confronted me just prior to my exiting the library that evening. He blocked my way and demanded: "Mr. Hunt, what are you doing in the Library after 8 PM!" I told him that it was obvious that I was on my way out.

Mr. Pilver insisted on continuing argument with me. I asked him to move out of my way so that I could exit. He said that I was trespassing and kept repeating: "Mr. Hunt, are you announcing that you are refusing to leave the library?" I asked Mr. Pilver if he was going to bring in a gun next time and order me out at gun point. I exited the library at 8:02 PM.

As I drove from parking space I noticed Mr. Pilver in the front of the County Center building talking to sheriff deputies. I parked and went in the County Center lobby as Mr. Pilver was heading back towards the library. I spoke with the sheriff deputies' and told them of my having past problems with Mr. Pilver and of making past complaint of him. One deputy said that Mr. Pilver wanted to know what to do about someone in the library that was refusing to leave. I told the deputy of my encounter with him.

I do believe that David Pilver is ill suited for the position of desk clerk at the law library. Mr. Pilver does not want to be disturbed while watching his television programs. I would suggest that he may do better and be happier working in a video rental store. That way, he could always rewind, after having to bother with the annoying customers.

Sincerely,

*Dennis Hunt*

Dennis Hunt

cc: Sandra M. Kelaher    fax 684-1911

*Care of: Michael Ginsberg*
*Fax: 884-0911*

EXHIBIT ( I )

| TRESPASS WARNING<br>City of Tampa Police Department | Date Issued<br>07/05/03 | Time Issued<br>1540 | Expires |
|---|---|---|---|

To:

| Last | First | Middle | AKA |
|---|---|---|---|
| *Hunt* | *Dennis* | *B* | |

*1411 Mossy Glen Ln. #203 Tampa A 33613*

| Sex | DOB | Height | Weight | Eyes | Hair |
|---|---|---|---|---|---|
| *W   M* | *01/13/55* | *5-9* | *215* | *Bch* | *Grey* |

On When Warned:

*501 Kennedy Blvd E.*

...ted From:

*501 Kennedy Blvd E.*

...s Name

*James I Lunsford Law Library*

...By:

...nant's Name

*David L. Filvers*

☐ Owner    ☐ Manager    ☐ Security    ☐ Agent

☑ Other (Explain):    *Sr. Library Asst.*

Issuing Warning:

*CA Hatheok*    Badge Number *985*    Division *I*

(2/97)

EXHIBIT ( J )

| From: | David <rataxes@mindspring.com> |
|---|---|
| To: | <badsprad@aol.com>, <spradlinb@hillsboroughcounty.org> |
| Date: | 7/7/03 8:19AM |
| Subject: | today at the library ... |

Dennis Hunt came into the library today some time after 3:00. I called
county security and explained that the person I'd filed an incident report
about was back and could they please escort him from the building. They
sent one guy over and Mr. Hunt refused to leave, so the security guy used
his radio to ask the dispatch desk to call TPD. Four more security guys
came over and he still refused to leave, so they hovered around him until
TPD arrived to give him a trespass warning. He still refused to leave for
the police officer that arrived, announcing his intention to sue me and
complaining that they should all check with Norma and the Board to verify
that he had several complaints against me and that I should be the one who
had to leave; so basically he insisted on being arrested. The cop had me
ask Mr. Hunt to leave so that it would be on the record that I had asked
him to go and he wouldn't, then they handcuffed him and put him in the
squad car. The cop took all the info down and filled out the trespass
warning.

During his stint in the back of the squad car Mr. Hunt told of his
intention to come back to the library tomorrow (Sunday) and so the cop came
in and told me just to call TPD as soon as he showed up and show them the
previous paperwork so they would be properly informed of the situation. So
it looks like we get at least one more day of mild drama. I put our copy
of the trespass warning in the accordian file on Norma's credenza.

--Pilver

rataxes@mindspring.com
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
"And I caught some blessing on the wind ..." --T.O.T.D.

**EXHIBIT ( K )**

Dennis Hunt
14111 Mossy Glen Lane, #203
Tampa, FL 33613

Tele: (813) 975-0050

May 5, 2003

Norma J. Wise, Director
James J. Lunsford Law Library
501 E. Kennedy Boulevard – Suite 100
Tampa, FL 33602

Re: Your letter of May 1, 2003

Dear Ms. Wise:

Your letter of May 1, 2003 has clarified to me that there is no specific policy which forbids any patron of the library from bringing in a personal copy device to make copies. Your speaking with Sandra Kellaher, and at her suggestion this matter being put on the agenda for the next Board meeting, further clarifies to me that there is no specific policy which forbids any patron of the library from bringing in a personal copy device to make copies.

As I had told you on the telephone, I am not looking for an individual exception. I resent your having implied such of me. Your argumentative attitude over the telephone causes me to question your motives. Your blanket "can do no wrong" attitude of your desk clerk causes a raising of my eyelids! Your conclusions about reduced revenue and book/subscription cutbacks are unsubstantiated, and just made up by you!

I have questions of the coin deposits made by library patrons into the copy machines. You have alerted me to have concern about accounting for the deposits of this cash. Do you or your desk clerks collect the cash from the copy machines? I ask this because you have impressed on me that the cash generated by the copy machines is immense. With such a lucrative flow of cash monies, substantial amounts of theft could go undetected and even unsuspected. What policies or procedures prevent this theft. How would the Library Board know if cash is being pocketed from the copy machines?

Please provide me with answers to my questions in a written letter. I have a genuine concern about how public funds are being utilized and wasted at the law library. Is that pay for cable television that your desk clerk watches while working the desk?

Sincerely,

Dennis Hunt

Dennis Hunt

Cc: Sandra M. Kellaher

EXHIBIT (L)

# JAMES J. LUNSFORD LAW LIBRARY
## Hillsborough County
### 501 E. KENNEDY BOULEVARD – SUITE 100
### TAMPA, FLORIDA 33602

NORMA J. WISE, Director

(813) 272-5818
FAX (813) 272-5226

May 6, 2003

Mr. Dennis Hunt
14111 Mossy Glen Lane, #203
Tampa, FL  33613

Re:    Library Policies

Dear Mr. Hunt:

Sandra Kellaher, Chair of the Law Library Board, has informed me that she spoke with you on the telephone and invited you to the next Law Library Board meeting.  As soon as that date is confirmed, I will mail you a copy of the agenda.  You may address any concerns you have concerning the law library at that time.

Sincerely,

*Norma J. Wise*

Norma J. Wise,
Director

Cc:    Sandra M. Kellaher, Esq.

EXHIBIT (M)

# JAMES J. LUNSFORD LAW LIBRARY
## Hillsborough County

501 E. KENNEDY BOULEVARD -
Suite 100
TAMPA, FLORIDA 33602

NORMA J. WISE, Director
813-272-5818
FAX (813) 272-5226

June 3, 2003

TO:  Members of the Law Library Board

SUBJECT: NOTICE of Board Meeting

Notice is hereby given that the Board of Directors of the James J. Lunsford
(Hillsborough County) Law Library Board will meet on Monday, June 16, 2003, at 5:00
pm at the Law Library (501 E. Kennedy Blvd. Suite 100). The following matters are on
the agenda for the meeting:

1. Update of legislation concerning the funding of the Law Library.

2. Discuss patron concerns regarding the use of personal copiers/scanners.

3. Consideration of such other matters as may come before the meeting.

*Bill C. Spradlin*
Bill C. Spradlin
Acting Ex Officio Secretary
to the Law Library Board

C: Law Library Bulletin Board
   Tampa Tribune
   St. Petersburg Times
   Mr. Michael Foerster, Director, Citizens Assistance & Information (for public distrib.)
   Mr. Dennis Hunt

$EXHIBIT (N)$



Sincerely,

*Mary Lou Campbell*

Mary Lou Campbell, General Counsel

( ~~DOCUMENT~~ EXHIBIT # ___O___ )

xi



( ~~CONFIDENTIAL~~ EXHIBIT # ____P____ ) page 1 of 2

xii

EXHIBIT # _____P_____ , page 2 o 2

xiii

# A Sample of other County Law Library Copy Charges & Policies

Broward County – Cost .25 per page. There is no written policy but the matter has been discussed & the board has decided not to allow such devices

Manatee County – Cost .20 per page. The matter has not been brought up & there is no written policy regarding the issue.

Pinellas County – Cost .10 per page. The question of personal scanners/copiers has not been brought up & there is no written policy regarding the issue. Due to our question it will be discussed at the next board meeting.

Sarasota County – Cost .25 per page. There is no written policy but the matter has been discussed & the board has decided not to allow such devices.

Please direct any complaints to:

Norma Wise
Director- Hillsborough County Law Library
272-5818

* Our copy cost has been at .20 per page since 1988

EXHIBIT (Q)

## Law Library Board

http://www.hillsboroughcounty.org/bds_coun/committees.cfm?BoardName=Law_Library_Board

**Purpose:**

The purpose of this Board is to collect, maintain and make available legal research material not generally obtainable elsewhere in the County for use by the bench, bar, students and the general public.

Members Appointed by:        Board of County Commissioners The Hillsborough County Bar Association shall submit a minium of three nominees for each appointment to be made and shall be reflective of the diversity of our community.

Maximum Membership:        Five appointed voting directors, and the County Attorney or his designee serves as an ex-officio, non-voting director. Of the five appointed directors: -- One director shall be engaged in a solo law practice or as part of a small law firm containing no more than three (3) principals; and -- One director shall have a demonstrated interest in assisting pro se litigants.

| | |
|---|---|
| Length of Terms: | Five year terms, commencing on the 1st of July. |
| Authority: | Hillsborough County Ordinance No. 01-16 |
| Meeting Time and Place: | Annually and at call of the Chairman. |
| Special Requirements: | Directors shall be Members of the Hillsborough County bar in good professional standing and of high moral character. |

**Contact Person:**
Norma Wise, Director
Law Library
501 E. Kennedy Blvd.
Suite 100
Tampa, FL 33602

## Law Library Board Members

| Name | Term |
|---|---|
| Mr. Michael Ginsberg, Esq. - | 06/30/03 |
| Ms. Sandra M. Kellaher, Esq. - | 06/30/02 |
| Mr. Jim Lynch, Esq. - | |
| Mr. Thomas E. Parnell, Esq. - | 06/30/03 |
| Mr. Carlos A. Pazos, Esq. - | 06/30/01 |
| Mr. Theodore Taylor, Esq. - | 06/30/04 |

Boards and Councils



## IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

DENNIS HUNT

CASE NO. 2003-14728 SC

DIVISION L

*Plaintiff(s)*

VS.

The Oaks Unit II
Condominium Association, Inc.

Care of: William C. Spivey, Registered Agent

*Defendant(s)*

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(S) AND DEFENDANT(S)*(Name & address of Defendant(s) to be Served)*

THE OAKS UNIT II CONDOMINIUM ASSOCIATION, INC.
C/O WILLIAM C. SPIVEY, REGISTERED AGENT
16105 N. FLORIDA AVE., SUITE A
LUTZ, FL 33549

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the Hillsborough Courthouse Annex in Courtroom # 35, located at 800 E. Kennedy Blvd., Tampa, FL. 33602 on the 28 day of July, 2003 at 3:30 AM/PM for a PRETRIAL CONFERENCE before a Judge of this Court.

### *IMPORTANT – READ CAREFULLY*
### *THE CASE WILL NOT BE TRIED AT THAT TIME*
### *DO NOT BRING WITNESSES – APPEAR IN PERSON OR BY ATTORNEY*

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval. **The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference.** You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case. If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

The court may order the parties to mediation. **Mediation means a process whereby a neutral third person called a mediator acts to encourage and facilitate the resolution of a dispute between two or more parties. The mediation conference will take place immediately following the pretrial hearing unless otherwise ordered by the court. In no event shall the mediation conference be held more than fourteen days after the pretrial conference.**

COCV1256(Rev.08-18-99)

Page 1 of 2

*EXHIBIT (S)*