UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT

        Plaintiff,        CASE NO.: 8:07-cv-01168-JSM-TBM

-v-

HILLSBOROUGH COUNTY; THE CITY OF TAMPA;
JAMES J LUMSFORD LAW LIBRARY;
STEPHEN HOGUE; BENNIE HOLDER;
CHARLES A. HATHCOX; NORMA J. WISE;
BILL C. SPRADLIN; DAVID L. PILVER;
SANDRA KELLAHER; SCOTT DUNLAP

        Defendant(s)
_____/

**MOTION FOR THE COURT TO DIRECT THAT SERVICE OF THE SUMMONS**

**AND COMPLAINT BE EFFECTED BY U.S. MARSHAL OR OTHER OFFICER; and**

**MOTION FOR AN EXTENTION OF TIME TO SERVE THE SUMMONS**

**AND COMPLAINT ON ALL DEFENDANTS; and**

**MOTION FOR THE COURT TO APPOINT AN ATTORNEY**

**TO REPRESENT THE PLAINTIFF.**

The Plaintiff filed the COMPLAINT and AFFIDAVIT OF INDIGENCY, in this case on July 3, 2007. Rule 4(c)(1) states: "A

summons shall be served together with a copy of the complaint. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint."

Rule 4(m), in part states: "TIME LIMIT FOR SERVICE. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. . ."

The 120 day time limit for service of the summons and complaint, as expressed in Rule 4(m), has expired. The Statute of Limitations for a filing of the Plaintiff's complaint will have run, if the complaint is dismissed for lack of service within 120 days from the July 3, 2007 filing date.

Rule 4(c)(2), in relevant part states: "Service may be effected by any person who is not a party and who is at least 18 years of age. At the request of the plaintiff, however, the court may direct that service be effected by a United States

marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 … "

The Plaintiff, pursuant Rule 4(c)(2), is awaiting the Court to authorize the plaintiff to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and is relying on the Court to direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose. The application to proceed in forma pauperis, stays the beginning of the 120 day period for effecting service of the summons and complaint on the Defendants.

The Plaintiff is a qualified individual with psychiatric disability, and presently acting pro se. Additionally, the Plaintiff has been trespassed and banned from the public law library (James J. Lumsford Law Library) within the city (Tampa) and county (Hillsborough) in which he resides.

The Plaintiff, filing his complaint pro se and in need to proceed in forma pauperis, is relying on the U.S. Marshall for service of the Summons and Complaint, and furthermore needs for the Court to appoint Legal Counsel to represent the Plaintiff and prosecute the Plaintiff's case.

After having filed the complaint and affidavit of indigence with this Court, medical issues required the Plaintiff focus his full attention and efforts on obtaining needed medical tests, procedures, diagnosis, surgery, treatments and medications.

Being troubled with disabilities and other medical issues, having made application to proceed forma pauperis, and not having any access to the county law library, the Plaintiff asks for the Court to grant the Plaintiff 120 days, from the date of the Court's decision on Plaintiff's application to proceed forma pauperis, to serve the summons and complaint on all of the defendants.

Additionally, the Plaintiff asks for the Court to direct that service be effected by a United States marshal, deputy United States marshal, or other person or officer specially appointed by the court for that purpose, and appoint legal counsel to represent the Plaintiff and prosecute Plaintiff's complaint.

_Jan 3, 2008_
DATE

_Dennis Hunt_
DENNIS HUNT, PLAINTIFF
2009 E 26TH AVE UNIT D
TAMPA, FL 33605-1276
TEL: (813) 436-9915