**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DENNIS HUNT,**

        **Plaintiff,**

**v.**                                    **Case No. 8:07-cv-1168-T-30TBM**

**HILLSBOROUGH COUNTY, et al.,**

        **Defendants.**
_____/

## REPORT AND RECOMMENDATION

      THIS MATTER is before the court on *pro se* Plaintiff's Affidavit of Indigency and incorporated application to proceed *in forma pauperis* (Doc. 2). By the instant action, Plaintiff purports to sue Hillsborough County, officials of the Tampa Police Department in their official and individual capacities, the City of Tampa, the James J. Lumsford Law Library, and various individuals associated with the law library under 42 U.S.C. §§ 1983, 1985, and 1988. His eight-count Complaint (Doc. 1) generally alleges civil rights violations arising from his arrest for trespassing at the James J. Lumsford Law Library on July 5, 2003; his subsequent conviction and sentencing; and his banishment from the library. In rambling allegations, Plaintiff appears to allege that Defendants discriminated against him because of his disability; wrongfully denied him the right to access the library and continue to do so in violation of his First and Fourteenth Amendment rights under the United States Constitution and rights guaranteed by the Florida Constitution; made an illegal arrest in which the arresting officer, Officer Charles A. Hathcox, used excessive force; from all of which he sustained

physical and emotional injuries.  Plaintiff seeks an award of damages, declaratory and

injunctive relief, and attorney's fees.

Upon review of Plaintiff's affidavit, the court finds that Plaintiff is unable to pay the

filing fee for initiating this action.[1]  *See* 28 U.S.C. § 1915(a)(1).  However, this statute also

provides that "the court shall dismiss the case at any time if the court determines that . . . the

action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted."  28

U.S.C. § 1915(e)(2)(B)(i), (ii).  This provision accords judges the authority "to dismiss a

claim based on an indisputably meritless legal theory" or "those claims whose factual

contentions are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v.*

*Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as

frivolous when the plaintiff "has little or no chance of success,"  *Carroll v. Gross*, 984 F.2d

392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)), or

the "plaintiff's realistic chances of ultimate success are slight."  *Sun v. Forrester*, 939 F.2d

924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.

1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is

broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure.  *Sun*, 939 F.2d

at 925 (citing *Menendez*, 817 F.2d at 739-40).  However, the court should construe *pro se*

pleadings liberally and hold them to a less stringent standard than pleadings drafted by

---

[1]Although Plaintiff's affidavit is not notarized, Plaintiff's statement that "[u]nder penalties of perjury, I swear the facts stated herein are true and correct," (Doc. 2 at 5), is sufficient to satisfy the requirements of 28 U.S.C. § 1915. *See* 28 U.S.C. § 1746.

2

attorneys.  *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Even under this liberal standard of construction, the Plaintiff's Complaint is difficult to evaluate and assess for frivolity.  Even seemingly valid claims are shrouded in rambling, often irrelevant allegations, *non-sequiturs*, and broad generalities.  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  Plaintiff's 72-page Complaint clearly fails to comply with this rule, and the unwieldiness of this pleading raises concerns that any of the Defendants could meaningfully and properly respond to it.[2]

Under these circumstances, it is recommended that the court exercise its discretion and DENY WITHOUT PREJUDICE the Plaintiff's application to proceed *in forma pauperis* (Doc. 2) and allow the Plaintiff to file an amended complaint, within twenty days, in a form consistent with Rule 8.  It is further recommended that the court DENY AS MOOT the Plaintiff's Motion for the Court to Direct that Service of the Summons and Complaint be Effected by U.S. Marshal or Other Officer; and Motion for an Exten[s]ion of Time to Serve

---

[2]Certain of the allegations appear subject to legal challenges and likely do not state a cause of action. The Complaint is replete with repetitious factual allegations and redundant verbiage; Plaintiff cites to various constitutional provisions by using a "shotgun" approach rather than providing a cogent basis for each alleged constitutional violation; and some of Plaintiff's legal assertions appear to have little or no support from the facts alleged. However, some of the allegations may arguably be sufficient to state a claim for relief if the Plaintiff amends his Complaint in accordance with the pleading requirements of Rule 8 and presents his averments in "simple, concise, and direct" language.  Fed. R. Civ. P. 8(e)(1).

the Summons and Complaint on all Defendants; and Motion for the Court to Appoint an

Attorney to Represent the Plaintiff (Doc. 6).

> Respectfully submitted on this
> 6th day of February 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations

contained in this report within ten days from the date of its service shall bar an aggrieved party

from attacking the factual findings on appeal and a *de novo* determination by a district judge.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D.

Fla. R. 4.20.

Copies to:
The Honorable James S. Moody, Jr., United States District Judge
*Pro se* Plaintiff

4