UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,

           Plaintiff,                 Case No: 8:07-CV-1168-T-30TBM
                                                         **Partially Dispositive Motion**

vs.

LAW LIBRARY BOARD, NORMA J. WISE,
and DAVID L. PILVER,

           Defendants.
_____/

## DEFENDANT NORMA J. WISE'S and DEFENDANT DAVID L. PILVER'S JOINT MOTION TO DISMISS VERIFIED AMENDED COMPLAINT WITH MEMORANDUM OF LAW IN SUPPORT

COMES NOW Defendant Norma J. Wise (sued in her "official capacity" and "individually"; herein, "Defendant Wise") and Defendant David L. Pilver (sued "individually"; herein, "Defendant Pilver"), collectively referred to as "Individual Defendants", and through their undersigned counsel file their Joint Motion to Dismiss Plaintiff's Verified Amended Complaint (Doc. 9). As grounds therefore, Individual Defendants state as follows:

1. The two Individual Defendants have in common their status as employees of Defendant Law Library Board. (Amended Complaint at paragraphs 10, 11).

2. Plaintiff has sued Defendant Wise in both her official capacity and her individual capacity. Plaintiff has sued Defendant Pilver only in his individual capacity.

3. Plaintiff was a patron of the Law Library. The Amended Complaint alleges that the Law Library for a period of time would not permit him to bring in a personal photocopy machine to make copies, and that later the Law Library called law

1

enforcement to have him evicted from the Law Library. Plaintiff alleges that both actions violated his First Amendment rights.

4. Plaintiff provides no basis for including Defendants Wise and Pilver in this lawsuit, separate and apart from his alleged basis for including the Law Library Board as a Defendant.

**OFFICIAL CAPACITY LIABILITY**

5. As the Eleventh Circuit stated in Parker v. Williams, 862 F.2d 1471, 1476 *n.4* (11th Cir. 1989), "[S]uits against an official in his or her official capacity are suits against the entity the individual represents." See also Abusaid v. Hillsborough County, 405 F.3d 1298, *fn. 3* (11th Cir. 2005) (involving a Section 1983 suit), *citing* Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir.1991): ("[W]hen an officer is sued ... in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.' Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents."... Busby, 931 F.2d at 772.").

6. Since Defendant Wise was sued in her "official capacity," dismissal of the Amended Complaint as to Wise is appropriate, inasmuch as the proper defendant would be the Law Library Board, not Wise. Busby, 931 F.2d at 776. ("Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." Busby, 931 F.2d at 776, citing to Kentucky v. Graham, 473 U.S. at 166, 105 S.Ct. at 3105, and to Brandon v. Holt, 469 U.S. at 471-72, 105 S.Ct. at 877-78).

7. State law provides additional reasons for dismissal of the Individual Defendants. Section 768.28(9)(a), Fla.Stat. provides in pertinent part:

> The *exclusive* remedy for injury or damage suffered as a result of an act, event or omission of an officer, employee or agent of the state or any of its subdivisions...shall be by action against the governmental entity, or *the head* of such entity in her or his official capacity... (Section 768.28(9)(a), Fla.Stat., emphasis supplied).

In determining whether to sue "the head" or the Law Library Board itself, Hillsborough County Ordinance 01-16, Section 6 provides that the Law Library Board shall consist of six directors. The Board is authorized by Section 8 of the Ordinance to appoint a director of the law library and to "define his duties...". (See **Exhibit 1**, Ordinance 01-16). Thus, Wise, in her capacity as director of the law library, is not the "head" of the Law Library Board and is not the correct party to be sued under state law. The correct entity to be sued is the Law Library Board.

8. Plaintiff's exclusive remedy is against the Law Library Board, not against its employees individually. Accordingly, the Amended Complaint against the Individual Defendants should be dismissed with prejudice.

## INDIVIDUAL CAPACITY LIABILITY: QUALIFIED IMMUNITY

9. Plaintiff also sues both Individual Defendants in their individual capacities. Qualified immunity protects the Individual Defendants from individual liability and for that reason the Individual Defendants should be dismissed with prejudice.

10. The Eleventh Circuit in Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991), illuminates the distinction between a suit against an individual public official in his "official" capacity and a suit against that official "individually". The Court notes that, if the official is sued in his "official" capacity, there is no qualified immunity, since the

suit must be made against the government agency, not the official. Busby, 931 F.2d at 776. See also Parker v. Williams, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989) ("[S]uits against an official in his or her official capacity are suits against the entity the individual represents."). However, if the official is sued "individually," the doctrine of qualified immunity may be raised. Busby, 931 F.2d at 772.

11. The U.S. Supreme Court has urged that courts resolve "qualified immunity questions"… "at the earliest possible stages of litigation." Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 3042-43 fn. 6, 97 L.Ed. 523 (1987). The theory behind this consideration is to "protect public officials from the 'broad-ranging discovery' that can be 'peculiarly disruptive of effective government.'" Anderson, 107 S.Ct. at 3042, *fn. 6*, citing to Harlow v. Fitzgerald, 457 U.S. 800, 817, 102 S.Ct. 2727, 2737-2738, 73 L.Ed.2d 396 (1982).

12. The Eleventh Circuit in Foy v. Holston, 94 F.3d 1528 (11th Cir. 1996), suggests that qualified immunity is appropriately applied at bar. Foy first notes that the "qualified immunity defense is the public servant's (and society's) strong shield against" the costs of litigation, the "diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office." Because of these costs, the U.S. Supreme Court has "purged qualified immunity doctrine of its subjective components," Mitchell v. Forsyth, 472 U.S. 511, 517, 105 S.Ct. 2806, 2810, 86 L.Ed.2d 411 (1985), thus rendering the issue of qualified immunity appropriate for resolution at this early stage of litigation. (see Foy, 94 F.3d at 1533-1534: some plaintiffs have prevailed on the issue of qualified immunity by invoking an issue of fact regarding whether the affected public official acted with a certain level of intent; the Eleventh

4

Circuit in Foy strongly asserts that "qualified immunity is too important a right of public servants and too important a public policy to be nullified so easily." Foy, 94 F.3d at 1533).

13. The bright-line rule in the Eleventh Circuit, is that "qualified immunity protects government actors…; only in exceptional cases will government actors have no shield against claims made against them in their *individual capacities*." Foy, 94 F.3d at 1532 (emphasis supplied by Court in Foy), citing to Lassiter v. Alabama A& M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc). One of the main purposes of this rule, and the very purpose of qualified immunity, is "to prevent public officials from being intimidated—by the threat of lawsuits which jeopardize the official and his family's welfare personally—from doing their jobs." Foy, 94 F.3d at 1534. The Eleventh Circuit has noted that qualified immunity represents the "rule, rather than the exception," and "courts should think long and hard before stripping defendants of immunity." GJR Investments, Inc. v. County of Escambia, Florida, 132 F.3d 1359, 1366 (11th Cir. 1988). Qualified immunity is applicable to actions under §1983. Gonzalez v. Lee County Housing Authority, 161 F.3d 1290 (11th Cir. 1998). *See also* Lassiter v. Alabama A&M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994) (en banc). "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Dartland v. Metropolitan Dade County, 866 F.2d 1321 (11th Cir. 1989).

14. Plaintiff retains the burden of establishing that qualified immunity should be "surrendered" in the case at bar. Lassiter, 28 F.3d at 1150. Plaintiff's burden can only

be satisfied by showing that a "bright-line standard puts the reasonable public employer on notice of a constitutional violation". <u>Dartland</u>, 866 F.2d at 1323-24. Absent such a showing qualified immunity is appropriate as a matter of law.

**CONCLUSION**

15. Plaintiff's suit against the Individual Defendants should be dismissed. The Individual Defendants are protected in this litigation by the doctrine of qualified immunity, and "official capacity" liability does not lie against the Individual Defendants for the reasons stated. Under these circumstances dismissal of the Individual Defendants is appropriate as a matter of law.

*/s/ Stephen M. Todd*
Stephen M. Todd
Senior Assistant County Attorney
Florida Bar No. 0886203
Hillsborough County Attorney's Office
Post Office Box 1110
Tampa, Florida 33601-1110
(813) 272-5670
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served to **Ryan Christopher Rodems, Esq.**, Barker, Rodems & Cook, P.A., via the Clerk's CM/ECF electronic filing system, on this 4th day of April 2008.

*/s/ Stephen M. Todd*
Stephen M. Todd

# EXHIBIT 1

# ORDINANCE NO. 01-16

AN ORDINANCE RELATING TO THE LAW LIBRARY OF HILLSBOROUGH COUNTY; AMENDING CHAPTERS 17720 AND 24009, LAWS OF FLORIDA, WHICH THROUGH ACT OF THE FLORIDA LEGISLATURE ARE DEEMED LOCAL ORDINANCE; AMENDING THOSE PORTIONS OF CHAPTERS 17720 AND 24009 RELATING TO THE LAW LIBRARY BOARD AND THE LAW LIBRARY FUND; NAMING THE LAW LIBRARY; ESTABLISHING COURT FILING FEES AND ALLOCATING SAME TO THE LAW LIBRARY FUND; PROVIDING FOR SEVERABILITY; PROVIDING AN EFFECTIVE DATE.

WHEREAS, in 1937, the Florida Legislature adopted Chapter 17720, Laws of Florida, prescribing taxes to be levied upon members of the bar in counties having a population of 180,000 inhabitants or more according to the latest census and appropriating a portion of the proceeds thereof for law library purposes; providing for the manner of expenditure of such funds and the maintenance of such law libraries; and making same a county purpose; and

WHEREAS, in 1947, the Florida Legislature adopted Chapter 24009, Laws of Florida, providing for the creation and appointment of law library boards in counties having a population not exceeding 250,000 inhabitants according to the last preceding federal census and which had established and were maintaining law libraries; declaring such libraries to be held and used as charitable public trusts for the benefit and use of the inhabitants of such counties; vesting in such law library boards the control, management and conduct of such law libraries; providing methods for safekeeping and disbursement of law library funds by the county commissioners for such counties; and providing for periodic reporting by such law library boards of the condition of their trust, and the auditing of their accounts and expenditures; and

WHEREAS, in 1971, the Florida Legislature adopted Chapter 71-29, Laws of Florida, repealing Chapters 17720 and 24009, Laws of Florida, and declaring that said laws shall become ordinances of the affected counties subject to modification or repeal in the same manner as other ordinances; and

WHEREAS, in 1975, the Florida Legislature adopted Chapter 75-400, Laws of Florida, as subsequently amended by Chapter 79-478, Laws of Florida, establishing court filing fees to be charged by the clerk of the circuit and county courts for the support of the law library; and

WHEREAS, Chapters 28 and 34, Florida Statutes, authorize the establishment of court filing fees by local ordinance in order to provide and maintain facilities for the use of the courts, including law libraries; and

1

WHEREAS, it is the desire of the Board of County Commissioners to clarify, update and consolidate into a single ordinance the legislation pertaining to the law library.

NOW THEREFORE, BE IT ORDAINED BY THE BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, FLORIDA, THIS __20TH__ DAY OF __JUNE__, 2001:

**Section 1.**    Section 1 of Chapter 17720, Laws of Florida, is hereby amended to read as follows:

**Purpose and Intent.** Be it declared that members of the Hillsborough County bar are officers of the courts of this State and as such ought at all times to have access to an adequate law library in order that those seeking the services and counsel of such in regard to their civil and political rights guaranteed them by our Constitution, may be competently and professionally advised and represented; that a great number of the members of the Hillsborough County bar do not have access to an adequate law library so that they may advise themselves upon the law of the land, while some others, by reason of foresight or good fortune, have been able to procure for themselves such facilities; that the general welfare and public interest of this County will be better served when all members of the bar are equipped to better serve the public.

**Section 2.**    Section 2 of Chapter 17720, Laws of Florida, establishing a municipal, county and state occupational licensing tax, is hereby repealed in its entirety.

**Section 3.**    Section 3 of Chapter 17720, Laws of Florida, is hereby amended to read as follows:

**Allocation of Occupational License Tax Revenue for Law Library Purposes; Establishment of Law Library Fund.** Of the occupational license taxes collected from attorneys pursuant to Hillsborough County Ordinance No. 95-4, as the same may be amended from time to time, ten dollars ($10.00) thereof shall be remitted to and kept by the County Commissioners in a fund to be known as the Law Library Fund which shall be expended only for the purpose of procuring and maintaining a law library for the use of the courts, the members of the bench and bar of Hillsborough County and the general public.

**Section 4.**    Section 4 of Chapter 17720, Laws of Florida, pertaining to the authority of the resident circuit court judge to assign or designate the location of the law library within the courthouse and prescribe and enforce rules and regulations for the use of said library, is hereby repealed in its entirety.

**Section 5.**    Sections 5 and 6 of Chapter 17720, Laws of Florida, pertaining to the repeal of other laws in conflict with Chapter 17720 and providing for severability, are hereby repealed in the entirety.

**Section 6.** Section 1 of Chapter 24009, Laws of Florida, is hereby amended as follows:

**Law Library Board.**

There shall be a Law Library Board consisting of six (6) directors. Five (5) of the directors shall be appointed by the Board of County Commissioners for staggered terms of five (5) years from among the members of the Hillsborough County bar, in good professional standing and of high moral character. Of the five (5) directors appointed by the Board of County Commissioners, one (1) director shall be engaged in a solo law practice or as part of a small law firm containing no more than three (3) principals, and one (1) director shall have a demonstrated interest in assisting pro se litigants. One (1) director shall be the Hillsborough County Attorney or his designee, who shall serve in an ex-officio non-voting capacity.

The directors of the Law Library Board, as it is constituted on the effective date of this ordinance, may serve the remainder of their respective terms. In the event that any director, as of the effective date of this ordinance, satisfies the requirements for one of the specialized director positions set forth above, said director shall be recognized as serving in that capacity for the remainder of his term. Each director selected by the Board of County Commissioners shall be appointed for a term of five (5) years, with each term commencing on the 1st day of July, and in case of vacancies by resignation, removal, or otherwise of such directors, the appointment to fill such vacancy shall be for the unexpired term. No director shall receive any pay or compensation for any service rendered as a member of the Board. Such appointments shall be made from nominations of the Hillsborough County Bar Association, to be certified to the County Commissioners by the president and secretary of said Bar Association, with not less than three (3) nominees for each such appointment to be made, and shall be reflective of the diversity of the community.

**Section 7.** Section 2 of Chapter 24009, Laws of Florida, is hereby amended to read as follows:

**Organization of Law Library Board; Management of Law Library Fund.**
The Law Library Board shall promptly on July 1st of each year, or as soon thereafter as practicable, meet and organize by electing one of their number as Chairman and choosing such other officers and committees of such Board as it may deem necessary to the transaction of the business thereof.

Three (3) voting directors of such Board shall constitute a quorum at meetings thereof for the transaction of business. They shall have the power to make and adopt such by-laws, rules and regulations for their own guidance, and for the government of such law library, as they may deem expedient, not inconsistent with the provisions of this ordinance or other law affecting the conduct of the

3

library. They shall have exclusive control of expenditures of all moneys budgeted by laws for the maintenance of such library or donated or otherwise accredited to the Law Library Fund of this County; but such funds shall be kept as a separate Law Library Fund by the County Commissioners in its authorized county depository and disbursed on order or warrant of such County Commissioners, upon vouchers signed or approved by the Law Library Board or such officer or committee thereof as the Law Library Board may designate for such purpose. The Law Library Fund shall not be used for any other purpose or in any manner than for the uses of the law library and as designated and directed by the Law Library Board.

**Section 8.** Section 3 of Chapter 24009, Laws of Florida, is hereby amended to read as follows:

**Powers and Duties.** The Law Library Board provided for in this ordinance shall have full power and authority to buy, sell, exchange, or receive donations of books, law journals, and other periodicals and publications in its judgment useful to such law library, charge for services rendered, and maintain such law library with such fixtures, furniture and other facilities as it may deem expedient and in the best interest of such law library, to appoint a competent director of the law library, define his duties, fix his compensation and remove such appointee at their pleasure.

From time to time, the Law Library Board may assess and collect a reasonable fee for services rendered to members of the bench and bar of Hillsborough County and the general public. These funds shall be deposited into and expended out of a separate fund to be known as the Law Library Sales and Services Fund, to be used exclusively for law library purposes and as designated and directed by the Law Library Board. Any fees collected and interest earned which is not expended by the Law Library Board within any given fiscal year shall remain in that fund and be brought over as a fund balance into the next fiscal year.

**Section 9.** Sections 4, 5 and 6 of Chapter 24009, Laws of Florida, providing for the repeal of other laws in conflict with Chapter 24009, providing for severability, and providing an effective date, are hereby repealed in the entirety.

**Section 10.** **Naming of Law Library.** The law library is hereby named by the Board of County Commissioners and shall henceforth be known as the James J. Lunsford Law Library.

**Section 11.** **Court Filing Fees.** Upon the institution of any action, suit, or proceeding in the civil division of the circuit court of Hillsborough County, there shall be paid by the party or parties so instituting such action, suit, or proceeding, the sum of five dollars ($5.00) in addition to all other fees allowed to be charged by the clerk of the court. Upon the institution of any action, suit, or proceeding in the criminal

4

and the probate and guardian divisions of the circuit court of Hillsborough County and the civil division of the county court of Hillsborough County, there shall be paid by the party or parties so instituting such action, suit, or proceeding, the sum of three dollars ($3.00) in addition to the statutory fee allowed to be charged by the clerk of said courts.

**Section 12.** **Appropriation of Court Filing Fees to Law Library Fund.** Out of the income payable by the clerk of the circuit court of Hillsborough County from the income of his office to Hillsborough County, there is hereby annually appropriated a sum equal to five dollars ($5.00) for each action, suit, or proceeding instituted in the civil division of the circuit court of Hillsborough County and a sum equal to three dollars ($3.00) for each action, suit, or proceeding in the criminal and the probate and guardianship divisions of the circuit court of Hillsborough County and the civil division of the county court of Hillsborough County during the preceding year for which a filing fee was due to be paid, which moneys shall be paid into and kept by the County Commissioners in the Law Library Fund.

**Section 13.** **Severability.** If any section, phrase, sentence or portion of this ordinance is for any reason held invalid or unconstitutional by any court of competent jurisdiction, such section, phrase, sentence or portion shall be deemed a separate, distinct and independent provision, and such holding shall not affect the validity of the remaining portions thereof.

**Section 14.** **Effective Date.** This ordinance shall take effect upon filing with the Secretary of State.

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH )

I, RICHARD AKE, Clerk of the Circuit Court and Ex-Officio Clerk of the Board of County Commissioners of Hillsborough County, Florida, do hereby certify that the above and foregoing is a true and correct copy of an ordinance adopted by the Board at a duly noticed public hearing held on June 20, 2001, as the same appears of record in Minute Book 310 of the Public Records of Hillsborough County, Florida.

WITNESS my hand and official seal this 25th day of June, 2001.

RICHARD AKE, Clerk of Circuit Court

By: _____
Deputy Clerk

APPROVED BY COUNTY ATTORNEY

By: _____
Approved as to Form and Legal Sufficiency.

5