UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,

    Plaintiff,

vs.

Case No. 8:07-cv-1168-T-30TBM

LAW LIBRARY BOARD,
 a Board created by
 Hillsborough County, Florida;

JURY TRIAL DEMANDED
INJUNCTIVE RELIEF REQUESTED

NORMA J. WISE,
 in her official capacity as Director
 of the James J. Lunsford Law Library,
 and individually; and,

DAVID L. PILVER,
 individually,

    Defendants.
_____/

## RESPONSE TO DEFENDANTS WISE'S AND PILVER'S JOINT MOTION TO DISMISS

### I. INTRODUCTION

Plaintiff Dennis Hunt's Amended Complaint pled causes of action against three defendants: The Law Library Board, Norma J. Wise, individually and in her official capacity, and David L. Pilver, individually, alleging that the respective defendants had violated Plaintiff's rights protected by the First and Fourteenth Amendments to the United States Constitution.

Two of the three defendants, Wise and Pilver, filed a motion to dismiss.[1] Defendant Wise moves to dismiss on grounds that she should not be sued in her official capacity because "the proper defendant would be the Law Library Board, not Wise." (Dkt 12, Motion to Dismiss, ¶ 6).

---

[1] Defendant Law Library Board has yet to answer or defend by motion.

Hunt v. Hillsborough County et al     Doc. 13

Dockets.Justia.com

As to the individual claims against Defendants Wise and Pilver, they move to dismiss on two grounds: Section 768.28, Florida Statutes bars individual suits and the Defendants are also protected from suit in their individual capacities by the qualified immunity defense.

At this stage, all allegations in the Amended Complaint must be accepted as true and construed in the light most favorable to Plaintiff.[2] Defendants' motion to dismiss should be denied because it does not meet the heavy burden under Federal Rule of Civil Procedure 12(b).[3] Defendants will have ample opportunity to raise some or all of these defenses at the appropriate stage.

## II. THE OFFICIAL CAPACITY COUNT AGAINST DEFENDANT WISE IS PLED IN THE ALTERNATIVE TO THE ACTION PLED AGAINST DEFENDANT LAW LIBRARY BOARD

Under Fed. R. Civ. P. 8(d)(2), claims may be pled in the alternative. The claims in Counts I, II and IV against the Law Library Board and Defendant Wise in her official capacity are pled in the alternative. In Count I, Plaintiff sued the Law Library Board for violating his First and Fourteenth Amendment rights. In Count II, Plaintiff sued Defendant Wise, individually and in her official capacity as the Director of the James J. Lunsford Law Library, for violating his First and Fourteenth Amendment rights. In Count IV, Plaintiff sued Defendant Law Library Board and Defendant Wise in her official capacity for denial of procedural and substantive due

---

[2] "A Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt the Plaintiff can prove no set of facts that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 [ ] (1957). In ruling on a motion to dismiss the allegations set forth in the Complaint, the court views the Complaint in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 [ ] (1974)." Eidson v. Arenas, 155 F.R.D. 215, 219 (M.D. Fla. 1994).

[3] Defendants Wise and Pilver do not specify under which subsection of Fed. R. Civ. P. 12(b) their motions arise, but the omission is immaterial as the motion must fail under Fed. R. Civ. P. 12(b)(1) or (6).

process.

Defendant Wise argues that the claims against her in her official capacity should be dismissed because a claim against her in her official capacity is a claim against the Law Library Board. (Motion to Dismiss, ¶¶ 5, 6). A suit against a public official in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent . . .." Monell v. Department of Social Services, 436 U.S. 658, 691 n. 55 (1978).

The question is which is the proper entity, Defendant Law Library Board or Hillsborough County, Florida?[4] Whether the Law Library Board is the "proper defendant" or whether Defendant Wise in her official capacity is the "proper defendant" is a mixed question of law and fact that has not been determined.[5]

Accepting as true all material facts of the Amended Complaint, and given that Rule 8(d)(2) allows claims to be pled in the alternative, the claims in Counts I, II and IV against the Law Library Board and Defendant Wise in her official capacity cannot be dismissed. Either Defendant Wise in her official capacity is the proper defendant, i.e., Hillsborough County, Florida, or Defendant Law Library Board is the proper defendant, but not both. Fed. R. Civ. P. 8(d)(3), however, allows inconsistent claims. Because the facts alleged are accepted as true on a motion to dismiss, the inconsistent claim cannot be dismissed under Rule 12(b)(6). After

---

[4] If Hillsborough County, Florida is the proper defendant, and not the Law Library Board, then the claim against Defendant Wise in her official capacity is proper.

[5] Defendant Law Library Board was created by Hillsborough County Ordinance No. 01-16, § 6 and has "full power and authority to . . . maintain such law library with such . . . facilities as it may deem expedient" and to "appoint a competent director of the law library . . .." Id. at § 8. The Ordinance, however, does not provide that the Law Library Board is an entity which may sue and be sued. Because Defendant Law Library Board has not joined in the motion to dismiss, the Plaintiff cannot rely on Defendant Wise's assertions that the Law Library Board is the "proper defendant."

discovery, the inconsistent claim will be dismissed, whether voluntarily or by motions under Fed. R. Civ. P. 12(c), 50(a) or 56(b).

### III. A STATE STATUTE CANNOT BAR A CONSTITUTIONAL CLAIM

Under the heading "Official Capacity Liability," (Motion to Dismiss, p. 2-3), Defendant Wise argues that "State law provides additional reasons for dismissal of the Individual Defendants," citing section 768.28(9)(a), Florida Statutes. (Motion to Dismiss, ¶ 7). Defendants argue that "Plaintiff's exclusive remedy is against the Law Library Board, not against its employees individually." (Motion to Dismiss, ¶ 8).

This argument is easily disposed. The United States Constitution is the supreme law of the land. U.S. Const. art. VI, cl. 2. Thus, the State of Florida cannot pass a statute that voids or limits Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. "Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985 (3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced." Martinez v. Cal., 444 U.S. 277, 284 (1980).

As all claims arise under the United States constitution, section 768.28(9)(a), Florida Statutes has no application in this case.

### IV. DEFENDANTS WISE AND PILVER ARE NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE PLAINTIFF'S RIGHTS WERE CLEARLY ESTABLISHED ON THE DATE THE DEFENDANTS VIOLATED THEM

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Harlow v. Fitzgerald,

457 U.S. 800, 818 (1982).

> As we have explained, qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." Saucier v. Katz, 533 U.S. at 206. For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see Mitchell v. Forsyth, 472 U.S. 511, 535 . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640 [ ] (1987).

Hope v. Pelzer, 536 U.S. 730, 739 (U.S. 2002).

In this case, Defendants Wise's and Pilver's actions violated clearly established law. Plaintiff had a clearly established right to receive information in the James J. Lunsford Law Library, and it was also clearly established Defendants Wise's and Pilver's retaliation against Plaintiff because he engaged in free speech by criticizing Defendants Wise and Pilver violated his First and Fourteenth Amendment rights.

### A. **Plaintiff Had a Clearly Established Right to Receive Information at the James J. Lunsford Law Library**

"The James J. Lunsford Law Library is a public library, created by Hillsborough County Ordinance No. 01-16 . . . [and] is open to the general public." (Amended Complaint, ¶¶ 8, 12). In 1943, the Supreme Court held that the First Amendment protects the right to receive information. Martin v. Struthers, 319 U.S. 141, 143 (1943). This was reiterated in 1965, Griswold v. Connecticut, 381 U.S. 479 (1965), and 1969, Stanley v. Georgia, 394 U.S. 557 (1969).

Receiving information in a public library is a clearly established right. In Brown v. Louisiana, 383 U.S. 131, 143 (1966), the petitioners were arrested for refusing to leave a public library upon demand, even though they were silently protesting. Id. at 139. The Supreme Court

"noted that petitioners' presence in the library was unquestionably lawful. It was a public facility, open to the public." Id. The law has been well-established that even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." Perry Educ. Ass'n v. Perry Local Educators' Ass'n, 460 U.S. 37, 46 (1983). "A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use -- whether they are ad hoc or general -- as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights." Brown, 383 U.S. at 143.[6]

Thus, it is clearly established that Plaintiff had a right to receive information from the public library.

---

[6] When a person seeks to use government property for expressive conduct, different rules apply depending on the type of property involved. "In balancing the government's interest in limiting the use of its property against the interests of those who wish to use the property for expressive activity, the Court has identified three types of fora: the traditional public forum, the public forum created by government designation, and the nonpublic forum." Board of Airport Comm'rs v. Jews for Jesus, Inc., 482 U.S. 569, 573 (1987)(citing Perry Ed. Assn. v. Perry Local Educators' Assn., 460 U.S. 37, 45-46 (1983)).

"In these quintessential public forums, the government may not prohibit all communicative activity. For the State to enforce a content-based exclusion it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end. . . . The State may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." Perry, 460 U.S. at 45. "We have further held, however, that access to a nonpublic forum may be restricted by government regulation as long as the regulation 'is reasonable and not an effort to suppress expression merely because officials oppose the speaker's view.' Jews for Jesus, Inc., 482 U.S. at 573 (quoting Perry, 460 U.S. at 46).

### B. The Law Is Clearly Established That Defendants Wise's and Pilver's Retaliation Against Plaintiff Because of his Protected Free Speech Violates the First and Fourteenth Amendments to the United States Constitution

In this case, Plaintiff alleges that Defendants Wise and Pilver, acting under color of state law, retaliated against Plaintiff for complaining about their actions and certain policies of the James J. Lunsford Law Library by issuing a trespass warning to him, causing Plaintiff to be arrested, and by maintaining the trespass warning in place so that Plaintiff was barred from receiving information in the James J. Lunsford Law Library. (Amended Complaint, ¶¶ 13-42). These actions violated clearly established law. Brown, 383 U.S. at 143 ("A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use -- whether they are ad hoc or general -- as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights."); Perry 460 U.S. at 46 (Even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view.").

Defendants Wise and Pilver are not entitled to qualified immunity.

### V. CONCLUSION

At this stage, all allegations must be accepted as true and pleading claims in the alternative is permitted. Plaintiff has pled a cause of action against Defendants Wise, both individually and in her official capacity, and against Defendant Wise in his individual capacity. None of the counts should be dismissed at this stage of the proceedings. As soon as it becomes clear whether the Law Library Board is the proper entity, Plaintiff will be in a position to dismiss

either the Defendant Law Library Board or Defendant Wise, in her official capacity.

DATED this 14th day of April, 2008.

/s/ Ryan Christopher Rodems
RYAN CHRISTOPHER RODEMS, ESQUIRE
Florida Bar No. 947652
Attorney for Plaintiff
BARKER, RODEMS & COOK, P.A.
400 North Ashley Drive, Suite 2100
Tampa, Florida 33602
Telephone: (813) 489-1001
Fax: (813) 489-1008
E-mail: rodems@barkerrodemsandcook.com

### CERTIFICATE OF SERVICE

I hereby certify that on April 14th, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Stephen M. Todd, Esquire. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

s/Ryan Christopher Rodems
RYAN CHRISTOPHER RODEMS, ESQUIRE