**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DENNIS HUNT,**

      **Plaintiff,**

                                  **Case No.  8:07-cv-1168-T-30TBM**

**vs.**


**LAW LIBRARY BOARD,**
  **a Board created by**
  **Hillsborough County, Florida;**

**NORMA J. WISE,**
  **in her official capacity as Director**
  **of the James J. Lunsford Law Library,**
  **and individually; and,**

**DAVID L. PILVER,**
  **individually,**

      **Defendants.**
_____/


## CASE MANAGEMENT REPORT

1.     <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **July 14, 2008**, (date) by e-mail, and was attended by:

Name                                      Counsel for (if applicable)

**Ryan Christopher Rodems, Esquire**    **Counsel for Plaintiff**
**Stephen M. Todd, Esquire**            **Counsel for Defendants**

2.     <u>Pre Discovery Initial Disclosures of Core Information</u>:

     a.     <u>Fed. R. Civ. P. 26(a)(1)(C) & (D) Disclosures (Local Rule 3.05(d) provides that these disclosures are mandatory in Track Two Cases and optional in other cases unless otherwise ordered by the Court. Complete the following in all Track Two cases and, when applicable, in Track Three cases)</u>:

The parties

_____ have exchanged       (check one)
   X   agree to exchange

information described in Fed. R. Civ. P. 26(a)(1)(C)&(D)
_____ on                  (check one)

   __X__ by

<u>August 22, 2008</u> (date). Below is a detailed description of information disclosed or scheduled for disclosure.

Disclosure description continued:

b.      Fed. R. Civ. P. 26(a)(1)(A)&(B) Disclosures <u>(Local Rule 3.05(d) provides that these disclosures are not mandatory except as stipulated by the parties or otherwise ordered by the Court. Complete the following when applicable)</u>:

The parties

_____ have exchanged                       (check one)
___X___agree to exchange
information referenced by Fed.R.Civ.P.26(a)(1)(A)&(B)
_____ on                        (check one)
___X___ by
<u>August 22, 2008</u>  (date). Below is detailed description of information disclosed or scheduled for disclosure.

3.      <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following Plaintiff's discovery plan:

a.      <u>Plaintiff's Planned Discovery</u>:  A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)      <u>Requests for Admission</u>:

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

**The Plaintiff may serve Requests for Admission as authorized by the Rules. Plaintiff anticipates serving Requests for Admission no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.**

(2)      <u>Written Interrogatories</u>:

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including

all parts and subparts."  Any request by Plaintiff to exceed this limit must be presented by motion.  See paragraph 6 below.

**The Plaintiff may serve written Interrogatories in the number authorized by the Rules or in such greater number as may be necessary as authorized by appropriate Order of the Court.  Plaintiff anticipates serving Written Interrogatories  no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.**

(3)    Requests for Production or Inspection:

**The Plaintiff may serve Requests for Production or Inspection as authorized by the Rules.  Plaintiff anticipates serving Requests for Production or Inspection promptly after the Motions to Dismiss have been resolved by the Court, but in no event later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.**

(4) Oral Depositions:

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be presented by motion. See paragraph 6 below.

**Plaintiff may take oral depositions.    Plaintiff anticipates taking ten or less depositions, including a Rule 30(b)(6) deposition.**

Time Permitted for Each Deposition:  (optional) Parties request that, in accordance with Fed. R. Civ. P. 26(b)(2), the Court limits the time permitted for the conduct of each deposition to **seven** hours, unless extended by agreement of the parties.

b.  Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosures will be due as noted here:  January 5, 2009

**At this time, the Plaintiff is unable to determine when it will be possible to make a meaningful expert disclosure.**

c.  Supplementation of Disclosures and Responses:  Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Plaintiff agrees to provide supplementation of disclosures in compliance with Rule 26(e).**

d. <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for it to be completed on or before **February 20, 2009** (date).

4.  <u>Discovery Plan - Defendants</u>:  The parties jointly propose the following Defendants's discovery plan:

a. <u>Defendants's Planned Discovery</u>:  A description of every discovery effort Defendants plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

Number of Requests for Admission:  Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be presented by motion.  See paragraph below.

**Defendants may serve Requests for Admission as authorized by the Rules.  Defendants anticipates serving such Requests for Admission no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.**

(2) <u>Written Interrogatories</u>:
Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts."  Any request by Defendants to exceed this limit must be presented by motion.  See paragraph 6 below.

**Defendants may serve written Interrogatories in the number authorized by the Rules, or in such greater number if necessary as approved by the Court. Defendants anticipates serving such written Interrogatories no later than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.**

(3) <u>Requests for Production or Inspection</u>:

**Defendants may serve Requests for Production or Inspection as authorized by the applicable Rules. Defendants anticipates serving such Requests no later**

**than thirty-three (33) days prior to any fact discovery cut-off established by Court Order.**

(4) Oral Depositions:

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendants to exceed this limit must be presented by motion.  See paragraph 6 below.

**Defendants may take depositions, including the Plaintiff's.**

Time Permitted for Each Deposition:  (optional) Parties request that, in accordance with Fed.R.Civ.P. 26(b)(2), the Court limit the time permitted for the conduct of each deposition to **seven** hours, unless extended by agreement of the parties.

b.   Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendants' Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:  February 2, 2009

**Defendants is at this time unable to provide a schedule for disclosure of expert testimony.**

c. Supplementation of Disclosures and Responses:  Parties agree that Defendants' supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Defendants  agree to provide supplementation of disclosures in compliance with Rule 26(e).**

d. Completion of Discovery:  Defendants will commence all discovery in time for it to be completed on or before **February 20, 2009**  (date).

5.      Joint Discovery Plan -- Other Matters:  Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**None at this time.**

6.      Disagreement or Unresolved Issues Concerning Discovery Matters:  Any disagreement or unresolved issue concerning discovery matters must be made the subject of a separate motion to be filed not later than eleven days after the filing of the Case Management Report.  Such disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

**None.**

7.   Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:
     Parties agree that the final date for filing motions for leave to file third-party claims, motions to join parties, motions for summary judgment and all other potentially dispositive motions should be <u>March 31, 2009.</u>  (Note time limit in Local Rule 4.03).

8.   Settlement and Alternative Dispute Resolution.  Parties agree that settlement is

        _____ likely                          (check one)
        __X__ unlikely **AT THIS TIME**

     Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

        _____ yes
        __X__ no
        _____ likely to agree in future.

Parties agree to participate in court annexed mediation as detailed in Chapter Nine of the Court's Local Rules.  __X__ yes _____ no _____ likely to agree in future.

If yes, the order of referral described in Local Rule 9.04 should be entered by the court on _____ (date) designating **Peter J. Grilli, Esquire** (name to serve as mediator).

Parties agree to consent to trial presided over by United States Magistrate Judge.
        _____ yes __X__ no _____ likely to agree in future.

Parties intend to pursue the following other methods of alterative dispute resolution:

        **None at this time.**

In accordance with Local Rule 3.05(c)(2)(C)(v), parties agree that if they do not report to the Court that the case has settled on or before **UNDETERMINED** (date), parties will apply for an order invoking Court annexed arbitration (Chapter Eight of Local Rules) or Court annexed mediation (Chapter Nine of Local Rules) on that date.

        **The parties do not believe that this is applicable to this case at this time.**

9.   Preliminary Pretrial Conference:

Track Three Cases:  Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties

        _____ request                          (check one)
        __X__ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling

Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:


      10.    <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after **May 25, 2009** (date) and for trial on or after **June 29, 2009** (date).  Trial is expected to take approximately    **40**    hours and the trial will be:

            **X**    jury
                    non-jury case.


      11.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with pretrial disclosure requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

        **The parties agree to comply.**

      12.    <u>Other Matters</u>:

        **None.**


Signature of Counsel (with information required by Local Rule 1.05(d) and Signature of Unrepresented Parties:


| | |
|---|---|
| **s/ Ryan Christopher Rodems** | **s/ Stephen M. Todd** |
| RYAN CHRISTOPHER RODEMS, ESQUIRE | STEPHEN M. TODD, ESQUIRE |
| Florida Bar No.  947652 | Florida Bar No. 0886203 |
| Attorney for Plaintiff | Attorney for Defendants |
| BARKER, RODEMS & COOK, P.A. | Senior Assistant County Attorney |
| 300 West Platt Street, Suite 150 | Post Office Box 1110 |
| Tampa, Florida   33606 | Tampa, Florida 33601-1110 |
| Telephone:  (813) 489-1001 | Telephone:  (813) 272-5670 |
| Fax:  (813) 489-1008 | Fax:  (813) |
| E-mail: rodems@barkerrodemsandcook.com | E-mail: todds@hillsboroughcounty.org |