# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**DENNIS HUNT,**

    **Plaintiff,**

**v.**                                      Case No.  8:07-cv-1168-T-30TGW

**HILLSBOROUGH COUNTY, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Norma J. Wise's and Defendant David L. Pilver's Joint Motion to Dismiss Verified Amended Complaint (Dkt. 12), and Plaintiff's Response in opposition to the same (Dkt. 13).  The Court, having reviewed the motion, response, and supporting memoranda, determines the motion should be denied.

### Background

Plaintiff's claims arise from his use of the James J. Lunsford Law Library (the "Law Library").  The Law Library is a public library created by Hillsborough County Ordinance No. 01-16. It is funded by occupational licence taxes collected from attorneys and court filing fees collected by the Hillsborough County Clerk of Court.  Pursuant to Hillsborough County Ordinance No. 01-16, Defendant Law Library Board was created with full power and authority to maintain the Law Library for the use by the courts, members of the bench and

bar, and the general public. At all times relevant to this action, Defendant Norma J. Wise ("Wise") served as Director of the Law Library Board. Defendant David L. Pilver ("Pilver") was hired by the Law Library Board and/or Wise as a library assistant.

In 2002 and 2003, Plaintiff was a patron of the Law Library. At some point in 2003, Plaintiff began complaining about Law Library policies and the conduct of Pilver. Initially, Plaintiff requested permission to bring his own photocopying machine to make his own copies of library materials. Pilver denied Plaintiff's request and informed him that the Law Library had a rule barring use of personal photocopying machines. When Pilver could not provide him with a copy of the rule, Plaintiff sent a written public records request to Wise to request written verification of such a rule. In response, Wise informed Plaintiff that there was no formal rule barring patrons from being their own photocopying machines, but that the library did not permit such activity because it relied on money received from the copiers to maintain its budget for book costs and operating expenses. Plaintiff responded to Wise by questioning the validity of her assertions, the procedures for collecting and protecting the money in the photocopying machines, and the conduct of Pilver whom Plaintiff claimed watched cable television while working.

After complaining to Wise about Pilver's conduct, Plaintiff claims Pilver began to "single him out" and "treat him with disdain" during his visits to the Law Library. As a result, Plaintiff wrote a second letter of complaint to Wise. Meanwhile, during a Law Library Board meeting, an Assistant Hillsborough County Attorney advised the Board that under Florida law, patrons of the library were permitted to bring their own duplicating

devices. Plaintiff claims this news infuriated Wise and Pilver due to their concerns over potential loss of revenue.

On or about July 1, 2003, Plaintiff claims to have had an altercation at the Law Library with Pilver. Plaintiff alleges Pilver failed to provide patrons with a five minute warning prior to the 8:00 p.m. closing time, as was his custom. When Plaintiff realized the library was about to close, he headed for the door where he was confronted by Pilver. Pilver allegedly blocked Plaintiff's egress and accused him of trespassing. Plaintiff claims Pilver berated him, then finally allowed him to leave at 8:02 p.m. Plaintiff then claims he observed Pilver discussing the incident with law enforcement officers. Plaintiff discussed the incident with the officers, and later reported the incident to Wise in another letter dated July 3, 2003.

On or about July 5, 2003[1], Plaintiff claims he was conducting research at a work station in the law library. He observed a security officer having a conversation with Pilver. Following the conversation, the security officer told Plaintiff that he had to leave. Plaintiff refused to leave but produced identification for the security officer. Approximately fifteen minutes later, Plaintiff was approached by Pilver and Tampa Police Officer Charles Hatchcox. Officer Hatchcox informed Plaintiff that he was trespassing after warning.

As a result, Plaintiff filed the instant action. Plaintiff claims Pilver's actions in having him barred from the premises were endorsed and approved by Defendant Wise through her

---

[1] It appears Plaintiff's Verified Amended Complaint contains a typographical error with respect to the date, which is referenced in paragraph 36 as July 5, 2005. Based on Officer Hatchcox's report, it appears that the correct date is July 5, 2003. The Court notes similar inconsistencies in paragraphs 32 and 35, and presumes for purposes of this Order that Plaintiff intended to refer to the year 2003 rather than 2005.

authorization as Director of the Law Library Board.  Plaintiff claims Wise, Pilver, and/or the Law Library Board have chilled and continue to chill his exercise and enjoyment of rights under the First and Fourteenth Amendments to the United States Constitution.  Wise has moved for dismissal of Plaintiff's claims against her in her official capacity, arguing that the proper defendant is the Law Library Board.  Furthermore, Wise and Pilver argue they are entitled to qualified immunity with respect Plaintiff's claims against them individually.

## Discussion

**I.      Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007).  The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.  *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985).  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

## II.     Legal Analysis

Plaintiff has alleged identical claims against both the Law Library Board and Wise in her official capacity as Director of the Law Library. Wise argues Plaintiff's exclusive remedy is against the Law Library Board. Wise cites Section 768.28(9)(a), Fla. Stat., which states the exclusive remedy for injury or damage caused by a state officer or agent shall be by an action against the governmental entity, or the head of such entity in his or her official capacity. Wise argues that because the Law Library Board consists of six directors pursuant to Hillsborough County Ordinance 01-16, § 6, Wise is not the "head" of the Board and thereby not the correct party to be sued under state law.

Plaintiff argues the proper party is either Defendant Law Library Board, or Hillsborough County, Florida[2], and that his claims may be pled in the alternative pursuant to Fed.R.Civ.P. 8(d)(2). Furthermore, Plaintiff argues the proper party to be sued is a mixed question of fact and law that cannot be determined until appropriate discovery has been taken. The Court agrees. Hillsborough County Ordinance No. 01-16 does not specify whether the Law Library Board is an entity which may sue and be sued. Moreover, Wise's reliance on Fla. Stat. 768.28(9)(a) is misplaced because conduct "by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by

---

[2]If the proper defendant is Hillsborough County, Florida, then Plaintiff's claim against Wise in her official capacity is proper.

state law." *Martinez v. Cal.*, 444 U.S. 277, 284 n.8 (1980). As the improper defendant may be dismissed after appropriate discovery has been taken, the Court concludes the instant Motion should be denied to the extent it seeks dismissal of Plaintiff's claims against Wise in her official capacity.

Both Wise and Pilver argue qualified immunity shields them from individual liability for Plaintiff's claims. Qualified immunity protects government officials sued in their individual capacity from liability "if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bogle v. McClure*, 332 F.3d 1347, 1355 (11th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court has established a two part test to analyze claims of qualified immunity. *Id.* "First, the court must ask whether plaintiff's allegations, if true, establish the violation of a constitutional or statutory right. If a constitutional violation would have been violated under the plaintiff's version of the facts, the next step is to ask whether the right was clearly established." *Id.* (internal citations omitted).

The Law Library is permitted to regulate the use of its libraries to prohibit disruptive conduct. As Stated by the Supreme Court,

> A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. It may not do so as to some and not as to all . . . it may not invoke regulations as to use-whether they are ad hoc or general-as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights.

*Brown v. State of La.*, 383 U.S. 131, 143 (1966). Plaintiff had a fundamental right to access the Law Library and receive the information provided therein. *See Id.; see also Martin v. Struthers*, 319 U.S. 141, 143 (1943) (recognizing the right of freedom of speech and press under the First Amendment embraces both the right to distribute literature and the right to receive it); *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (holding prison inmates had fundamental constitutional right of access to the courts in the form of adequate law libraries or adequate assistance from persons trained in the law). Accepting Plaintiff's allegations as true, he was barred from exercising that fundamental right solely in retaliation for his complaints about the conduct of Pilver and Wise.

While Wise and Pilver argue they are entitled to qualified immunity under *Foy v. Holston*, 94 F.3d 1528 (11th Cir. 1996), subsequent Eleventh Circuit case law has clarified this holding.[3] As explained by the Eleventh Circuit in *Bogle*, "[i]n *Foy*, we noted that, in a

---

[3]In *Foy*, the Eleventh Circuit recognized the importance of qualified immunity, discussing:

Claims for money damages against government officials in their individual capacity involve substantial costs not only for the individual official-who incidentally may be innocent-but for society in general. "These social costs include the expenses of litigation, the diversion of official energy from pressing public issues, and the deterrence of able citizens from acceptance of public office. Finally, there is the danger that fear of being sued will 'dampen the ardor of all but the most resolute, or the most irresponsible [public officials], in the unflinching discharge of their duties.' " *Harlow v. Fitzgerald,* 457 U.S. 800, 814, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396 (1982) (citations omitted).

The qualified immunity defense is the public servant's (and society's) strong shield against these dangerous costs. Qualified immunity protects government officials performing discretionary functions from civil trials (and the other burdens of litigation, including discovery) and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow,* 457 U.S. at 817-19, 102 S.Ct. at 2738.

*Foy*, 94 F.3d at 1532.

case involving mixed motives, the presence of a jury issue about a defendant's improper intent does not necessarily preclude qualified immunity." *Bogle*, 332 F.3d at 1532. A "defendant is entitled to qualified immunity under the *Foy* rationale only where, among other things, the record *indisputably* establishes that the defendant in fact was motivated, *at least in part*, by lawful considerations." *Bogle*, 332 F.3d at 1355 (quoting *Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1296 (11th Cir. 2000)) (emphasis in original).

According to Plaintiff's version of the facts, he was neither engaging in disruptive activity nor violating any of the Law Library's rules or regulations at the time he was given his trespass warning. Under these circumstances, Plaintiff has raised a material issue of fact regarding whether Wise's and Pilver's conduct was motivated, even in part, by lawful considerations. Accordingly, the Court concludes that at this stage neither Wise nor Pilver are entitled to qualified immunity under *Foy*. *See Id.* at 1356. However, Wise and Pilver may limit discovery for the next ninety days to the issue of qualified immunity and again raise the issue on summary judgment. *See Harbert Itern., Inc. V. James*, 157 F.3d 1271 (11th Cir. 1998) (discussing that a trial court must exercise its discretion to prevent unnecessary and burdensome discovery in protection of the qualified immunity defense).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Norma J. Wise's and Defendant David L. Pilver's Joint Motion to Dismiss Verified Amended Complaint (Dkt. 12) is **DENIED**.

2. With respect to Defendants Norma J. Wise and David L. Pilver, discovery is limited for the next ninety (90) days to the issue of qualified immunity. Wise

and Pilver may again address the issue in a motion for summary judgment if they wish.

**DONE** and **ORDERED** in Tampa, Florida on September 22, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1168.mtd.frm