UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,

        Plaintiff,                          Case No: 8:07-CV-1168-T-30TBM

vs.

LAW LIBRARY BOARD, NORMA J. WISE,
and DAVID L. PILVER,

        Defendants.
_____/

### ANSWERS AND AFFIRMATIVE DEFENSES BY DEFENDANTS WISE AND PILVER, RESPONSIVE TO PLAINTIFF'S VERIFIED AMENDED COMPLAINT (Doc. 9)

COMES NOW Defendants Norma J. Wise and David L. Pilver, and through their undersigned counsel file their Answers and Affirmative Defenses Responsive to Plaintiff's Verified Amended Complaint (Doc. 9) (herein, "Complaint") and jointly respond to every allegation in the Complaint as follows:

1.     Admitted for jurisdictional purposes only.

2.     Admitted.

3.     Without knowledge, therefore denied.

4.     Admitted.

5.     Admitted that Wise was appointed by the Law Library Board as its Director. Admitted that all actions in the course and scope of Wise's employment that are relevant to the facts of this lawsuit, occurred in Hillsborough County. Otherwise denied.

1

6. Admitted that Pilver was an employee of the Law Library Board. Admitted that all actions in the course and scope of Pilver's employment that are relevant to the facts of this lawsuit, occurred in Hillsborough County. Otherwise denied.

7. Without knowledge, therefore denied.

8. Denied that the Law Library is a "public library". Otherwise admitted.

9. Denied that the Law Library Board was "created by Hillsborough County Ordinance No. 01-16, § 6", inasmuch as the Law Library Board existed well prior to the enactment of said ordinance. Otherwise admitted.

10. Denied that Ms. Wise is the "final policymaker" for the Law Library. Otherwise admitted.

11. Admitted that Mr. Pilver is authorized to perform a variety of duties for the Law Library. Denied that the source of this authority is ultimately from Wise.

12. The Law Library is intended by Ordinance primarily to benefit members of the Hillsborough County bar. However, the Law Library has been made available for the use of non-lawyers like Plaintiff.

13. Admitted.

14. Admitted that Plaintiff had complaints about Mr. Pilver and seemed to focus unusually persistent ire against Mr. Pilver on a regular basis. Admitted that initially the Law Library expressed to Plaintiff that bringing his scanner/copier into the Law Library was a disturbance to other patrons and that the payment of copy costs by patrons was a source of needed funds for the Law Library. For these reasons Plaintiff was advised he should not bring his scanner/copier to the Law Library. Otherwise denied.

15. Pilver denies the allegations of Paragraph 15. Wise was not present during the alleged events described in paragraph 15, and has no direct knowledge of the allegations of paragraph 15.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Denied. After Plaintiff's complaints about the scanner/copier, as observed by Mr. Pilver the Plaintiff's behavior became progressively more bizarre and hostile towards Mr. Pilver, culminating in threatening behavior by Plaintiff towards Mr. Pilver. Ms. Wise was on leave during this period of time and therefore is without knowledge of the allegations in paragraph 21.

22. Admitted except as to the words "As a result".

23. Admitted.

24. Admitted.

25. Denied that Wise and Pilver were "furious" that Plaintiff was allowed by the Law Library to bring in a scanner/copier. Otherwise denied.

26. Admitted.

27. Denied.

28. Pilver sometimes notified patrons of the imminence of closing time. Otherwise admitted.

29. Without knowledge as to what Plaintiff "realized." Otherwise, Pilver denies the allegations of paragraph 29 and its subparts. Wise was not present so lacks direct knowledge about the allegations of paragraph 29 and its subparts.

    a. Denied.

    b. Denied.

    c. Denied.

30. Without knowledge as to what Plaintiff "observed." Also, without knowledge as to what Plaintiff told law enforcement officers. Otherwise denied by Pilver. Wise was not present so lacks direct knowledge about the allegations of paragraph 30.

31. Plaintiff's letter dated July 3, 2003 is riddled with falsehoods, therefore denied. In fact, Mr. Pilver complained to law enforcement after he states he heard Plaintiff mention the use of a "gun" as he departed from the Law Library as well as other threatening comments and gestures directed towards Mr. Pilver. Mr. Pilver states he genuinely feared for his safety and took the only reasonable action by immediately conveying this concern to the appropriate authorities.

32. Admitted that Plaintiff came to the library on July 3, 2005.

33. Admitted that Plaintiff was told politely that the Law Library was soon to close.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Pilver admits that Plaintiff came to the Law Library on July 5, 2005 in the afternoon. Wise was not present so lacks direct knowledge about the allegations of paragraph 36.

37. Without knowledge, therefore denied.

38. – 40. The account given in these paragraphs is denied by Pilver. Wise was not present so lacks direct knowledge about the allegations of paragraphs 38-40.

41. Denied that any Defendant acted in an unconstitutional manner. Admitted Plaintiff was arrested, prosecuted and determined to be guilty for his own actions.

42. Denied.

43. Denied that any alleged act was under color of state law. Otherwise admitted.

44. Denied.

45. Denied.

46. Denied.

47. Admitted.

48. Admitted that Plaintiff exercised his First Amendment rights. Otherwise denied.

49. Admitted.

50. Denied that Plaintiff has an absolute and unqualified First Amendment right to use the Law Library "at all times".

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied that Defendants have issued a "permanent ban of Plaintiff from entering the" Law Library. Otherwise denied.

**Count I**

59-63. Defendants Wise and Pilver do not respond to the allegations of paragraphs 59-63, because the allegations are directed exclusively against Defendant Law Library Board.

**Count II**

64. Wise admits for jurisdictional purposes.

65. Wise reasserts her responses to paragraphs 1-58 as if set forth fully herein.

66. Wise denies that Plaintiff has an absolute and unqualified First Amendment right to "enter and use" the Law Library.

67. Denied.

68. Wise denies that she is the "final policymaker" for the Law Library. Otherwise denied.

69. Denied.

**Count III**

70. Pilver admits for jurisdictional purposes.

71. Pilver reasserts his responses to paragraphs 1-58 as if set forth fully herein.

72. Pilver denies that Plaintiff has an absolute and unqualified First Amendment right to "enter and use" the Law Library.

73. Denied.

74. Denied.

**Count IV**

75. Admitted for jurisdictional purposes.

76. Defendant reasserts its responses to paragraphs 1-58 as if set forth fully herein.

77. Denied that Plaintiff has an absolute and unqualified First Amendment right to "enter and use" the Law Library.

78. Admitted.

79. Admitted, inasmuch as "trespass warnings" are issued by law enforcement agencies and are enforced by law enforcement agencies.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

**AFFIRMATIVE DEFENSES**

1. Respondeat superior or vicarious liability will not attach under §1983. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

2. Plaintiff has asserted the existence of no applicable "policy or custom" that forms the basis for recovery against Pilver or Wise under 42 U.S.C. Section 1983.

3. Plaintiff must prove, and cannot prove, that Pilver and Wise took action **solely** based upon a discriminatory motive, and accordingly Pilver and Wise assert a mixed motive defense.

4. Pilver and Wise are not liable under Section 1983 for any decisions regarding Plaintiff because all such decisions applicable to the case at bar were subject to meaningful administrative review that Plaintiff either waived or never sought or requested.

5. Plaintiff has failed to mitigate his damages.

6. Any actions taken were not taken under color of law.

7. Plaintiff's statements and actions in the library were not protected by the First Amendment.

8. Pilver and Wise are entitled to qualified immunity for any actions taken regarding Plaintiff, because the conduct of Pilver and Wise was motivated, at least in part, by lawful considerations.

9. This lawsuit is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because the relief sought by Plaintiff would necessarily imply the invalidity of his conviction and sentence.

/s/ Stephen M. Todd
Stephen M. Todd
Senior Assistant County Attorney
Florida Bar No. 0886203
Hillsborough County Attorney's Office
Post Office Box 1110
Tampa, Florida 33601-1110
(813) 272-5670
Fax (813) 272-5758
todds@hillsboroughcounty.org
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served to **Ryan Christopher Rodems, Esq.**, Barker, Rodems & Cook, P.A., via the Clerk's CM/ECF electronic filing system, on this 11th day of December 2008.

_____
Stephen M. Todd