**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DENNIS HUNT,

    Plaintiff(s),

v.                                                    CASE NO.  8:07-CV-1168-T-30TBM

NORMA J. WISE, as Library Director, James J.
Lunsford Law Library, in her official and
individual capacities, et al.,

    Defendant(s).
_____/

**ORDER REFERRING CASE TO MEDIATION
AND DIRECTING SELECTION OF A MEDIATOR**

Because of limited judicial resources available to try civil cases and given the nature of this proceeding which suggests that mediation might be of benefit to the parties and the Court, in accordance with the rules governing mediation set forth in Chapter Nine of the Rules of the United States District Court for the Middle District of Florida, it is **ORDERED** that:

    1.    **Designation of Lead Counsel**:  **RYAN CHRISTOPHER RODEMS**, Esquire, is designated as Lead Counsel, and shall be responsible for working with the Mediator and all other counsel, as well as any *pro se* parties if applicable, to schedule the mediation conference within the window of time set forth herein.  Lead Counsel shall also provide copies to the selected or appointed Mediator of any pleadings or orders filed in the case that relate to or impact the mediation process.

    2.    **Referral to Mediation**:   This case is hereby referred to the Court-Annexed Mediation program for a mediation conference in an attempt to achieve an equitable settlement of the issues.   The parties shall immediately select a Mediator from the Court's list of Certified Mediators,[1] and Lead Counsel is directed to file with the Clerk of Court, **on or before**

---

[1] Counsel are directed to consult this Court's list of Certified Mediators, available through the Clerk of Court's Mediation Coordinator.  A listing can also be obtained through the Court's website: ***www.flmd.uscourts.gov***.

**JANUARY 20, 2009**, a *Notice of Mediator Selection and Scheduling of Mediation* which:

**(a) identifies the selected Mediator and includes complete address, telephone and facsimile (if available) information, and (b) sets forth the time, date and place of the scheduling for the mediation conference.** If the Court finds the selected Mediator acceptable, the Court will issue an Order Appointing a Mediator.

If the parties are unable to agree on the selection of a mediator, Lead Counsel is directed to immediately advise the Court of same and the Court will issue an Order appointing a mediator.

3. **Scheduling Mediation Conference**: The mediation conference shall be conducted any time **on or before JUNE 1, 2009**.

4. **General Rules Governing the Mediation Conference**: Although the mediation process is defined in greater detail in Chapter Nine of the Local Rules of this Court, the following additional guidelines are hereby imposed:

(a) **Case Summaries**: Not later than five (5) working days prior to the scheduled mediation conference, each party shall mail (or transmit by facsimile) directly to the Mediator, with copy to opposing counsel, a brief written summary of the facts and issues of the case. **Such summaries shall be treated as confidential communications and shall not be incorporated into the public records of the case**.

(b) **Identification of Corporate and/or Claims Representatives**: As part of the written case summaries, counsel for corporate parties and claims professionals shall state the name and general job description of the employee or agent of the corporation who will attend and participate on behalf of the corporate party. **Such representative must have full authority to settle the case**.

(c) **Authority of the Mediator**: The Mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual parties, corporate representatives and claims professionals so as to suggest alternatives, analyze issues, question perceptions, use logic, stimulate negotiations and keep order.

(d) **Authority to Declare Impasse**: While an average mediation conference takes between three to five hours, participants shall be prepared to spend as much

time as necessary in a good faith effort to settle the case or until an impasse is declared by the Mediator.

(e) **Mediator's Report**: In order avoid unnecessary expenditure of judicial resources respecting pending motions, etc., within **five (5) days** following the mediation conference, the Mediator *shall file with the Clerk of Court* a "Mediation Report" setting forth the results thereof (a copy of which form is included in the attachment hereto).

5. **Compensation of the Mediator**: The Mediator shall be compensated at a rate up to **$350.00 per hour**, which shall be borne equally by all parties unless otherwise agreed to by counsel, and shall be payable immediately upon the conclusion of mediation or as required in advance by the mediator, and, upon motion of the prevailing party, may be taxed as costs in the instant action.

6. **Failure to Comply:** Should any of the parties fail to comply with the terms of this Order, appropriate sanctions may be imposed.

The parties are urged to take full advantage of this opportunity to amicably resolve the issues herein. However, the mediation process shall not serve as a basis for any motion to continue the trial of the case. Should mediation prove unsuccessful, the case shall remain on its present course for pretrial conference and trial.

**DONE** and **ORDERED** in Tampa, Florida on December 15, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

Attachment:
Mediation Report

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Plaintiff(s),**

v.                                                                           **Case No.**

**Defendant(s).**
_____/

## MEDIATION REPORT

In accordance with the Court's mediation order(s), a mediation conference was held on

_____, 20_____, and the results of that conference are indicated below:

(a)  The following individuals, parties, corporate representatives, and/or claims professionals attended and participated in the mediation conference, and each possessed the requisite settlement authority:

_____ All individual parties and their respective trial counsel.

_____ Designated corporate representatives.

_____ Required claims professionals.

(b)  The following individuals, parties, corporate representatives, and/or claims professionals failed to appear and/or participate as ordered:

_____
_____
_____
_____
_____

(c) The outcome of the mediation conference was:

   \_\_\_\_\_ **The case has been completely settled**. In accordance with Local Rule 9.06(b), lead counsel will promptly notify the Court of settlement in accordance with Local Rule 3.08 by the filing of a settlement agreement signed by the parties and the mediator within ten (10) days of the mediation conference.

   \_\_\_\_\_ **The case has been partially resolved** and lead counsel has been instructed to file a joint stipulation regarding those claims which have been resolved within ten (10) days. The following issues remain for this Court to resolve:

_____
_____
_____
_____

   \_\_\_\_\_ **The mediation has been continued to**: (list date and time:)
_____
(Requires Court approval.)

   \_\_\_\_\_ **The parties have reached an impasse**.

**Done this** _____ day of _____, 20\_\_\_\_\_.

_____
Signature of Mediator

_____
Name of Mediator

_____
Mailing Address

_____
City, State, and Zip Code

_____
Telephone Number

Copies furnished to:
Counsel/Parties of Record