UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,

    Plaintiff,        Case No: 8:07-CV-1168-T-30TBM
                     **Partially Dispositive Motion**
vs.

LAW LIBRARY BOARD, NORMA J. WISE,
and DAVID L. PILVER,

    Defendants.
_____/

## DEFENDANT NORMA J. WISE'S MOTION FOR SUMMARY JUDGMENT REGARDING COUNT II OF THE COMPLAINT, AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW Defendant Norma Wise (herein, "Wise") through her undersigned counsel and files her Motion for Summary Judgment regarding Count II of the Complaint.

**Factual Background**

Defendant Norma J. Wise (herein, "Wise") has been the Director of the Hillsborough County Law Library (herein, "Library") since 1997. (Wise Depo. at 4).

In Count II of his Complaint (Doc. 9), Plaintiff Dennis Hunt (herein, "Hunt") claims that Wise is "the final policymaker for the James J. Lunsford Law Library regarding who is or is not allowed to use or enter the law library," (¶ 68 of the Complaint) and that Wise is liable to Hunt under 42 U.S.C. §1983 for violating "Plaintiff's First Amendment rights by barring him from the law library, …" (¶ 67 of the Complaint).

1

In Count IV of the Complaint, Plaintiff sues the Law Library and Wise in her official capacity, alleging a violation of Hunt's due process rights. Because Count IV concerns official acts taken by the Law Library and not by Wise in her individual capacity, this Motion does not address Count IV; so as not to confuse the issues Wise's arguments regarding Count IV will instead be incorporated into the Law Library's Motion for Summary Judgment when it is filed.

**Summary of Arguments**

Wise asserts she is entitled to summary judgment as to all allegations of individual liability, on two grounds: (1) Wise was not a decision maker or otherwise part of the issues that form the subject matter of Plaintiff's claims, because she was on medical leave at the relevant time; and (2) Wise is protected by qualified immunity.

**Undisputed Facts**

This lawsuit involves events that occurred primarily in July 2003, events that occurred exclusively between Hunt and Library employee David Pilver (herein, "Pilver"). At the conclusion of these incidents between Hunt and Pilver, Hunt was asked to leave the Library on July 5, 2003, but refused to do so, after which Tampa Police arrested Hunt for trespassing.

Wise was not present and was not consulted in advance of the decisions that are the basis for this lawsuit, because Wise was on medical leave during the relevant period, June-July 2003. Therefore, Wise was not a part of the decision making process that resulted in Hunt being asked to leave and arrested for trespassing. (Wise Depo[1]. at 6-7, 24-25, 33). Wise did not give instructions to Pilver to have Hunt removed from the

Library. (Wise Depo. at 7-8). Wise had no interactions with Hunt and in fact never even laid eyes on Hunt before his 2008 deposition in this case. (Wise Depo. at 8). No one asked Wise whether Hunt should be trespassed from the Library. (Wise Depo. at 8). These facts are not in dispute.

### (1) Wise is not Liable because Wise was not there

Wise was clearly sued based on Hunt's mistaken impression that Wise was part of the decision-making process that led to Hunt being removed and later trespassed from the Library. However, there is no dispute of fact that Wise was out of the office on medical leave from June to July 2003, which was the period at issue at bar. While Wise was on medical leave, Library employee Bill Spradlin served as the "acting director". (Wise Depo. at 32-33).

Wise was out of the office and had delegated her authority to others while she was out of the office. As a result, when the pivotal issues arose in the case at bar, Wise was not part of the decision-making process that resulted in the removal of Hunt from the Library. Under these circumstances, summary judgment as to Wise is appropriate as a matter of law.

### (2) Qualified Immunity

Alternatively, and assuming there remains some good faith basis to allege Wise had individual liability to Hunt, Wise is protected by the doctrine of qualified immunity. Public officials, like Wise, are protected from "undue interference with their duties and from potentially disabling threats of liability." Harlow v. Fitzgerald, 457 U.S. 800, 806

---

[1] Wise's entire deposition transcript was filed as an exhibit to David Pilver's Motion for Summary Judgment and, in order to avoid unnecessarily duplicating the

3

(1982). Qualified immunity protects "government officials...from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. "The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). Qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." Saucier v. Katz, 533 U.S. 194, 206 (2001). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is a 'mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Pearson v. Afton Callahan, 555 U.S. ____ (slip opinion); 2009 U.S. LEXIS 591, *14; 21 Fla.L.Weekly Fed. S588a, Section IIA (2009), citing to Groh v. Ramirez, 540 U.S. 551, 567 (2004) (*Kennedy, J.*, dissenting)(citing Butz v. Economou, 438 U.S. 478, 507 (1978)(noting that qualified immunity covers "mere mistakes in judgment, whether the mistake is one of fact or one of law")).

In this case, there is no decision that Hunt can point to that involved Wise. Therefore, there is no decision made by Wise that can be judicially reviewed to determine whether qualified immunity is appropriate. Poggioli v. Murphy, 2007 U.S. Dist. LEXIS

---

record, will not be re-filed here.

4

54823 (S.D. N.Y. 2007) (qualified immunity granted on summary judgment where participant in investigation of Plaintiff was not a decision maker).

In this Circuit, in order to deny qualified immunity, "the law must be so well-developed as to make it obvious to reasonable public officials that their conduct would violate federal law." Rowe v. City of Cocoa, 2003 U.S. Dist. LEXIS 25578 (M.D. Fla. 2003), citing to Braddy v. Dept. of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). There is simply no evidence that Wise did *anything at all* that even arguably affected Hunt's rights, much less that she made *decisions* that she should have viewed as "obvious...that [her] conduct would violate federal law". Id.

## Plaintiff's Burden to Show that Qualified Immunity is Not Appropriate

Plaintiff must prove that Wise violated his constitutional rights and that the constitutional right at issue was "clearly established" by case law or statutory authority. In the Supreme Court's recent (January 21, 2009) decision in Pearson v. Afton Callahan, 555 U.S. ___ (slip opinion); 2009 U.S. LEXIS 591, *14; 21 Fla.L.Weekly Fed. S588a, Section IIA (2009), the Court held that "[t]he judges of the district courts...should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at Section IIIA. Thus, as in Pearson, this Court may elect not to decide whether a constitutional right was violated (the first prong of the analysis), instead deciding the case on the issue of whether Wise was reasonably aware of a clearly established right (the second prong of the analysis).

In establishing the "clearly established right", Plaintiff must prove that it was clear to a reasonable officer that Wise's conduct was unlawful. Saucier, 533 U.S. at 202. The "clearly established" test is met if "in light of the pre-existing law the unlawfulness [is] apparent." Hope v. Pelzer, 536 U.S. 730, 739 (2002). In construing this issue, the inquiry is whether a reasonable officer in Wise's position could believe that her conduct was lawful. The "appropriate inquiry is particularized and *fact-specific*." Stewart v. Baldwin County Board of Education, 908 F.2d 1499, 1504 (11th Cir. 1990) (emphasis supplied), citing to Anderson v. Creighton, 483 U.S. 635, 641 (1987). "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." Post v. City of Fort Lauderdale, 7 F.3d 1552, 1557 (11th Cir. 1993).

Hunt alleges that Wise violated his First Amendment rights by barring him from the Library. Yet Hunt has no evidence Wise had anything to do with his being removed from the Library. This allegation presupposes that Hunt had an absolute right to be in the Library, regardless of Hunt's behavior. Nothing in the law confers such a right. A library is "a place dedicated to quiet, to knowledge, and to beauty." Brown v. Louisiana, 383 U.S. 131, 142 (1966). It is a legitimate government interest to preserve a library as a "sanctuary for reading, writing and quiet contemplation." Faith Center Church Evangelistic Ministries v. Glover, 480 F.3d 891, 908 (9th Cir. 2007). To preserve that legitimate interest, "the right to free speech in a library is subject to curtailment." Heffron v. Int'l. Soc'y. for Krishna Consciousness, 452 U.S. 640, 647 (1981). "...[T]he right to receive information [in a library] is not unfettered and may give way to significant countervailing interests." Kreimer v. Bureau of Police, 958 F.2d 1242, 1255 (3rd Cir. 1992) (holding that removing a homeless man from the library because he

smelled bad was a reasonable restriction on his First Amendment rights). "Prohibiting disruptive behavior is perhaps the clearest and most direct way to achieve maximum Library use." Id. at 1263.

Hunt certainly has a qualified right to go to a library and to receive information from that library. However, just as in a courtroom, Hunt's right is conditioned somewhat upon his behavior. The Library can certainly constitutionally remove Hunt for threatening behavior. Id. at 1263; Galiano v. Institute of Governmental Studies, 2008 U.S. Dist. LEXIS 68527 (N.D. Cal. 2008). Even so, there is no evidence Wise was a participant in the process of removing Hunt.

In Galiano v. Institute of Governmental Studies, 2008 U.S. Dist. LEXIS 68527 (N.D. Cal. 2008), Galiano was busily reading at a library when he was disturbed by a conversation between another patron and the librarian. Galiano asked the other patron to lower her voice, after which the librarian informed Galiano that patrons were required by an unwritten rule to address concerns involving other patrons with library staff. Galiano then commenced to argue with the librarian that the rule was unreasonable, after which the librarian told Galiano that he had to leave the library. Galiano uttered an epithet and left. Id. at *3. The librarian later reported Galiano to campus police as a trespasser. Id. at *29. After Galiano filed suit against the librarian, the Court dismissed the librarian on qualified immunity grounds, finding that the librarian did not violate clearly established law. Id. at *31.

Galiano and Kreimer are notable not only for their holdings on facts similar to those at bar, but for what Wise *could reasonably have believed the law required* if Wise had been faced with a decision regarding Hunt. If a federal judge, in Galiano, holds that

7

it is not illegal for a library patron to be thrown out and trespassed for simply arguing about an unwritten library rule, then there is *no way* Wise should *reasonably* have believed any of her actions were legally problematic. Likewise, if a patron in <u>Kreimer</u> could be lawfully removed from the library for smelling bad, Wise could reasonably have assumed that removing Hunt from the library was perfectly legal. This being the case, to whatever extent Hunt argues Wise was liable, Wise is protected because she acted in a manner that was reasonably consistent with those lawful actions taken in <u>Kreimer</u> and <u>Galiano</u> and consequently, qualified immunity protects Wise.

**Conclusion**

Wise was not even part of the decision-making process that led to what Hunt alleges were violations of his rights. Even if she was a part of that process, she is protected by the doctrine of qualified immunity. Under these undisputed circumstances, summary judgment is appropriate as to Wise.

Respectfully,

*/s/ Stephen M. Todd*
Stephen M. Todd
Senior Assistant County Attorney
Florida Bar No. 0886203
Hillsborough County Attorney's Office
Post Office Box 1110
Tampa, Florida 33601-1110
(813) 272-5670
Fax (813) 272-5758
todds@hillsboroughcounty.org
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served to **Ryan Christopher Rodems, Esq.**, Barker, Rodems & Cook, P.A., via the Clerk's CM/ECF electronic filing system, on this 26th day of January 2009.

*Stephen M. Todd*
_____
Stephen M. Todd