UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,
        Plaintiff,

vs.                                 Case No. 8:07-cv-1168-T-30TBM

LAW LIBRARY BOARD,
    a Board created by
    Hillsborough County, Florida;

NORMA J. WISE,
    In her official capacity as Director
    of the James J. Lunsford Law Library,
    and individually; and,

DAVID L. PILVER,
    individually,
        Defendants.
_____/

**PARTLY OPPOSED
PLAINTIFF MOTION FOR ADDITIONAL TIME
OR LEAVE TO RESPOND TO DEFENDANTS
MOTIONS FOR SUMMARY JUDGEMENT
AND
MOTION FOR THE COURT TO APPOINT AN ATTORNEY
FOR THE DISABLED PLAINTIFF**

COMES NOW Dennis Hunt, the Plaintiff in this cause of action, who Pro Se files these two above titled motions, and as grounds and in support therefore states as follows:

1. Plaintiff is now and was at all times relevant to this action a qualified individual with disabilities, and disabled pursuant to U.S. Social Security Administration disability determination.

2. Plaintiff's disabilities are of the type that makes it difficult for the Plaintiff to respond as timely as is normally expected. Plaintiff regularly requires more time to complete tasks, than is expected of non-disabled individuals.

3. The Court's granting of withdrawal of Plaintiff's attorney, causes the Plaintiff to be highly prejudiced, and seriously encumbers the Plaintiff in proceeding in a timely fashion.

1

4. Plaintiff regularly becomes too ill to function on a regular ongoing basis. Plaintiff has to keep focus on his Doctor appointments, and the appointments are time consuming with travel.

5. In the last 30 days, besides disabilities, Plaintiff suffered one-week from a reoccurring back injury and one-week from scheduled hospital surgery and recovery.

6. Plaintiff was delayed in picking-up his case records from past counsel due to the one-week recovering from the back injury.

7. In addition to being troubled with disability, the two-weeks of convalescence within the past 30-days, and therewith the delay in acquiring case records from past counsel, Plaintiff was not able to complete research of case law and draft his responses to Defendants Motions for Summary Judgement. (Dkts. 28, 32, 40)

8. Plaintiff has never before written a response to a Motion for Summary Judgement, and now has to write three.

9. Under threat of criminal prosecution for Trespassing, the Plaintiff is now and has been for the past 6-years barred from and denied access to "FORTY THREE THOUSAND" Volumes of legal practice and procedure manuals, case law and other legal information, ideas and instructional materials, provided free to the Hillsborough County Bar, Court Bench and the General Public, at the James J. Lunsford Law Library.

10. Plaintiff's Verified Amended Complaint and Allegations are not frivolous. Plaintiff has conducted research of relevant case law, which indicates that Defendants Motions for Summary Judgement are either mistaken about referenced case law, or the case law supports some context other than the context of this case. (See: *Heck v. Humphrey* 114 S. Ct. 2364; *Younger v. Harris*, 401 U.S. 37; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462; *Exxon Mobil v. Saudi Basic*

*Industries*, 544 U.S. 280; *Brown v. Louisiana*, 86 S. Ct. 719; *Brinkmeier v. City of Freeport* 1993 U.S. Dist. LEXIS 9255; *Kreimer*, 958 F.2d; *Travis v. Indiana* 812 N.E.2d 826; ...)

11. The Criminal Appeal of Plaintiff's prosecution for Trespass at the James J. Lunsford Law Library on July 5, 2003, has not been concluded, and is still pending in the Circuit Court of the Thirteenth Judicial District, in and for Hillsborough County, Florida, Appellate Division. (See att. Exhibit 1: Appellant's Motion For Written Opinion)

12. The testimony of Sandra Kellaher at the criminal trial of the Plaintiff for Trespass on June 8, 2005, directly contradicts Defendant Norma J. Wise's testimony in Deposition on January 8, 2009, concerning the central involvement of Wise in approving and authorizing a Trespass Bar and Arrest for Trespass of the Plaintiff on July 5, 2003. Kellaher's contradictory testimony of Wise calls into questioning the truthfulness of all of Wise's deposition testimony, as Wise is a named Defendant in this case, whereas Kellaher is not.

13. Wise's deposition testimony makes clear that Wise does not like the Plaintiff, and that Wise harbors an ongoing biased against the Plaintiff for his questioning of her unsupported assertions regarding copy revenues, and Law Library Policy and Procedures. Wise still maintains a stronghold for her and Pilver's barring of the Plaintiff from the Law Library, even after nearly 6 years.

14. Defendants rely on David L. Pilver's retaliatory and fabricated comic book like characterization of the Plaintiff refusing to leave the Law Library after closing time on July 1, 2003. That characterization is fully contradicted by the Plaintiff, and is furthermore not otherwise substantiated. The state prosecutor nulled all charges Pilver sought to be brought against the Plaintiff relating to Pilver's comic book like characterization of the Plaintiff on July 1, 2003.

15. The evidence shows that Pilver has always been the aggressor towards the Plaintiff, aggressions that were supported and even encouraged by Wise. Pilver additionally has an ingrained hatred and prejudice towards all "Section 8 people", as Pilver refers to them, and which includes the Plaintiff.

16. Plaintiff had not opposed Defendant Counsel's Motion For Extension of Time To File a Responsive Pleading (Dkt. #14) or Counsel's Motion for Leave To File Responsive Pleading Out of Time. (Dkt. #22)

17. Plaintiff is proceeding in as timely fashion as he is able to proceed, while troubled by qualified disabilities and incurring other medical hindrances.

18. Plaintiff believes he will need assistance of legal counsel for trial, but also believes he needs legal assistance now. Plaintiff is unaware of any constitutional right to court appointed counsel, or of any required circumstance under which this court may appoint an attorney to assist the Plaintiff, but Plaintiff asks for the court to appoint an attorney for the disabled Plaintiff in this case.

19. The undersigned Plaintiff has complied with Local Rule 3.01(g) by conferring with Defendants' counsel prior to bringing this Motion. Defendants' counsel indicated he opposes the request for an enlargement of time of an additional 30 days as excessive but would not oppose up to an additional 14 days to allow Plaintiff to respond to the Defendants' three Motions for Summary Judgment. Defendants' counsel takes no position regarding Plaintiff's request for appointment of counsel. Finally, Defendants dispute the factual recitation in the instant motion."

20. Plaintiff contends and believes that if the Court grants additional time for the Plaintiff to complete his responses to Defendants Motions for Summary Judgement, the Plaintiff will be

able to have his cause decided on the merits of the case, as opposed to being dismissed for procedural error, or untimeliness.

Wherefore all of the above, the Plaintiff prays for this Honorable Court to Grant Plaintiff a 30-Day Extension of Time or Leave to Respond to Defendants Motions for Summary Judgement (Dkts. 28, 32, 40), or some other Extension of Time or Leave to Respond to Defendants Motions for Summary Judgement (Dkts. 28, 32, 40). Additionally, the Plaintiff requests this Honorable Court to Appoint an Attorney for the Plaintiff in this case.

Respectfully submitted,

_____  _____
DENNIS HUNT                    April 16, 2009
2319 Nantucket Drive                  DATE
Sun City Center, FL 33573
Tel: (813) 436-9915
e-mail: huntdennis2007@yahoo.com


## SWORN STATEMENT

I have read the foregoing Motion and under the penalties of perjury, I state the facts stated therein are true and correct.

_____  _____
DENNIS HUNT                    April 16, 2009
23 1 9 Nantucket Drive                DATE
Sun City Center, FL 33573
Tel: (813) 436-9915

5

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the foregoing has been forwarded via U.S.P.S First Class Mail to Stephen M. Todd, Senior Assistant County Attorney, P.O. Box 1110, Tampa, FL 33601-1110, and electronically via email to "Stephen Todd" todds@HillsboroughCounty.ORG, on this 16th day of April 2009.

*Dennis Hunt*                                                          *April 16, 2009*
DENNIS HUNT, PRO SE                                 DATE
2319 Nantucket Drive
Sun City Center, FL 33573
Tel: (813) 436-9915
e-mail: huntdennis2007@yahoo.com

**EXHIBIT 1**

# IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

## APPELLATE DIVISION

DENNIS HUNT,

    Appellant,

vs.

STATE OF FLORIDA,

    Appellee.
_____/

APPEAL CASE NO.: 05-CF-13140

Lower Case No.: 03-CM-018502A

DIVISION: K

## APPELLANT'S MOTION FOR WRITTEN OPINION

The Appellant moves the Court for a written opinion. In support of thereof, the Appellant states as follows:

1. On January 27, 2009, this Court rendered a per curium affirmed decision in the instant appellate case.

2. The Appellant alleged in his Brief that the Hillsborough County Law Library infringed on his constitutional rights by trespassing him at a time when he was not being disruptive in any manner.

3. The Appellant believes that his right to access the law library is an important constitutional right.

4. The Appellant wishes to seek discretionary review in either the

District Court of Appeal or the Florida Supreme Court.

5. Without a written opinion from this Court, the Appellant's ability to seek further review is limited, if not impossible.

6. A written decision from this Court would provide a legitimate basis for further appellate review. A written opinion would explain why this Court felt the Appellant's constitutional right to access to the law library was denied.

7. This case raised an important issue that the Supreme Court might review if presented with a written opinion.

8. The Appellant acknowledges that he has no legal right to a written opinion, and is hoping this Court exercises it discretion and renders a written opinion to explain the reasons why the appeal was denied.

WHEREFORE the Appellant requests this Court withdraw its per curiam affirmed decision and render a written opinion in this case in order for the Appellant to seek further appellate review.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the Appellant's motion has been typed in Times New Roman 14-point font pursuant to Florida Rules of Appellate Procedure 9.100(l) and 9.210(a)(2).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion has been mailed to The Honorable Daniel L. Perry, 800 E. Kennedy Blvd., Room 123-Annex, Tampa, FL 33602 and John P. Johnson, Assistant State Attorney, 800 E Kennedy Blvd, Tampa, Florida 33602-4146 on this 11TH day of FEBRUARY 2009.

JEFFREY SULLIVAN
Florida Bar No. 0009814
Post Office Box 9000-RC2
Bartow, Florida 33831-9000
Telephone: (863)534-3689
*Specially appointed criminal conflict counsel*