FILED
May 1 CD
09 APR 31 PM 4:45
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,
    Plaintiff,

vs.                                 Case No. 8:07-cv-1168-T-30TBM

LAW LIBRARY BOARD,             JURY TRIAL DEMANDED
 a Board created by                   INJUNCTIVE RELIEF REQUESTED
 Hillsborough County, Florida,

NORMA J. WISE,
 In her official capacity as Director
 of the James J. Lunsford Law Library,
 and individually; and,

DAVID L. PILVER,
 individually,
    Defendants.
_____/

## RESPONSE TO DEFENDANT LAW LIBRARY BOARD'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW Dennis Hunt, the Plaintiff in this cause of action, appearing PRO-SE and filing this RESPONSE TO DEFENDANT LAW LIBRARY BOARD'S MOTION FOR SUMMARY JUDGEMENT and states as follows:

I. **INTRODUCTION**

Plaintiff's Amended Complaint pled causes of action against three defendants: The Law Library Board ("Law Library Board"), Norma J. Wise ("Wise"), individually and in her official capacity, and David L. Pilver ("Pilver"), individually, alleging that the respective defendants had violated Plaintiff's rights protected by the First and Fourteenth Amendments to the United States Constitution.

1

Dockets.Justia.com

Each of the three defendants has filed a motion for summary judgement. (Dkt. #40 Law Library; Dkt. #32 Wise; Dkt. #28 Pilver) As to claims against the Law Library Board, defense counsel moves for summary judgement on three grounds: (1) Plaintiff has failed to identify a custom or policy adopted and practiced by the Law Library that confers liability under Section 1983; (2) Plaintiff's claims are both "Heck-barred" and precluded by the Rooker-Feldman doctrine; and (3) Plaintiff's claims for injunctive relief are not justiciable, as his request for prospective relief lacks a ripened claim. (Dkt. #40 Law Library Board)

## II. **BACKGROUND**

The Plaintiff Dennis Hunt (herein "Plaintiff" or "Hunt") was a patron of the James J. Lunsford Law Library (herein, "Law Library") during the years of 2002 and 2003. The Plaintiff is now, and was at all times relevant to this lawsuit, a "Qualified Individual with Disabilities" and "Disabled", pursuant to United States Social Security Administration Disability Determination. Additionally, the Plaintiff is now, and was at all times relevant to this lawsuit, a recipient of Federal Housing Assistance, commonly referred to as "Section-8".

Plaintiff's claims arise from his use of the James J. Lunsford Law Library (herein "Law Library"). The Law Library is a public library created by Hillsborough County Ordinance No. 01-16. It is funded by occupational license taxes collected from attorneys and court filing fees collected by the Hillsborough County Clerk of Court. Pursuant to Hillsborough County Ordinance No. 01-16, Defendant Law Library Board (herein "Law Library Board") was created with full power and authority to maintain the Law Library for the use by the courts, members of the bench and bar, and the general public (Dkt. #21 Order). At all times relevant to this action, Defendant Norma J. Wise (herein "Wise") a.k.a. Norma J. Brown of Clearwater, FL was and is now an employee of the Law Library Board serving as "Director" of the Law Library. Defendant

David L. Pilver (herein "Pilver") of 5520 Gun Hwy #208, Tampa, FL 33624 was at all times relevant to this action, an employee of Defendant Law Library Board and was hired by the Law Library Board and/or Wise as a library assistant.

Sandra M. Kellaher, (herein "Kellaher") of Brandon, FL was in the year of 2003 and for 14 years prior, a Member of the Law Library Board, and in 2003 was Chair of the Law Library Board.

During 2003, the Plaintiff was patronizing the Law Library several times each week, mostly during the evening hours on weekdays, and during the afternoon hours on weekends. During the same time period and for years following, Plaintiff regularly visited and sat-in on various Court Hearings and Trials of the Thirteenth Judicial District, in and for Hillsborough County, Florida, to self-educate himself in the Judicial System and Laws of Florida. Plaintiff's initial goal was to enable himself to recover the value of his automobile through the Judicial System.[1]

---

[1] During a period of time when the Plaintiff was out-of-state, Plaintiff lost Title and Ownership of Plaintiff's automobile due to wrongful acts on part of the Board of Directors of the Condominium Association where Plaintiff resided. The Board of Directors wrongly approved and ordered the removal of Plaintiff's automobile from a reserved parking space assigned for the exclusive use of Plaintiff's residence. The Secretary member of the Board of Directors then used Plaintiff's reserved parking space for herself, leaving her reserved parking space open for her overnight and weekend guests.

III. **Plaintiff has not failed to identify a custom or policy adopted and practiced by the Law Library that confers liability under Section 1983**

The Law Library Board delegated authority to Pilver to take action against the Plaintiff via ad-hoc policy to trespass and bar the Plaintiff from the Law Library, between the 1st and 5th of July 2003.

IV. **Plaintiff's claims are not "Heck-barred" nor are the claims precluded by the Rooker-Feldman doctrine**

V. **Plaintiff's claims for injunctive relief are justiciable and his request for prospective relief is a ripened claim**

VI. **CONCLUSION**

The Law Library Board is not entitled to summary judgement.

DATED this ___1st___ day of ___May___, 2009.

_____
DENNIS HUNT, PRO-SE
2319 Nantucket Drive
Sun City Center, FL 33573
Tel: (813) 436-9915
E-mail: huntdennis2007@yahoo.com

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been forwarded via U.S.P.S First Class Mail to Stephen M. Todd, Senior Assistant County Attorney, P.O. Box 1110, Tampa FL 33601-1110, on this 1st day of ___May___, 2009.

_____
DENNIS HUNT, PRO-SE

## SWORN STATEMENT

I have read the foregoing Motion and under the penalties of perjury, I state the facts stated therein are true and correct.

May 1, 2009
DATE

_____
DENNIS HUNT, PRO-SE
2319 Nantucket Drive
Sun City Center, FL 33573-8005