FILED
May 1 09 PM 4:45
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,
    Plaintiff,

vs.    Case No. 8:07-cv-1168-T-30TBM

LAW LIBRARY BOARD,
 a Board created by
 Hillsborough County, Florida;

JURY TRIAL DEMANDED
INJUNCTIVE RELIEF REQUESTED

NORMA J. WISE,
 In her official capacity as Director
 of the James J. Lunsford Law Library,
 and individually; and,

DAVID L. PILVER,
 individually,
    Defendants.
_____/

## RESPONSE TO DEFENDANT PILVER'S MOTION FOR SUMMARY JUDGEMENT

COMES NOW Dennis Hunt, the Plaintiff in this cause of action, appearing PRO-SE and filing this RESPONSE TO DEFENDANT DAVID L. PILVER'S MOTION FOR SUMMARY JUDGEMENT and states as follows:

### I. INTRODUCTION

Plaintiff's Amended Complaint pled causes of action against three defendants: The Law Library Board, Norma J. Wise, individually and in her official capacity, and David L. Pilver, individually, alleging that the respective defendants had violated Plaintiffs rights protected by the First and Fourteenth Amendments to the United States Constitution.

Each of the three defendants has filed a motion for summary judgement. (Dkt. #40 Law Library; Dkt. #32 Wise; Dkt. #28 Pilver) As to the individual claims against David L. Pilver,

1

defense counsel moves for Summary Judgement on two grounds: (1) Pilver is protected by the doctrine of qualified immunity; and (2) Plaintiff has no clearly established right to access and receive the forty-three-thousand volumes of information, and the electronic research (WestLaw) capabilities, provided free by the Law Library to the Hillsborough County Court Bench, Bar Association, and the General Public. (Dkt. #28 Pilver)

## II. BACKGROUND

The Plaintiff Dennis Hunt (herein "Plaintiff" or "Hunt") was a patron of the James J. Lunsford Law Library (herein, "Law Library") during the years of 2002 and 2003. The Plaintiff is now, and was at all times relevant to this lawsuit, a "Qualified Individual with Disabilities" and "Disabled", pursuant to United States Social Security Administration Disability Determination. Additionally, the Plaintiff is now, and was at all times relevant to this lawsuit, a recipient of Federal Housing Assistance, commonly referred to as "Section-8".

Plaintiff's claims arise from his use of the James J. Lunsford Law Library (herein "Law Library"). The Law Library is a public library created by Hillsborough County Ordinance No. 01-16. It is funded by occupational license taxes collected from attorneys and court filing fees collected by the Hillsborough County Clerk of Court. Pursuant to Hillsborough County Ordinance No. 01-16, Defendant Law Library Board (herein "Law Library Board") was created with full power and authority to maintain the Law Library for the use by the courts, members of the bench and bar, and the general public (Dkt. #21 Order). At all times relevant to this action, Defendant Norma J. Wise (herein "Wise") a.k.a. Norma J. Brown of Clearwater, FL was and is now an employee of the Law Library Board serving as "Director" of the Law Library. Defendant David L. Pilver (herein "Pilver") of 5520 Gun Hwy #208, Tampa, FL 33624 was at all times

relevant to this action, an employee of Defendant Law Library Board and was hired by the Law Library Board and/or Wise as a library assistant.

Sandra M. Kellaher, (herein "Kellaher") of Brandon, FL was in the year of 2003 and for 14 years prior, a Member of the Law Library Board, and in 2003 was Chair of the Law Library Board.

During 2003, the Plaintiff was patronizing the Law Library several times each week, mostly during the evening hours on weekdays, and during the afternoon hours on weekends. During the same time period and for years following, Plaintiff regularly visited and sat-in on various Court Hearings and Trials of the Thirteenth Judicial District, in and for Hillsborough County, Florida, to self-educate himself in the Judicial System and Laws of Florida. Plaintiff's initial goal was to enable himself to recover the value of his automobile through the Judicial System.[1]

---

[1] During a period of time when the Plaintiff was out-of-state, Plaintiff lost Title and Ownership of Plaintiff's automobile due to wrongful acts on part of the Board of Directors of the Condominium Association where Plaintiff resided. The Board of Directors wrongly approved and ordered the removal of Plaintiff's automobile from a reserved parking space assigned for the exclusive use of Plaintiff's residence. The Secretary member of the Board of Directors then used Plaintiff's reserved parking space for herself, leaving her reserved parking space open for her overnight and weekend guests.

### III. WISE WAS A DECISION MAKER OR OTHERWISE PART OF THE DECISION MAKING PROCESS FOR PILVER.

In deposition testimony on January 8, 2009 (Dkt. #28 Exh. #4), Wise tells that she has drafted changes to the Law Library Rules (Dkt. #28 Exh. #4 Depo. Wise p.12 lines 18-25; Dkt. #31 Exh. #12), indicating her involvement in decision making processes. Additionally Wise had made an Internet inquiry to the message board of the University of California, Davis, the LAWLIB LISTSERV, wherein Wise sought support of her position about not allowing patrons

to make copies with their own copy devices (Dkt. #28 Exh. #4 Depo. Wise p.19-20; Dkt. #31 Exh. #12), also indicating Wise's involvement in Decision Making Processes.

In deposition testimony on January 8, 2009 (Dkt. #31 p.24-28, 31-33), Wise denies her involvement in the Decision-Making Process of the ad-hoc policy to trespass and bar the Plaintiff from the Law Library. Although in trial proceedings on June 8, 2005 (Dkt. #28 Exh. #2), Kellaher testified that Wise contacted her telephonically to confer over the ad-hoc policy Wise and Pilver wanted Kellaher to endorse as Chair and custom of the Law Library Board. It was custom of the Law Library Board and duty of Kellaher to act on behalf of the Law Library Board, as Kellaher testified that it was impossible to get the Law Library Board together. (Dkt. #28 Exh. #2 p.88-98)

IV. **DEFENDANT PILVER IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE PLAINTIFF'S RIGHTS WERE CLEARLY ESTABLISHED ON THE DATE THE DEFENDANTS VIOLATED THEM**

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> As we have explained, qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier v. Katz*, 533 U.S. at 206. For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see *Mitchell v. Forsyth*, 472 U.S. 511, 535 . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 [] (1987).

*Hope v. Pelzer*, 536 U.S. 730, 739 (U.S. 2002).

4

In this case, Defendants Wise's and Pilver's actions violated clearly established law. Plaintiff had a clearly established right to receive information in the James J. Lunsford Law Library, and it was also clearly established Defendants Wise's and Pilver's retaliation against Plaintiff because he engaged in free speech by criticizing Defendants Wise and Pilver violated his First and Fourteenth Amendment rights.

### A. Plaintiff Had a Clearly Established Right to Receive Information at the James J. Lunsford Law Library

"The James J. Lunsford Law Library is a public library, created by Hillsborough County Ordinance No. 01-16 . . . [and] is open to the general public." (Amended Complaint, p. 8, 12). In 1943, the Supreme Court held that the First Amendment protects the right to receive information. *Martin v. Struthers*, 319 U.S. 141, 143 (1943). This was reiterated in 1965, *Griswold v. Connecticut*, 381 U.S. 479 (1965), and 1969, *Stanley v. Georgia*, 394 U.S. 557 (1969).

Receiving information in a public library is a clearly established right. In *Brown v. Louisiana*, 383 U.S. 131, 143 (1966), the petitioners were arrested for refusing to leave a public library upon demand, even though they were silently protesting. *Id.* at 139. The Supreme Court "noted that petitioners' presence in the library was unquestionably lawful. It was a public facility, open to the public." *Id.* The law has been well-established that even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983). "A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a

5

reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use — whether they are ad hoc or general — as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights." *Brown*, 383 U.S. at 143.[2]

Thus, it is clearly established that the Plaintiff had a right to receive information from the public library.

---

[2] When a person seeks to use government property for expressive conduct, different rules apply depending on the type of property involved. "In balancing the government's interest in limiting the use of its property against the interests of those who wish to use the property for expressive activity, the Court has identified three types of fora: the traditional public forum, the public forum created by government designation, and the nonpublic forum." *Board of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 573 (1987)(citing *Perry Ed. Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45-46 (1983)).

"In these quintessential public forums, the government may not prohibit all communicative activity. For the State to enforce a content-based exclusion it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end .... The State may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." *Perry*, 460 U.S. at 45. "We have further held, however, that access to a nonpublic forum may be restricted by government regulation as long as the regulation 'is reasonable and not an effort to suppress expression merely because officials oppose the speaker's view.'" *Jews for Jesus, Inc.*, 482 U.S. at 573 (quoting *Perry*, 460 U.S. at 46).

### B. The Law Is Clearly Established That Defendants Wise's and Pilver's Retaliation Against Plaintiff Because of his Protected Free Speech Violates the First and Fourteenth Amendments to the United States Constitution

In this case, Plaintiff alleges that Defendants Wise and Pilver, acting under color of state law, retaliated against Plaintiff for complaining about their actions and certain policies of the James J. Lunsford Law Library by issuing a trespass warning to him, causing Plaintiff to be arrested, and by maintaining the trespass warning in place so that Plaintiff was barred from receiving information in the James J. Lunsford Law Library. (Amended Complaint, pp. 13-42). These actions violated clearly established law. *Brown*, 383 U.S. at 143 ("A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it

must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use -- whether they are ad hoc or general -- as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights."); *Perry*, 460 U.S. at 46 (Even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view."). Defendants Wise and Pilver are not entitled to qualified immunity.

## V. CONCLUSION

Plaintiff has a clearly established right to access and receive the forty-three-thousand volumes of information, and the electronic research (WestLaw) capabilities, provided free through the James J. Lunsford Law Library and Law Library Board to the Court Bench, Bar Association, and the General Public. Plaintiff was not provided any pre-bar hearing to be notified of accusations made against him, to present evidence, to confront his accusers, or to testify in-person in his defense. Neither was the Plaintiff provided any post-bar hearing or procedure to appeal the trespass warning and barring of Plaintiff's access to the Law Library. (Dkt. #31 Exh. #15; Dkt. # 31 Depo. Wise p.28-30) Defendant Wise had conferred with Law Library Board Chair Kellaher, via telephone regarding Pilver's ad-hoc policy to trespass and bar the Plaintiff permanently from the Law Library. Under the guise of the Plaintiff being a threat to Law Library staff, Wise convinced Kellaher of there being no other viable course of action, and negotiated Kellaher's endorsement of the Wise and Pilver ad-hoc policy to permanently bar the Plaintiff from the Law Library. Kellaher endorsed the ad-hoc policy on behalf of the Law Library Board. It was the custom of the Law Library Board, and one of Kellaher's duties as Chair, because it

7

was impossible to get the Law Library Board together. The ad-hoc policy has kept the Plaintiff barred from the Law Library for nearly 6 years to date. Wise was a Decision-Maker and or part of the Decision-Making Process and there is not a minute amount of evidence that the Plaintiff caused any disturbance or threatened anyone when he was trespass and barred from the Law Library. Pilver is not entitled to qualified immunity.

DATED this __1st__ day of __May__, 2009.

*Dennis Hunt*
DENNIS HUNT, PRO-SE
2319 Nantucket Drive
Sun City Center, FL 33573
Tel: (813) 436-9915
E-mail: huntdennis2007@yahoo.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been forwarded via U.S.P.S First Class Mail to Stephen M. Todd, Senior Assistant County Attorney, P.O. Box 1110, Tampa FL 33601-1110, on this __1st__ day of __May__, 2009.

*Dennis Hunt*
DENNIS HUNT, PRO-SE

### SWORN STATEMENT

I have read the foregoing Motion and under the penalties of perjury, I state the facts stated therein are true and correct.

May 1, 2009
DATE

*Dennis Hunt*
DENNIS HUNT, PRO-SE
2319 Nantucket Drive
Sun City Center, FL 33573-8005

8