FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2009 MAY 22 PH 4: 45

CLERK, U S DISTRICT CT
DISTRICT OF FLOR
TAMPA, FLORIDA

DENNIS HUNT,

          **Plaintiff,**

vs.                                    Case No. 8:07-cv-1168-T-30TBM

LAW LIBRARY BOARD,                     JURY TRIAL DEMANDED
  a Board created by                   INJUNCTIVE RELIEF REQUESTED
  Hillsborough County, Florida;

NORMA J. WISE,
  In her official capacity as Director
  of the James J. Lunsford Law Library,
  and individually; and,

DAVID L. PILVER,
  individually,

          **Defendants.**
_____/

## PLAINTIFF'S SECOND AMENDED RESPONSE
## TO DEFENDANT WISE'S
## MOTION FOR SUMMARY JUDGEMENT

COMES NOW Dennis Hunt, the Plaintiff in this cause of action, appearing PRO-SE and filing this FIRST AMENDED RESPONSE TO DEFENDANT NORMA J. WISE'S MOTION FOR SUMMARY JUDGEMENT and states as follows:

I.    **INTRODUCTION**

Plaintiff's Amended Complaint pled causes of action against three defendants: The Law Library Board, Norma J. Wise, individually and in her official capacity, and David L. Pilver, individually, alleging that the respective defendants had violated Plaintiffs rights protected by the First and Fourteenth Amendments to the United States Constitution.

1

Each of the three defendants has filed a motion for summary judgement. (Dkt. #40 Law Library; Dkt. #32 Wise; Dkt. #28 Pilver) Wise's arguments regarding Count IV of Plaintiff's Amended Complaint (Dkt. #9 Amended Complaint ) are incorporated into the Law Library Board's motion for summary judgement (Dkt. #40 Law Library Board), and therefore Plaintiff's response to those arguments will be addressed in his response to the Law Library Board's (Dkt. #40 Law Library Board) motion for summary judgement.

As to the individual claims against Norma J. Wise, defense counsel moves for Summary Judgement on two grounds: (1) Wise was not a decision maker or otherwise part of the issues that form the subject matter of Plaintiff's claims; and (2) Wise is protected by qualified immunity. (Dkt. #32 Wise)

Plaintiff's Response to Defendant Pilver's Motion for Summary Judgement and replaced thereafter by the last subsequent amended version, is incorporated here by reference. Plaintiff's Amended Response to Defendant Law Library Board's Motion for Summary Judgement and replaced thereafter by the last subsequent amended version, is incorporated here by reference.

## II. BACKGROUND

The Plaintiff Dennis Hunt (herein "Plaintiff" or "Hunt") was a patron of the James J. Lunsford Law Library (herein, "Law Library") during the years of 2002 and 2003. The Plaintiff is now, and was at all times relevant to this lawsuit, a "Qualified Individual with Disabilities" and "Disabled", pursuant to United States Social Security Administration Disability Determination. Additionally, the Plaintiff is now, and was at all times relevant to this lawsuit, a recipient of Federal Housing Assistance, commonly referred to as "Section-8".

Plaintiff's claims arise from his use of the James J. Lunsford Law Library (herein "Law Library"). The Law Library is a public library created by Hillsborough County Ordinance No.

2

01-16. It is funded by occupational license taxes collected from attorneys and court filing fees collected by the Hillsborough County Clerk of Court. Pursuant to Hillsborough County Ordinance No. 01-16. Defendant Law Library Board (herein "Law Library Board") was created with full power and authority to maintain the Law Library for the use by the courts, members of the bench and bar, and the general public (Dkt. #21 Order). At all times relevant to this action, Defendant Norma J. Wise (herein "Wise") a.k.a. Norma J. Brown of Clearwater, FL was and is now an employee of the Law Library Board serving as "Director" of the Law Library. Defendant David L. Pilver (herein "Pilver") of 8649 N. Himes Ave, Apt. 921, Tampa, FL 33614-8364 was at all times relevant to this action, an employee of Defendant Law Library Board and was hired by the Law Library Board and/or Wise as a library assistant.

Sandra M. Kellaher, (herein "Kellaher") of Brandon, FL was in the year of 2003 and for 14 years prior, a Member of the Law Library Board, and in 2003 was Chair of the Law Library Board.

During 2003, the Plaintiff was patronizing the Law Library several times each week, mostly during the evening hours on weekdays, and during the afternoon hours on weekends. During the same time period and for years following, Plaintiff regularly visited and sat-in on various Court Hearings and Trials of the Thirteenth Judicial District, in and for Hillsborough County, Florida, to self-educate himself in the Judicial System and Laws of Florida. Plaintiff's initial goal was to enable himself to recover the value of his automobile through the Judicial System.[1]

---

[1] During a period of time when the Plaintiff was out-of-state, Plaintiff lost Title and Ownership of his automobile due to wrongful acts by the Board of Directors of the Condominium Association where Plaintiff resided. The Board of Directors ordered the removal of Plaintiff's automobile from a reserved parking space assigned for the exclusive use of Plaintiff's residence. After removing Plaintiff's automobile from the property, the Secretary

3

member of the Board of Directors used Plaintiff's reserved parking space to park her automobile, leaving her reserved parking space open for the parking of her overnight and weekend guests.

Plaintiff believes the action taken by the condominium Board of Directors was to evict Plaintiff because his application showed he was receiving Section-8 housing assistance. The board's motivation to act against the Plaintiff, was like the ingrained and ignorant hatred that Defendant Pilver in the present case holds against Section-8 people: "Those Section-8 people don't even work, pay any rent, or anything else, and they are not even allowed in the apartment building that I live in." In the present case, Pilver and Wise took action to evict the Plaintiff from the Law Library.

### III. WISE WAS A DECISION MAKER OR OTHERWISE PART OF THE DECISION MAKING PROCESS.

In deposition testimony on January 8, 2009 (Dkt. #28 Exh. #4), Wise tells that she has drafted changes to the Law Library Rules (Dkt. #28 Exh. #4 Depo. Wise p.12 lines 18-25; Dkt. #31 Exh. #12), indicating her involvement in decision making processes. Additionally Wise had made an Internet inquiry to the message board of the University of California, Davis, the LAWLIB LISTSERV, wherein Wise sought support of her position about not allowing patrons to make copies with their own copy devices (Dkt. #28 Exh. #4 Depo. Wise p.19-20; Dkt. #31 Exh. #12), also indicating Wise's involvement in Decision Making Processes.

In deposition testimony on January 8, 2009 (Dkt. #31 p.24-28, 31-33), Wise denies her involvement in the Decision-Making Process of the ad-hoc policy to trespass and bar the Plaintiff from the Law Library. Although in trial proceedings on June 8, 2005 (Dkt. #28 Exh. #2), Kellaher testified that Wise contacted her telephonically to confer over the ad-hoc policy that Wise and Pilver wanted Kellaher to endorse as Chair and custom of the Law Library Board. It was custom of the Law Library Board and duty of Kellaher to act on behalf of the Law Library Board, as Kellaher testified that it was impossible to get the Law Library Board together. (Dkt. #28 Exh. #2 p.88-98)

### IV. DEFENDANT WISE IS NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE PLAINTIFF'S RIGHTS WERE CLEARLY ESTABLISHED ON THE DATE THE DEFENDANTS VIOLATED THEM

4

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> As we have explained, qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier v. Katz*, 533 U.S. at 206. For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see *Mitchell v. Forsyth*, 472 U.S. 511, 535 . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 [] (1987).

*Hope v. Pelzer*, 536 U.S. 730, 739 (U.S. 2002).

In this case, Defendants Wise's and Pilver's actions violated clearly established law. Plaintiff had a clearly established right to receive information in the James J. Lunsford Law Library, and it was also clearly established Defendants Wise's and Pilver's retaliation against Plaintiff because he engaged in free speech by criticizing Defendants Wise and Pilver violated his First and Fourteenth Amendment rights.

### A. Plaintiff Had a Clearly Established Right to Receive Information at the James J. Lunsford Law Library

"The James J. Lunsford Law Library is a public library, created by Hillsborough County Ordinance No. 01-16 . . . [and] is open to the general public." (Amended Complaint, p, 8, 12). In 1943, the Supreme Court held that the First Amendment protects the right to receive information. *Martin v. Struthers*, 319 U.S. 141, 143 (1943). This was reiterated in 1965, *Griswold v. Connecticut*, 381 U.S. 479 (1965), and 1969, *Stanley v. Georgia*, 394 U.S. 557 (1969).

Receiving information in a public library is a clearly established right. In *Brown v. Louisiana*, 383 U.S. 131, 143 (1966), the petitioners were arrested for refusing to leave a public library upon demand, even though they were silently protesting. *Id.* at 139. The Supreme Court "noted that petitioners' presence in the library was unquestionably lawful. It was a public facility, open to the public." *Id.* The law has been well-established that even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983). "A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use — whether they are ad hoc or general — as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights." *Brown*, 383 U.S. at 143.2

Thus, it is clearly established that the Plaintiff had a right to receive information from the public library.

---

2 When a person seeks to use government property for expressive conduct, different rules apply depending on the type of property involved. "In balancing the government's interest in limiting the use of its property against the interests of those who wish to use the property for expressive activity, the Court has identified three types of fora: the traditional public forum, the public forum created by government designation, and the nonpublic forum." *Board of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 573 (1987)(citing *Perry Ed. Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45-46 (1983)).

"In these quintessential public forums, the government may not prohibit all communicative activity. For the State to enforce a content-based exclusion it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end .... The State may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." *Perry*, 460 U.S. at 45. "We have further held, however, that access to a nonpublic forum may be restricted by government regulation as long as the regulation 'is reasonable and not an effort to suppress expression merely because officials oppose the speaker's view.'" *Jews for Jesus, Inc.*, 482 U.S. at 573 (quoting *Perry*, 460 U.S. at 46).

B. **The Law Is Clearly Established That Defendants Wise's and Pilver's Retaliation Against Plaintiff Because of his Protected Free Speech Violates the First and Fourteenth Amendments to the United States Constitution**

In this case, Plaintiff alleges that Defendants Wise and Pilver, acting under color of state law, retaliated against Plaintiff for complaining about their actions and certain policies of the James J. Lunsford Law Library by issuing a trespass warning to him, causing Plaintiff to be arrested, and by maintaining the trespass warning in place so that Plaintiff was barred from receiving information in the James J. Lunsford Law Library. (Amended Complaint, pp. 13-42). These actions violated clearly established law. *Brown*, 383 U.S. at 143 ("A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use -- whether they are ad hoc or general -- as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights."); *Perry*, 460 U.S. at 46 (Even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view.").

Defendants Wise and Pilver are not entitled to qualified immunity.

V. **CONCLUSION**

Plaintiff has a clearly established right to access and receive the forty-three-thousand volumes of information, and the electronic research (Lexis/WestLaw) capabilities, provided through the James J. Lunsford Law Library and Law Library Board to the Court Bench, Bar Association, and the General Public. Plaintiff was not provided any pre-bar hearing to be notified of accusations made against him, to present evidence, to confront his accusers, or to testify in-

7

person in his defense. Neither was the Plaintiff provided any post-bar hearing or procedure to appeal the trespass warning and barring of Plaintiff's access to the Law Library. (Dkt. #31 Exh. #15; Dkt. # 31 Depo. Wise p.28-30) Defendant Wise had conferred with Law Library Board Chair Kellaher, via telephone regarding the ad-hoc policy to trespass and bar the Plaintiff permanently from the Law Library. Under the guise of the Plaintiff being a threat to Law Library staff, Wise convinced Kellaher of there being no other viable course of action, and negotiated Kellaher's endorsement of the Wise and Pilver ad-hoc policy to permanently bar the Plaintiff from the Law Library. Kellaher endorsed the ad-hoc policy on behalf of the Law Library Board. It was the custom of the Law Library Board, and one of Kellaher's duties as Chair, because it was impossible to get the Law Library Board together. The ad-hoc policy has kept the Plaintiff barred from the Law Library for nearly 6 years to date. Wise was a Decision-Maker and part of the Decision-Making Process that bars the Plaintiff from the Law Library. Wise retaliated against the Plaintiff for his exercising of protected First Amendment rights, letters of complaint. Wise is not entitled to qualified immunity.

Respectfully submitted and dated this __22nd__ day of __May__, 2009.

_____
DENNIS HUNT, PRO-SE
2319 Nantucket Drive
Sun City Center, FL 33573
Tel: (813) 436-9915
E-mail: huntdennis2007@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been forwarded via U.S.P.S First Class Mail to Stephen M. Todd, Senior Assistant County Attorney, P.O. Box 1110, Tampa FL 33601-1110, on this ____22nd____ day of _____May___, 2009.

                                                DENNIS HUNT, PRO-SE


## SWORN STATEMENT

I have read the foregoing Motion and under the penalties of perjury, I state the facts stated therein are true and correct.

| May 22, 2009 | |
|---|---|
| DATE | DENNIS HUNT, PRO-SE |
| | 2319 Nantucket Drive |
| | Sun City Center, FL 33573-8005 |

2ndAmendRespWiseSJ.doc

03-25436
CASE NUMBER
DIVISION E

EXHIBIT
#35

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR
THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA

TAMPA DISTRICT

SEP 15 2003
_____, Spring Term, 2003

| | |
|---|---|
| STATE OF FLORIDA<br><br>V.<br><br>DENNIS HUNT | DIRECT<br>INFORMATION FOR:<br><br>COUNT ONE<br>TRESPASS ON PROPERTY<br>OTHER THAN STRUCTURE<br>OR CONVEYANCE<br>F.S. 810.09(1)(a) AND (2)(a)<br>1ST DEGREE MISDEMEANOR<br><br>COUNT TWO<br>INTERFERENCE WITH COUNTY<br>OFFICER OR EMPLOYEE<br>HILLSBOROUGH COUNTY<br>ORDINANCE NO. 26-1 |

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA, MARK A. OBER, STATE ATTORNEY OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR THE COUNTY OF HILLSBOROUGH, CHARGES THAT:

COUNT ONE

DENNIS HUNT, on the 1st day of July, 2003, in the County of Hillsborough and State of Florida, did without being authorized, licensed, or invited, willfully enter upon or remain in property other than a structure or conveyance the property of the HILLSBOROUGH COUNTY LAW LIBRARY as to which notice against entering or remaining had been given, either by actual communication or by posting, fencing or cultivation.

## COUNT TWO

DENNIS HUNT, on the 1st day of July, 2003, did interfere with, hamper, or harass a county officer or employee, to-wit: DAVID PILVER, while the said DAVID PILVER was engaged in the performance of his duties as a county officer or employee.

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

Personally appeared before me the undersigned Assistant State Attorney of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, who, being first duly sworn, says that this prosecution is being instituted in good faith.

_____
Assistant State Attorney of the
Thirteenth Judicial Circuit in and
For Hillsborough County, Florida
Florida Bar # 0881953

Sworn to and subscribed before me at Tampa, Florida
This ___15___ day of September 2003

_____
Signature of Notary Public - State of Florida

_____
Print, Type or Stamp Commissioned Name of Notary
And Date Commission Expires

Personally known ✓ or Produced Identification ___

_____
Type of Identification Produced

September 12, 2003
KRISTIE L. COLSON/SM

FILED 2003 SEP 15 PH 1:34

HILLSBOROUGH COUNTY CRIMINAL DIVISION - MISDEMEANOR  Jct Returned

DATE: 03-NOV-2003        SCHED TIME: 08:00 AM        CASE ID: 03-CM-025436 DIV: E
JUDGE: NAZARETIAN, NICK  ROOM CODE: CR21             OFFENSE DATE: 01-JUL-2003
DEF: HUNT, ~~DENNIS~~ B.  PARTY ID: @941721          SOID #:
AKA'S: HUNT, DENNIS      BOOKING #:                  JAIL IND: N
                         ELEC CT REP:                ATTORNEY:           EXHIBIT
                                                     ST. ATTY:           #36

( )RECALL ( )LEAVE OUTSTANDING ( )NOT ISSUED ( )SET ASIDE EST ( )NOT EST

COUNT  CHARGE LEVEL      CHARGE DESCRIPTION                EVENT  BOND AMT  TYPE
  1    MISDEMEANOR       TRESPASS ON PROP OTHER THAN       DIAR
  2    ~~COUNTY ORDIN~~  INTERFERE WITH COUNTY OFFICE      DIAR
*********************************************************************************
APPEARANCE    (X)NOAD    ( )IN CUSTODY - THIS CASE Y/N    ( ) WAIVED APPEARANCE
( )DEFENDANT  ( )INTERPRETER_____ ( )VICTIM ( )PARENT ( )OTHER_____
(X)COUNSEL  PD Dana Hecle_____ ( )PD APPOINTED ( )_____APPLI FEE
PLEA:
( )NOT GUILTY ( )GUILTY ( )NO CONTEST ( )NONE ( )COURT ( )VOP ADMIT ( )VOP DENY
CASE CONTINUED TO: _____ ( )AM ( )PM ( )PRETRIAL_____
( )DISPO ( )NJT ( )VOP ( )MOT ( )JURY ( )REVIEW ( )COMP ( )TPA ( )SENT ( )ARN
( )VOP SENT ( )VOP HRG W/W
                                        Den$

MINUTES:                                MINUTES:
( )JURY ( )NON JURY ( )JURY SWORN ( )MOT  ( )WAIVE ( )ARGN ( )SPEEDY TRIAL ( )JURY
( )TESTIMONY ( )EVIDENCE: ( )RECD ( )RLSD ( )STRIKE ( )UNSERVED SUMMONS ( )NO ACTION
( )JOA ( )GRANTED ( )DENIED              ( )RESTITUTION ( )MADE ( )MAKE
( )VERDICT ( )GUILTY ( )NOT GUILTY.
                                        ( )ESTREAT BOND
DISPOSITION:                            ( )ISSUE CAPIAS/BOND SET AT $_____
( )FOUND IN VIOL (X)YES ( )NO           ( )ISSUE CAPIAS/BOND SET AT $_____
( )DISMISSED: (X)NOLLE PROSSED:         ( )ISSUE CAPIAS/BOND SET AT $_____
( )MIP / DIVERSION CLOSE FILE           ( )FAIL TO PAY ( )CASH BOND
( )PROB TERMINATED ( )SUCC ( )UN-SUCC
******************************SENTENCE INFORMATION******************************
: ( )WITHHOLD ( )GUILTY $____FINE $____COSTS $____DRUG TRUST $____CT FAC
     PROBATION:____MONTHS ( )REVOKE ( )REINSTATE ( )SAME TERMS ( )CONTINUE
     JAIL:_____ ( )DAYS ( )MONTHS ( )W/CREDIT ( )YEAR ( )TIME SRVD ( )SUSP
: ( )WITHHOLD ( )GUILTY $____FINE $____COSTS $____DRUG TRUST $____CT FAC
     PROBATION:____MONTHS ( )REVOKE ( )REINSTATE ( )SAME TERMS ( )CONTINUE
     JAIL:_____ ( )DAYS ( )MONTHS ( )W/CREDIT ( )YEAR ( )TIME SRVD ( )SUSP

( )TO PAY TODAY                    ( )MAKE RESTITUTION           ( )DUI SCH ( )LVII
( )NO CONTACT WITH VICTIM          ( )COMM SERV HRS____NEAT/HCSOWD ( )VICT IMP PANEL
( )NO VIOLENT CONTACT WITH VICTIM  ( )DR.LIC REVOC_____         ( )DEF DR.SCH
( )DOM VIOL ASSM&TRMT IF NEEDED    ( )RECIPROCAL CONVERSION        ( )GET LICENSE
( )ANGER MGMT CLASS                ( )SPECIFIED RESIDENCY          ( )DO NOT DRIVE
( )ATTEND AA/NA MEETINGS           ( )LETTER OF APOLOGY            ( )HEALTH TEST
( )EVAL/TRMT: ( )DRUG ( )ALCL ( )PSYCH ( )PETIT THEFT SCHOOL       ( )AIDS VIDEO
( )RANDOM URINE SCREENS            ( )STAY AWAY FROM LOC. OF OFFENSE ( )IND SCREEN
( )CONCURRENT W/_____  ( )CONSECUTIVE TO_____       ( )W/IN____DAYS
( )EARLY TERM ( )YES ( )NO         ( )PD LIEN $_____
                                              ( )CASE RECALLED SEE PAGE_____

DEFENDANT'S SIGNATURE_____        PAY BY _____
                                                    OR APPEAR IN COURT ON_____

FAILURE TO APPEAR OR PAY FINE AT NEXT SCHEDULED COURT DATE WILL RESULT IN CAPIAS
BEING ISSUED.
WAD JDSE CTHC JONG JOAF **** ORPR JUDG WJT **** TKCB CBRO CDOB **** PPFEE
                          MCorT