FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2009 MAY 29 PM 2: 22

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DENNIS HUNT,

    Plaintiff,

vs.

Case No. 8:07-cv-1168-T-30TBM

LAW LIBRARY BOARD,
a Board created by
Hillsborough County, Florida;

**JURY TRIAL DEMANDED**
**INJUNCTIVE RELIEF REQUESTED**

NORMA J. WISE,
In her official capacity as Director
of the James J. Lunsford Law Library,
and individually; and,

DAVID L. PILVER,
individually,

    Defendants.
_____/

## PLAINTIFF'S SECOND AMENDED RESPONSE TO DEFENDANT PILVER'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Dennis Hunt, the Plaintiff in this cause of action, appearing PRO-SE and filing this Second Amended Response to Defendant David L. Pilver's Motion for Summary Judgment, and states as follows:

### I.    INTRODUCTION

Plaintiff's Amended Complaint pled causes of action against three defendants: The Law Library Board, Norma J. Wise individually and in her official capacity, and David L. Pilver individually, alleging that the respective defendants had violated Plaintiffs rights protected by the First and Fourteenth Amendments to the United States Constitution.

Each of the three defendants has filed a motion for summary judgment. (Dkt. 40 Law Library Board; Dkt. 32 Wise; Dkt. 28 Pilver) As to the individual claims against David L. Pilver,

1

defense counsel moves for Summary Judgment on two grounds: (1) Pilver is protected by the doctrine of qualified immunity; and (2) Plaintiff has no clearly established right to access and receive the forty-three-thousand volumes of information, and electronic research (Lexis/WestLaw) capabilities, provided free by the Law Library Board to the Hillsborough County Court Bench, Bar Association, and the General Public. (Dkt. #28, Pilver)

## II.  BACKGROUND

The Plaintiff Dennis Hunt (herein "Plaintiff" or "Hunt") was a patron of the James J. Lunsford Law Library (herein, "Law Library") during the years of 2002 and 2003. The Plaintiff is now, and was at all times relevant to this lawsuit, a "Qualified Individual with Disabilities" and "Disabled" pursuant to United States Social Security Administration Disability Determination. Additionally Plaintiff is now and was at all times relevant to this lawsuit, a recipient of Federal Housing Assistance, commonly referred to as "Section-8".

Plaintiff's claims arise from his use of the James J. Lunsford Law Library (herein "Law Library"). The Law Library is a public library created by Hillsborough County Ordinance No. 01-16. It is funded by occupational license taxes collected from attorneys and court filing fees collected by the Hillsborough County Clerk of Court pursuant to Hillsborough County Ordinance No. 01-16. Defendant Law Library Board (herein "Law Library Board") was created with full power and authority to maintain the Law Library for the use by the courts, members of the bench and bar, and the general public (Dkt. 21 Order). At all times relevant to this action, Defendant Norma J. Wise (herein "Wise") a.k.a. Norma J. Brown of Clearwater, FL was an employee of Defendant Law Library Board serving as "Director" of the Law Library. Defendant David L. Pilver (herein "Pilver"), last known address of 5520 Gun Hwy #208, Tampa, FL 33624, was at

all times relevant to this action, an employee of Defendant Law Library Board and was hired by the Law Library Board and/or Wise as a library assistant.

Sandra M. Kellaher, (herein "Kellaher") of Brandon, FL was during the year of 2003 and for 14 years prior, a Member of the Law Library Board, and in 2003 was Chair of the Law Library Board.

During 2003, the Plaintiff was patronizing the Law Library several times each week, mostly during the evening hours on weekdays and the afternoon hours on weekends. During the same time period and for 5 years following, Plaintiff regularly visited and sat-in on various Court Hearings and Trials of the Thirteenth Judicial District, in and for Hillsborough County, Florida, to self-educate himself in the Judicial System and Laws of Florida. Plaintiff's initial goal was to enable himself to recover the value of his automobile through the Judicial System. [1]

---

[1] During a period of time when the Plaintiff was out-of-state, Plaintiff lost Title and Ownership of his automobile due to wrongful acts by the Board of Directors of the Condominium Association where Plaintiff resided. The Board of Directors ordered the removal of Plaintiff's automobile from a reserved parking space assigned for the exclusive use of Plaintiff's residence. After removing Plaintiff's automobile from the property, the Secretary member of the Board of Directors used Plaintiff's reserved parking space to park her automobile, leaving her reserved parking space open for the parking of her overnight and weekend guests.

Plaintiff believes the action taken by the condominium Board of Directors was to evict Plaintiff because his application showed he was receiving Section-8 housing assistance. The board's motivation to act against the Plaintiff, was like the ingrained and ignorant hatred that Defendant Pilver in the present case holds against Section-8 people: "Those Section-8 people don't even work, pay any rent, or anything else, and they are not even allowed in the apartment building that I live in." In the present case, Pilver and Wise took action to evict the Plaintiff from the Law Library.

## III. WISE WAS A DECISION MAKER OR OTHERWISE PART OF THE DECISION MAKING PROCESS FOR PILVER.

In deposition testimony on January 8, 2009 (Dkt. 28 Exh. 4, Wise Depo.), Wise tells that she has drafted changes to the Law Library Rules (Dkt. 28 Exh. 4, Wise Depo. p.12 lines 18-25; Dkt. 31 Exh. 12), indicating her involvement in decision making processes. Additionally Wise had made an Internet inquiry to the message board of the University of California, Davis, the

LAWLIB LISTSERV, wherein Wise sought support of her position about not allowing patrons to make copies with their own copy devices (Dkt. 28 Exh. 4, Wise Depo. p.19-20; Dkt. 31 Exh. 12), also indicating Wise's involvement in Decision Making Processes.

In deposition testimony on January 8, 2009 (Dkt. 31 p.24-28, 31-33), Wise denies her involvement in the Decision-Making Process of the ad-hoc policy providing an absolute and unfettered discretion to Pilver, to trespass and permanently bar the Plaintiff from the Law Library. In the criminal trial of the Plaintiff on June 8, 2005 (Dkt. 28 Exh. #2), Kellaher, the Chair of the Law Library Board, testified under oath and before a jury, that Wise contacted her telephonically to confer over the ad-hoc policy Wise and Pilver sought Kellaher to endorse as Chair of the Law Library Board. Kellaher made it clear to the jury that it was the custom of the Law Library Board, and one of her duties as the Board Chair to act for the Law Library Board, as it was impossible to get the Law Library Board together. (Dkt. 28 Exh. 2 p. 88 – 97)

IV.    **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)). A fact is

material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

## V.    SECTION 1983 CIVIL LIABILITY

Section 1983 imposes civil liability on any person who, under color of state law, "subjects, or causes to be subjected" a person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

Plaintiff alleges that Pilver violated his First Amendment rights. Specifically, his right to free speech, right to access the Law Library, right to receive information and ideas, right to petition for change and redress of his grievances, right to association and right to protest. Plaintiff additionally alleges that Pilver, Wise and the Law Library Board violated his Fourteenth Amendment rights to substantial and procedural due process.

Pilver claims that in his individual capacity he is shielded from liability by the doctrine of qualified immunity. (Dkt. 28) This court has already once found that Pilver in his individual capacity is not shielded from liability by the doctrine of qualified immunity. (Dkt. 21, Order)

"Qualified immunity protects government officials performing discretionary functions as long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[2] *Sharp v. Fisher*, 532 F.3d 1180, 1183 (11th Cir. 2008) (quoting *Beshers v. Harrison*, 495 F.3d 1260, 1265 (11th Cir. 2007)). Qualified immunity relieves government officials from the need to "constantly err on the side of caution" by protecting them from liability and the burdens of litigation. *Holmes v. Kucynda*, 321 F.3d 1069, 1077 (11th Cir. 2003) (citations omitted). However, "it does not offer protection 'if an official knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the [plaintiff].'" Id. (quoting *Lambert v. Fulton County*, 253 F.3d 588, 596 (11th Cir. 2001)).

---

2 Plaintiff does not dispute that Pilver was a government official performing discretionary functions. Accordingly, the only issue before the Court is whether Plaintiff can show that Pilver violated a clearly established constitutional right of which a reasonable person would have known.

"It is well established that a plaintiff seeking to overcome the defendant's privilege of qualified immunity must show (1) that the officer violated his federal constitutional or statutory

rights, and (2) that those rights were clearly established at the time the officer acted." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008). The threshold question is whether the facts alleged, taken in the light most favorable to the plaintiff, establish a constitutional violation at all. *Holmes*, 321 F.3d at 1077. If no constitutional violation is established, then no further inquiries regarding qualified immunity are needed. Id. If, on the other hand, the facts establish a constitutional violation, then the plaintiff must further show that the right was "clearly established." Id. (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

"For a constitutional right to be clearly established, the contours of that right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). It is not necessary that the facts in prior cases be fundamentally similar or even materially similar to the facts alleged; it is sufficient if pre-existing law gives the official "fair warning that their alleged [conduct is] unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

## VI.  PLAINTIFF'S RIGHTS WERE CLEARLY ESTABLISHED ON THE DATE DEFENDANT PILVER VIOLATED THEM

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

> As we have explained, qualified immunity operates "to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier v. Katz*, 533 U.S. at 206. For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see *Mitchell v. Forsyth*, 472 U.S. 511, 535 . . . but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 [] (1987).

*Hope v. Pelzer*, 536 U.S. 730, 739 (U.S. 2002).

In this case, Defendant Pilver's actions violated clearly established law. Plaintiff had a clearly established right to receive information and ideas, the written words within the forty-three-thousand volumes of law books, provided by the Law Library Board and through access to the James J. Lunsford Law Library. It was also clearly established that Defendants' Wise and Pilver's retaliation against Plaintiff because he engaged in free speech by criticizing Law Library Policy and Defendants Wise and Pilver violated his First Amendment rights.

### A. Plaintiff Had a Clearly Established Right to Receive Information at the James J. Lunsford Law Library

"The James J. Lunsford Law Library is a public library, created by Hillsborough County Ordinance No. 01-16 . . . [and] is open to the general public." (Amended Complaint. p. 8, 12). In 1943, the Supreme Court held that the First Amendment protects the right to receive information. *Martin v. Struthers*, 319 U.S. 141, 143 (1943). This was reiterated in 1965, *Griswold v. Connecticut*, 381 U.S. 479 (1965), and 1969, *Stanley v. Georgia*, 394 U.S. 557 (1969).

Receiving information in a public library is a clearly established right. In *Brown v. Louisiana*, 383 U.S. 131, 143 (1966), the petitioners were arrested for refusing to leave a public library upon demand, even though they were silently protesting. *Id.* at 139. The Supreme Court "noted that petitioners' presence in the library was unquestionably lawful. It was a public facility, open to the public." *Id.* The law has been well-established that even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983). "A State or its instrumentality

may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use — whether they are ad hoc or general — as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights." *Brown*, 383 U.S. at 143. 3

Thus, it is clearly established that the Plaintiff had a right to receive information from the public library.

---

3 When a person seeks to use government property for expressive conduct, different rules apply depending on the type of property involved. "In balancing the government's interest in limiting the use of its property against the interests of those who wish to use the property for expressive activity, the Court has identified three types of fora: the traditional public forum, the public forum created by government designation, and the nonpublic forum." *Board of Airport Comm'rs v. Jews for Jesus, Inc.*, 482 U.S. 569, 573 (1987)(citing *Perry Ed. Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 45–46 (1983)).

"In these quintessential public forums, the government may not prohibit all communicative activity. For the State to enforce a content-based exclusion it must show that its regulation is necessary to serve a compelling state interest and that it is narrowly drawn to achieve that end .... The State may also enforce regulations of the time, place, and manner of expression which are content-neutral, are narrowly tailored to serve a significant government interest, and leave open ample alternative channels of communication." *Perry*, 460 U.S. at 45. "We have further held, however, that access to a nonpublic forum may be restricted by government regulation as long as the regulation 'is reasonable and not an effort to suppress expression merely because officials oppose the speaker's view.' *Jews for Jesus, Inc.*, 482 U.S. at 573 (quoting *Perry*, 460 U.S. at 46).

## B. Plaintiff had a Clearly Established Right to Silent Protest at the Library, as in *Brown v. Louisiana*

The Plaintiff in this case had the same right to silent protest as in *Brown v. Louisiana*, 86 S. Ct. 719, 383 U.S. 131 (1966). In fact, the Plaintiff conducted himself in a no less admirable fashion than those in *Brown*. On July 5, 2003, Pilver exercised the ad-hoc policy to retaliate and get even for the written complaints that Plaintiff had made of Pilver to his supervisor Wise and the Law Library Board. (Doc 9 Exh. 1, 3, 5, 7) Plaintiff's written complaints of Pilver were protected by the First Amendment right to free speech, and right to petition his Government for a redress of grievances, but even so, Pilver decided to get even and retaliate through the ad-hoc

policy he and Wise sought and received approval of, through the custom of the Law Library Board and duty of Kellaher as Chair of the Law Library Board. With Kellaher's approval, as the Chair of the Law Library Board, custom was the ad-hoc policy carried the weight of Law Library Board approval and force of law. As Kellaher testified in the criminal trial of the Plaintiff and before the jury on the 8th of June 2005, it was impossible to get the Board together, so it was her responsibility and duty as Chair of the Law Library Board to handle library matters for the Board herself. (Dkt. 28 Exh. 2 p. 88 – 97)

In response to Pilver's retaliation and exercising of the unbridled authority given him through the ad-hoc policy to trespass and permanently bar the Plaintiff from the Law Library, the Plaintiff gathered together his personal copier, legal research files and belongings. The Plaintiff then informed Tampa PD Officer Charles Hathcox ("Hathcox") of his personal belongings and told Hathcox: "Now I'm going to sit-down and I'm going to stay here until 5 PM. Until 5 PM closing time." (see Trial Transcript, Dkt. 28 Exh. 2 p. 134-135) Plaintiff then sat down. Plaintiff's intent was to sit in silent protest of his being ejected without just cause, just as the black patrons had done in _Brown_. There was more than one-hour's time before the Library would close at 5 P.M. and the Plaintiff had caused no disturbance and was not interfering with the purpose of the Law Library, any other patron's use of the Law Library, or with Library Staff. Furthermore, the Plaintiff was not yet informed of the Comic Book like characterization and accusations that Pilver and Wise were making of him, and he had no good reason to think he should have to depart the Law Library during open hours for the general public. Plaintiff alleges that both Pilver and Wise knew and expected that the Plaintiff would not depart absent a just cause, as Plaintiff's civil case was already scheduled for trial. (Dkt. 50 Att. 1 Exh. 23) The ad-hoc policy to trespass and permanently bar the Plaintiff held the gravity and force of law, as

approved through the Law Library Board custom and duty of Kellaher as chair. (see. Testimony of Kellaher on 8th of June 2005, in second criminal trial of Plaintiff for trespassing) (Dkt. 28 Exh. 2 p. 88 – 97)

The Plaintiff was not provided any hearing before the ad-hoc policy permanently banned the Plaintiff from the Law Library. (Dkt. 28 Exh. 3 Pilver Depo. Exh. 9 Trespass Warning) Neither was the Plaintiff provided any hearing after the ad-hoc policy permanently barred the Plaintiff from accessing the information in the Law Library. The Law Library Board's ongoing indifference to the rights of the Plaintiff, is evidence of a custom of the Law Library Board to ignore patron rights and constitutional protections. Neither Pilver nor Wise has rescinded the barring of the Plaintiff from accessing the forty-three-thousand volumes of legal information and ideas, provided free to the court bench, bar and general public, by the Law Library Board and through access provided to the James J. Lunsford Law Library. The information provided by the Law Library Board through the Law Library is not generally available elsewhere. (Dkt. 50 Att. 1 Exh. 24) The Law Library Board has no policy or procedure by which the Plaintiff may appeal the trespass warning it authorized for Pilver and Wise to permanently bar Plaintiff's access to the Law Library. (Dkt. #9, Exh. #9)

The Plaintiff twice made written complaint of Pilver's aggressive behavior towards him. Plaintiff expressed concern of being injured by Pilver. (Dkt. 9 Exh. 5, 7) The Law Library Board endorsed an ad-hoc policy to permanently get rid of the Plaintiff, in retaliation for making written complaints of Pilver's aggressive behavior towards him. Pilver has a history of being aggressive towards others. In deposition, Pilver testified of a brawl escalating to a physical fight between himself and a roommate he was living with. (Dkt . 28 Exh. 3 p. 142 - 3, Pilver Depo.)

**C.** **The Law Is Clearly Established That Wise's and Pilver's Retaliation Against Plaintiff Because of his Protected Free Speech Violates the First and Fourteenth Amendments to the United States Constitution**

In this case, Plaintiff alleges that Defendants Wise and Pilver, acting under color of state law, retaliated against Plaintiff for complaining about their actions and certain policies of the James J. Lunsford Law Library by issuing a trespass warning to him, causing Plaintiff to be arrested, and by maintaining the trespass warning in place so that Plaintiff was barred from receiving information in the James J. Lunsford Law Library. (Dkt. 9 Amended Complaint, pp. 13-42). These actions violated clearly established law. *Brown*, 383 U.S. at 143 ("A State or its instrumentality may, of course, regulate the use of its libraries or other public facilities. But it must do so in a reasonable and nondiscriminatory manner, equally applicable to all and administered with equality to all. . . . it may not invoke regulations as to use -- whether they are ad hoc or general -- as a pretext for pursuing those engaged in lawful, constitutionally protected exercise of their fundamental rights."); *Perry*, 460 U.S. at 46 (Even when the government may restrict access to public property "for its intended purposes, communicative or otherwise," it may do so "as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view."). Thus, it is clearly established law that retaliation, like that of Pilver and Wise against the Plaintiff for his exercising of First Amendment rights is unlawful, violating Plaintiff's First and Fourteenth Amendment rights.

**VII.** **THE LAW LIBRARY BOARD CUSTOM AND AD-HOC POLICY THAT PILVER AND WISE UTILIZED TO TRESPASS AND PERMANENTLY BAR PLAINTIFF FROM ACCESSING THE LAW LIBRARY CARRIED WEIGHT AND FORCE OF LAW**

Tampa Police Officer Charles Hathcox arresting the Plaintiff for trespassing at the Law Library on the 5th of July 2003, and the two criminal trials prosecuting the Plaintiff for trespassing at the Law Library on the 5th of July 2003, is evidence of the Law Library Board's

custom and ad-hoc policy having the weight and force of law. Pilver used the ad-hoc policy and it's force of law to trespass the Plaintiff from the Law Library, cause prosecution of the Plaintiff for the criminal charge of trespassing, and permanently bar the Plaintiff from the Law Library. The ad-hoc policy provided Pilver with unbridled discretion and authority to trespass and permanently bar the Plaintiff from the Law Library, violating the Plaintiff's Fourteenth Amendment right to substantive and procedural due process. Plaintiff has a substantive due process right to use the Law Library to self-educate himself. No procedural due process hearing was provided to the Plaintiff before permanent barring Plaintiff's access to the Law Library and no procedural due process hearing was provided anytime afterwards. In fact, the Law Library Board is indifferent to the protection of the Plaintiff's rights. Besides the ad-hoc policy permanently barring the Plaintiff from the Law Library, the Law Library has no other written or non-written policies concerning "trespass warnings" or "enforcement of trespass warnings." (Dkt. 9 Exh. 9)

The ad-hoc policy endorsed by the Law Library Board through custom and duty of board chair Kellaher, enabled Pilver to permanently get rid of the Plaintiff, and get even for the Plaintiff's written letters of complaint and petitioning for change.

## VIII. CONCLUSION

Defendant Pilver violated the clearly established rights of the Plaintiff. Plaintiff had a clearly established right to access and receive the forty-three-thousand volumes of information and ideas, and the electronic research capabilities (Lexis/WestLaw), provided by the Law Library Board and through access to the James J. Lunsford Law Library. Plaintiff was not provided any pre-bar hearing to be notified of accusations made against him, to present evidence, to confront his accusers, or to testify in-person in his defense. Neither was the Plaintiff provided

any post-bar hearing or procedure to appeal the trespass warning and barring of Plaintiff's access to the Law Library. (Dkt. 31 Exh. 15; Dkt. 31 Wise Depo. p. 28 - 30) Defendant Wise had conferred with Law Library Board Chair Kellaher, via telephone regarding Pilver's ad-hoc policy to trespass and bar the Plaintiff permanently from the Law Library. Under the guise of the Plaintiff being a threat to Law Library staff, Wise convinced Kellaher of there being no other viable course of action, and negotiated Kellaher's endorsement of the Wise and Pilver ad-hoc policy to permanently bar the Plaintiff from the Law Library. Kellaher endorsed the ad-hoc policy on behalf of the Law Library Board. It was the custom of the Law Library Board, and one of Kellaher's duties as Chair, because it was impossible to get the Law Library Board together. The ad-hoc policy has kept the Plaintiff barred from the Law Library for nearly 6 years to date. Wise was a Decision-Maker and or part of the Decision-Making Process and there is not a minute amount of evidence that the Plaintiff caused any disturbance or threatened anyone when he was trespass and barred from the Law Library through the ad-hoc policy.

All of the arguments in Plaintiff's Response to Defendant Wise's Motion for Summary Judgment, and thereafter the last subsequent amended version replacing that motion, is incorporated here by reference. All of the arguments in Plaintiff's Response to Defendant Law Library Board's Motion for Summary Judgment, and thereafter the last subsequent amended version replacing that motion, is incorporated here by reference.

This court should deny Pilver's claim of qualified immunity and hold that "under the circumstances of this case, no reasonably competent officer would have concluded that the Plaintiff had no right to remain in the Law Library during open public hours, or no right to receive the legal information and ideas contained in the forty-three-thousand volumes and other materials provided exclusively through access to the Law Library."

Respectfully submitted and dated this ___11th___ day of ___May___, 2009.

_____
DENNIS HUNT, PRO-SE
2319 Nantucket Drive
Sun City Center, FL 33573
Tel: (813) 436-9915
E-mail: huntdennis2007@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been forwarded via U.S.P.S First Class Mail to Stephen M. Todd, Senior Assistant County Attorney, P.O. Box 1110, Tampa FL 33601-1110, on this_____11th_____day of _____May___, 2009.

_____
DENNIS HUNT, PRO-SE

## SWORN STATEMENT

I have read the foregoing Motion and under the penalties of perjury, I state the facts stated therein are true and correct.

___May 11, 2009___
DATE

_____
DENNIS HUNT, PRO-SE
2319 Nantucket Drive
Sun City Center, FL 33573-8005

r^Amen4Comp04cc/SJ dos

15

## Docket

*EXHIBIT*
*# 25*

| Name: HUNT, DENNIS B | Person Id: @941721 | | Party: D001 | Party Closed - Status: 06/08/2005 |
| UCN: 292003MM018502D001TA | Case Number: Case 03-CM-018502 | Case Created: 07/14/2003 Division: E | | Case Closed - Status: 06/08/2005 |

Case Type Description: MISDEMEANOR

Court Type: COUNTY CRIMINAL

| Filing Date | Party | Description | Text |
|---|---|---|---|
| 02/19/2009 | D001 | MANDATE FILED AFFIRMING | AMENDED |
| 02/13/2009 | D001 | MANDATE AFFIRMING | TRANSCRIPTS OF 6-6-05 & 6-8-05 FILED |
| 04/07/2008 | D001 | SEE DOCKET TEXT | CALLED AND LEFT MESSAGE FOR PARTY TO CALL ME - E-MAIL FROM DOUG - THIS ACNT WILL BE DELETED FROM CREDIT REPORTING IN 1-2 WEEKS - THEN IT CAN TAKE THE CREDIT BUREAU 30-60 DAYS TO ACTUALLY REMOVE IT FROM THEIR RECORDS |
| 04/01/2008 | D001 | ACCOUNT RECALLED FROM AGENCY | ACCOUNT RECALLED FROM ALLIANCE ONE |
| 04/01/2008 | D001 | SEE DOCKET TEXT | PARTY CAME INTO OFFICE RE AMT SENT TO ALLIANCE ONE - HAS APPEAL ON CASE 05-CF-013140 - PER DOUG, RECALL FROM ALLIANCE ONE |
| 02/21/2007 | D001 | MOTION | MOTN FOR CORRECTION,REDUCTION OR MODIFICATION OF ILLEGAL SENTENCE |
| 02/21/2007 | D001 | MOTION | MOTN TO VACATE OR SET ASIDE THE CONVICTION AND SENTENCE |
| 02/21/2007 | D001 | MOTION | MOTN FOR JDGMNT OF ACQUITTAL OR MOTN FOR NEW TRIAL |
| 02/21/2007 | D001 | SEE DOCKET TEXT | ALL MOTNS WERE FILED 1/29/07 BY THE DEFT PRO SE |
| 01/16/2007 | D001 | SENT TO COLLECTIONS - A1 | DO NOT ACCEPT PAYMENTS ON THIS CASE. SOME OR ALL OF THE COURT COSTS, FINES, AND/OR FEES ON THIS CASE HAVE BEEN SUBMITTED TO A COLLECTION AGENCY. PLEASE REFER CUSTOMER TO EITHER THE COLLECTIONS DEPARTMENT LOCATED IN ROOM 101 OF THE EDGECOMB BUILDING (PHONE#813-276-8100 EXT 3896) OR TO ALLIANCE ONE AT 1-877-541-8420 FOR DETAILS ON CURRENT AMOUNT DUE. |
| 09/29/2006 | D001 | FINAL NOTICE SENT | Docket entry for the letter produced from CLALMRG on 29-SEP-2006 by OWENSW. Recipients: , DENNIS B HUNT. |
| 08/16/2006 | D001 | ORDER: | ORDER DISMISSING MOTN FOR EMERG HRNG AND MOTN FOR LEAVE OF COURT SIGNED BY JUDGE LEFLER AND FILED 8/11/06 |
| 08/01/2006 | D001 | MOTION | FOR EMERGENCY HEARING @ MOTION FOR LEAVE OF COURT/FILED BY DEFENDANT DENNIS HUNT/NO MOH ATTACHED |
| 06/23/2006 | D001 | MOTION | MOTN FOR JDG THOMAS BARBER TO RECUSE HIMSELF FILED 6/20/06 BY DEFT PRO SE |
| 06/23/2006 | D001 | MOTION | MOTN TO DISQUALIFY JUDGE THOMAS BARBER FILED 6/20/06 BY DEFT PRO SE |
| 06/12/2006 | D001 | MOTION | PRO SE MOTION FOR JUDGE THOMAS BARBER TO RECUSE HIMSELF OR MOTION TO DISQUALIFY JUDGE THOMAS BARBER |
| 06/09/2006 | D001 | MOTION | PRO SE MOTION FOR CIRCUIT COURT TO ORDER ADDITIONAL COUNT COURT RECORDS AND TRANSCRIPTS FOR INCLUSION IN THE RECORD OF THE CIRCUIT COURT |

| Date | Party | Action | Description |
|---|---|---|---|
| | | | OF APPEALS- WAS FILED IN CIRCUIT COURT ON 3/31/06 |
| 05/22/2006 | D001 | MOTION | MTN FOR CRT TO TAKE NOTICE OF DEFT'S CHG OF ADD FOR RECEIPT OF MAIL AND SVC OF CRT PAPERS FILED BY DEFT PROSE |
| 05/22/2006 | D001 | NOTICE OF NEW ADDRESS FILED | |
| 03/07/2006 | D001 | ORDER: | ORDER DISMISSING MOTION FOR POST CONVICTION RELIEF |
| 10/31/2005 | D001 | LETTER OF TRANSMITTAL | RECORD SENT TO STATE ATTORNEY & PD. NCR |
| 10/27/2005 | D001 | APPEAL PREPARED | READY TO BE COPIED AND SENT OUT/ ked |
| 10/27/2005 | D001 | FEE LETTER SENT | |
| 10/26/2005 | D001 | SEE DOCKET TEXT | COLLECTIONS LETTER SENT IN ERROR - COLLECTION ACTIONS TO BE PUT ON HOLD UNTIL APPEAL IS OVER - DRB 12/29/2005 Docket entry for the letter produced from CLALMRG on 26-OCT-2005 by KRENN. Recipients: DENNIS B HUNT. |
| 10/26/2005 | D001 | TRANSCRIPT FILED | 6-6-05 AND 6-8-05: ALL TRANSCRIPTS IN APPEALS TO COMPLETE THE RECORD. JCC. |
| 09/26/2005 | D001 | REPORTER'S ACKNOWLEDGMENT | REPORTER'S ACKNOWLEDGMENT RECEIVED REPORT SERVED ON 9-9-05, NCR |
| 08/18/2005 | D001 | INDEX PREPARED | CAN'T SEND OUT WAITING ON TT'S FILE LOCATED IN DRAWER/ ked |
| 07/18/2005 | D001 | ORDER: | ORDER APPOINTING PUBLIC DEFENDER FOR APPEAL |
| 07/18/2005 | D001 | SEE DOCKET TEXT | ADJUDICATION OF INDIGENCY AND ORDER APPOINTING PUB DFDR SIGNED BY JUDGE BARBER |
| 06/29/2005 | D001 | *****NOTICE OF APPEAL FILED # | |
| 06/29/2005 | D001 | DESIGNATION TO CT REPORTER | |
| 06/29/2005 | D001 | JUDICIAL ACTS TO BE REVIEWED | |
| 06/29/2005 | D001 | WRITTEN DIRECTIONS TO CLERK | |
| 06/09/2005 | **General** | CASE STATUS UPDATED | |
| 06/08/2005 | D001 | ORDER/WITHHOLD ADJUDICATION | |
| 06/08/2005 | D001 | SEE DOCKET TEXT | ORDER GRANTING MOTION IN PART AND DENYING IN PART FILED IN COURT |
| 06/07/2005 | D001 | JURY TRIAL SET & NOTICE SENT | Event Scheduled,JTR,08-JUN-2005,09:00, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = GRIFFINM |
| 05/25/2005 | D001 | SUBPOENA RETURNED SERVED | SANDRA KELLAHER |
| 04/18/2005 | D001 | SUBPOENA RETURNED SERVED | MR. DAVID LINDSEY PILVER |
| 04/14/2005 | D001 | SUBPOENA RETURNED UNSERVED | LEFT AT PLACE OF EMPLOYMENT WITH DEBBIE BUCHAN (FOR HERBERT SOTO) |
| 04/11/2005 | D001 | JURY TRIAL SET & NOTICE SENT | Event Scheduled,JTR,06-JUN-2005,08:00, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = GRIFFINM |
| 04/11/2005 | D001 | PRETRIAL SET & NOTICE SENT | Event Scheduled,PTR,23-MAY-2005,13:30, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = GRIFFINM |
| 04/06/2005 | D001 | ADDITIONAL LIST OF | FILED IN COURT |

| | | WITNESSES | |
|---|---|---|---|
| 04/05/2005 | D001 | MOTION IN LIMINE | FILED BO SAO |
| 02/15/2005 | D001 | SUBPOENA RETURNED SERVED | MR DAVID LINDSEY PILVER |
| 02/15/2005 | D001 | SUBPOENA RETURNED SERVED | MR DAVID LINDSEY PILVER |
| 02/10/2005 | D001 | SUBPOENA RETURNED SERVED | |
| 02/10/2005 | D001 | SUBPOENA RETURNED UNSERVED | LEFT AT PLACE OF EMPLOYMENT WITH DESIG. PERSON |
| 02/09/2005 | D001 | SUBPOENA RETURNED SERVED | OFFICER HATHCOX |
| 02/08/2005 | D001 | JURY TRIAL SET & NOTICE SENT | Event Scheduled,JTR,04-APR-2005,08:00, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = GRIFFINM |
| 02/08/2005 | D001 | PRETRIAL SET & NOTICE SENT | Event Scheduled,PTR,22-MAR-2005,13:30, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = GRIFFINM |
| 02/01/2005 | D001 | EVENT DELETED | Event Deleted,JTR,14-FEB-2005,08:00:00, Judge:BARBER, THOMAS P, Room:CR20, Room Location:NT, User ID = MEDEIROS |
| 01/31/2005 | D001 | SUBPOENA RETURNED SERVED | TPD CHARLES HATHCOX 01-28-05 |
| 01/20/2005 | D001 | JURY TRIAL SET & NOTICE SENT | Event Scheduled,JTR,14-FEB-2005,08:00, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = GRIFFINM |
| 01/20/2005 | D001 | PRETRIAL SET & NOTICE SENT | Event Scheduled,PTR,01-FEB-2005,13:30, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = GRIFFINM |
| 01/19/2005 | D001 | SUBPOENA RETURNED SERVED | MR. HERBERT SOTO |
| 01/18/2005 | D001 | EVENT DELETED | Event Deleted,JTR,24-JAN-2005,08:00:00, Judge:BARBER, THOMAS P, Room:CR20, Room Location:NT, User ID = MEDEIROS |
| 01/07/2005 | D001 | EVENT MODIFIED | Event Change,JTR,24-JAN-2005,08:00:00, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = LOPRESTI |
| 01/07/2005 | D001 | EVENT MODIFIED | Event Change,PTR,18-JAN-2005,13:30:00, Judge:BARBER, THOMAS P., Room:CR20, Room Location:NT, User ID = LOPRESTI |
| 12/13/2004 | D001 | SUBPOENA RETURNED SERVED | OFFICER CHARLES HATHCOX |
| 12/10/2004 | D001 | SUBPOENA RETURNED SERVED | MR DAVID LINDSEY PILVER |
| 12/03/2004 | D001 | SUBPOENA RETURNED SERVED | OFFICER CHARLES HATHCOX |
| 11/24/2004 | D001 | JURY TRIAL SET & NOTICE SENT | Event Scheduled,JTR,24-JAN-2005,08:00, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 11/24/2004 | D001 | PRETRIAL SET & NOTICE SENT | Event Scheduled,PTR,18-JAN-2005,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 10/04/2004 | D001 | SUBPOENA RETURNED SERVED | H SOTO 09-30-04 |
| 09/30/2004 | D001 | SUBPOENA RETURNED SERVED | ME DAVID LINDSEY PILVER |
| 09/23/2004 | D001 | SUBPOENA RETURNED | |

| | | SERVED | |
|---|---|---|---|
| 09/08/2004 | D001 | JURY TRIAL SET & NOTICE SENT | Event Scheduled,JTR,29-NOV-2004,08:00, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 09/08/2004 | D001 | PRETRIAL SET & NOTICE SENT | Event Scheduled,PTR,23-NOV-2004,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 08/09/2004 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,08-SEP-2004,08:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = BENNIFIE |
| 07/14/2004 | **General** | CASE REOPENED | |
| 07/13/2004 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,03-AUG-2004,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = CORNELLA |
| 05/24/2004 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,30-JUN-2004,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 05/18/2004 | D001 | MOTION SET & NOTICE SENT | Event Scheduled,MOT,20-MAY-2004,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 05/06/2004 | D001 | MOTION/CLOSED CASE SET | Event Scheduled,MOC,14-MAY-2004,09:00, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = CASTELLA |
| 05/05/2004 | D001 | NOTICE OF HEARING: | MOTION FOR JUDGMENT OF ACQUITTAL OR MOTION FOR NEW TRIAL |
| 05/03/2004 | D001 | MOTION | DEFT'S MOTN FOR JUDGMENT OF ACQUITTAL OR MOTION FOR NEW TRIAL |
| 04/30/2004 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,20-MAY-2004,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = COLMERIC |
| 04/27/2004 | D001 | SEE DOCKET TEXT | DEFENDANT'S MOTION FOR JUDGEMENT OF ACQUITAL OR MOTION FOR NEW TRIAL |
| 03/03/2004 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,27-APR-2004,08:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 01/26/2004 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,02-MAR-2004,08:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 12/08/2003 | D001 | TO PAY SET - NOTICE SENT | Event Scheduled,TPA,21-JAN-2004,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 12/01/2003 | D001 | ORDER: | ORDER APPOINTING SPECIAL PUBLIC DEFENDER |
| 12/01/2003 | D001 | SEE DOCKET TEXT | NOTICE OF PRIOR COMPLIANCE |
| 11/13/2003 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,21-JAN-2004,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 11/05/2003 | D001 | NOTICE OF APPEARANCE: | FILED BY ATTY PEDRO AMADOR JR |
| 11/05/2003 | D001 | NOTICE OF DISCOVERY: | |
| 11/03/2003 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,12-NOV-2003,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 10/27/2003 | D001 | MOTION | DEF MOTION FOR CONTINUENCE OF HEARING |
| 10/24/2003 | D001 | EVENT DELETED | Event Deleted,MOC,03-NOV-2003,13:30:00, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = FELGER |
| 10/24/2003 | D001 | MOTION/CLOSED CASE SET | Event Scheduled,MOC,03-NOV-2003,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = FELGER |
| 10/23/2003 | D001 | NOTICE OF HEARING: | FILED WITH MOTION FOR NEW TRIAL/OR AMENDMENT TO MOTION FOR NEW TRIAL |
| 10/22/2003 | **General** | CASE STATUS UPDATED | |
| 10/22/2003 | D001 | MOTION | MOTION FOR JUDGMENT OF ACQUITTAL |
| 10/22/2003 | D001 | MOTION FOR NEW TRIAL | |
| 10/22/2003 | D001 | MOTION/CLOSED CASE SET | Event Scheduled,MOC,03-NOV-2003,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = CASTELLA |
| 10/22/2003 | D001 | NOTICE OF HEARING: | |

| Date | | Event | Details |
|------|------|-------|---------|
| 10/21/2003 | D001 | TO PAY SET - NOTICE SENT | Event Scheduled,TPA,04-DEC-2003,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 10/15/2003 | D001 | ORDER/WITHHOLD ADJUDCATION | |
| 10/01/2003 | D001 | SUBPOENA DUCES TECUM RETURNED | OFFICER CHARLES HATHCOX, TPD |
| 10/01/2003 | D001 | SUBPOENA RETURNED SERVED | |
| 10/01/2003 | D001 | SUBPOENA RETURNED SERVED | HERBERT SOTO |
| 09/22/2003 | D001 | NON-JURY TR SET & NOTICE SENT | Event Scheduled,NJT,15-OCT-2003,08:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 09/16/2003 | D001 | NOTICE OF RECIPROCAL DISCOVERY | |
| 09/11/2003 | D001 | NOTICE OF DISCOVERY: | |
| 08/27/2003 | D001 | NOTICE OF DISCOVERY: | |
| 08/25/2003 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,17-SEP-2003,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 08/21/2003 | D001 | RECEIPT | 21-AUG-2003,$40.00, User Id = ALLENE, Receipt No = 282775 |
| 08/20/2003 | D001 | AFFIDAVIT OF INDIGENCY | |
| 08/20/2003 | D001 | PUBLIC DEF APPL FEE IMPOSED S | $40.00 |
| 08/08/2003 | D001 | DISPOSITION SET & NOTICE SENT | Event Scheduled,DIS,20-AUG-2003,13:30, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = GRIFFINM |
| 07/14/2003 | D001 | NTA CALENDARED FOR ARRAIGNMENT | Event Scheduled,NTA,04-AUG-2003,08:00, Judge:NAZARETIAN, NICK, Room:CR21, Room Location:NT, User ID = MINGLE |
| 07/10/2003 | D001 | NOTICE TO APPEAR | |

# Scheduling

EXHIBIT # 26

Name: HUNT, DENNIS B

Person Id: @941721

Party: D001

Party Closed - Status: 06/08/2005

UCN: 292003MM018502D001TA

Case Number: 03-CM-018502

Case Created: 07/14/2003 Division: E

Case Closed - Status: 06/08/2005

Case Type Description: MISDEMEANOR

Court Type: COUNTY CRIMINAL

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | JURY TRIAL | 06/08/2005 | 09:00:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | JURY TRIAL | 06/06/2005 | 08:00:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | PRETRIAL | 05/23/2005 | 13:30:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Calendar Comments |
|---|
| DEFT APP WAIVED @ PTR |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | OTHER | 04/06/2005 | 07:00:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | JURY TRIAL | 04/04/2005 | 08:00:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
|  | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
|  | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | PRETRIAL | 03/22/2005 | 13:30:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
|  | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
|  | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | PRETRIAL | 02/01/2005 | 13:30:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
|  | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
|  | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | PRETRIAL | 01/18/2005 | 13:30:00 | BARBER | ANNEX 801 E TWIGGS, TAMPA | CR20 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
|  | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |
|---|---|---|---|

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | JURY TRIAL | 11/29/2004 | 08:00:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | PRETRIAL | 11/23/2004 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 09/08/2004 | 08:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A513717 | ASSISTANT STATE ATTORNEY | MORAGON, DIANA |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 08/03/2004 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 06/30/2004 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | MOTION HEARING | 05/20/2004 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 05/20/2004 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | MOTION/CLOSED CASE | 05/14/2004 | 09:00:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Calendar Comments |
|---|
| MOTION FOR JUDGMENT OF ACQUITTAL ORMOTION FOR NEW |

| TRIAL |
|---|

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 04/27/2004 | 08:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 03/02/2004 | 08:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | TO PAY | 01/21/2004 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A104426 | ASSISTANT STATE ATTORNEY | COLEMAN, BARBARA W |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 01/21/2004 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |
| | A7330 | PRIVATE ATTORNEY | AMADOR, PEDRO L |

| Case | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|

| Number | | | | | | |
|---|---|---|---|---|---|---|
| 03-CM-018502 | TO PAY | 12/04/2003 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A549835 | ASSISTANT STATE ATTORNEY | OVER, KRISTEN |
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 11/12/2003 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | MOTION/CLOSED CASE | 11/03/2003 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| Calendar Comments |
|---|
| MOTION FOR JUDGMENT OF ACQUITTALMOTION FOR A NEW TRIAL |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | NON-JURY TRIAL | 10/15/2003 | 08:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| | A549835 | ASSISTANT STATE ATTORNEY | OVER, KRISTEN |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
|---|---|---|---|---|---|---|
| 03-CM-018502 | DISPOSITION | 09/17/2003 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
|---|---|---|---|
| Yes | PD | ASSISTANT PUBLIC | PUBLIC, DEFENDER |

| | | DEFENDER | |
| --- | --- | --- | --- |
| | A549835 | ASSISTANT STATE ATTORNEY | OVER, KRISTEN |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
| --- | --- | --- | --- | --- | --- | --- |
| 03-CM-018502 | DISPOSITION | 08/20/2003 | 13:30:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
| --- | --- | --- | --- |
| | A549835 | ASSISTANT STATE ATTORNEY | OVER, KRISTEN |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

| Case Number | Event Description | Date | Start Time | Judge | Location | Room |
| --- | --- | --- | --- | --- | --- | --- |
| 03-CM-018502 | NTA-ARRAIGNMENT | 08/04/2003 | 08:00:00 | NAZARETIAN | ANNEX 801 E TWIGGS, TAMPA | CR21 |

| Attended | Person Id | Party | Name |
| --- | --- | --- | --- |
| Yes | @941721 | DEFENDANT 1 | HUNT, DENNIS B |

# Charge Status

Name: HUNT, DENNIS B    Person Id: @941721    Party: D001    Party Closed - Status: 06/08/2005

UCN: 292003MM018502D001TA    Case Number: 03-CM-018502    Case Created: 07/14/2003   Division: E    Case Closed - Status: 06/08/2005

Case Type Description: MISDEMEANOR    Court Type: COUNTY CRIMINAL

| CURRENT CHARGES | | | | | | | | DISPOSITION | |
|---|---|---|---|---|---|---|---|---|---|
| Offense Date | Count | Charge Code | GOC | Charge Description | Level | Plea Date | Plea | Date | Description |
| 07/05/2003 | 1 | 81008 1 - TRES1000 | | TRESPASS IN UNOCCUPIED STRUCTURE OR CONVEYANCE | MISDEMEANOR SECOND DEGREE | 10/15/2003 | NO PLEA | 06/08/2005 | ADJUDICATION WITHHELD |

## No Arrest Information on File

EXHIBIT
#27

## Sentence/Assessments

Name: HUNT, DENNIS B    Person Id: @941721    Party: D001    Party Closed - Status: 06/08/2005

UCN: 292003MM018502D001TA    Case Number: 03-CM-018502    Case Created: 07/14/2003    Division: E    Case Closed - Status: 06/08/2005

Case Type Description: MISDEMEANOR    Court Type: COUNTY CRIMINAL

| Assessments Total | Balance Due |
|---|---|
| $1,420.00 | $1,380.00 |

| Date | Count | Sentence Description | Sentence Text | Min | Max | Length |
|---|---|---|---|---|---|---|
| 06/08/2005 | 1 | COURT COSTS | $435.00 PER JUDGE BARBER | | | |

*EXHIBIT # 28*