UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HUNT,

   Plaintiff,　　　　　　　　　　Case No: 8:07-CV-1168-T-30TBM

vs.

LAW LIBRARY BOARD, NORMA J. WISE,
and DAVID L. PILVER,

   Defendants.
_____/

### DEFENDANT DAVID L. PILVER'S MOTION FOR STAY (WITHOUT BOND) OF PRETRIAL AND TRIAL PENDING OUTCOME OF APPEAL AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW Defendant David L. Pilver (herein, "Pilver") through his undersigned counsel and files his Motion for Stay of the Pretrial and the Trial, and of all further activity in this cause, and states:

  1. Undersigned counsel conferred with Plaintiff as required by Local Rule 3.01(g) in advance of the filing of this motion, and Plaintiff indicated he opposes the relief requested herein.

  2. On July 17, 2009 the Court denied Pilver's Motion for Summary Judgment on qualified immunity grounds. With due respect to the Court, Pilver has elected to present an interlocutory appeal of the Court's order.

  3. This case is set for a pretrial conference on August 5, 2009 and is on the September trial docket.

1

4. In Blinco v. Green Tree Servicing, 366 F.3d 1249, 1253 (11th Cir. 2004), the Eleventh Circuit held that, if a litigant files a motion to stay pending an appeal, "the district should stay the litigation so long as the appeal is non-frivolous."

5. The interlocutory appeal in this case is non-frivolous. At issue on appeal is the question of the applicability of the doctrine of qualified immunity, specifically as to the legal questions of whether Pilver's acts constituted a "mere mistake in judgment" to which qualified immunity applies, or alternatively whether the record indisputably establishes that Pilver was motivated in part by objectively valid reasons.

6. The U.S. Supreme Court has urged that courts resolve "qualified immunity questions"... "at the earliest possible stages of litigation." Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034, 3042-43 *fn.* 6, 97 L.Ed. 523 (1987). It stands to reason that resolving this case on appeal might be potentially more beneficial to Pilver than taking the case to a jury at this stage. The legal questions on appeal, though certainly guided by the Court's cited decisions and the bulk of the Court's rationale, appear to involve a close call, which before an appellate panel might well tend to favor applying qualified immunity to Pilver's actions.

7. No bond should be required, as decision adverse to Pilver on appeal will simply return this case to the trial docket, thus presenting no potential prejudice to Plaintiff.

8. Pilver thus requests the Court stay all further activity in this case until the appellate court renders its mandate.

Respectfully,

*Stephen M. Todd*
Stephen M. Todd
Senior Assistant County Attorney
Florida Bar No. 0886203
Hillsborough County Attorney's Office
Post Office Box 1110
Tampa, Florida 33601-1110
(813) 272-5670
Fax (813) 272-5758
todds@hillsboroughcounty.org
Attorney for David Pilver

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served to **Dennis Hunt, 2319 Nantucket Drive, Sun City Center, FL 33573-8005**, via Certified U.S. Mail, and via e-mail to **huntdennis2007@yahoo.com,**, on this 24th day of July 2009.

*Stephen M. Todd*
Stephen M. Todd